**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| CISCO SYSTEMS, INC. AND ACACIA COMMUNICATIONS, INC.,<br><br>     Plaintiffs and Counter-Defendants,<br><br>     v.<br><br>RAMOT AT TEL AVIV UNIVERSITY LTD.,<br><br>     Defendant and Counter-Claimant. | C.A. No. 22-674 (VAC)-CJB<br><br>JURY TRIAL DEMANDED |

**OPENING BRIEF IN SUPPORT OF RAMOT'S**
**MOTION TO DISMISS AND TRANSFER**

*Of Counsel:*

Denise M. De Mory
Corey Johanningmeier
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA  94063
(650) 351-7248


Dated:  August 22, 2022

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant and*
*Counter-Claimant*

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   THE COURT HAS BROAD DISCRETION TO DECLINE DJ JURISDICTION ........... 4

III.  DISMISSAL WOUD NOT FRUSTRATE ANY LEGITIMATE PURPOSE ................. 5

      A.    Forum shopping is not a legitimate purpose for a declaratory suit ........................ 5

      B.    Cisco and Acacia will not be prejudiced by dismissal here .................................. 8

IV.   CIRCUMSTANCES WARRANT TRANSFER TO TEXAS ........................................... 9

      A.    Judicial familiarity with Ramot's patent family supports venue in Texas ............ 11

      B.    The other transfer factors also support venue in Texas ....................................... 12

      C.    The anticipatory nature of Cisco's suit excepts it from the first-filed rule ........... 14

V.    CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

*909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290 (S.D. Tex. 1990) ........................................................................................ 7

*AbbVie Inc. v. Alvotech hf.*, C.A. No. 21-C-2258, 2021 WL 3737733 (N.D. Ill. Aug. 23, 2021) ...................................................................................... 9

*American Employers' Ins. Co. v. Eagle Inc.*, 122 Fed. App'x. 700 (5th Cir. 2004) ............................................................................................................ 15

*Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350 (S.D.N.Y. 1992) ........................................................................................... 10

*Cashedge, Inc. v. Yodlee, Inc.*, C.A. No. 06–170–JJF, 2006 WL 2038504 (D. Del. Jul. 12, 2006) ................................................................................... 12

*Cisco Sys. Inc. et al. v. Ramot at Tel Aviv Univ. Ltd.*, C.A. No. 21-1365-(VAC)-CJB ("2021 Delaware DJ Action") ........................................... 1, 3, 5

*Commc'ns Test Design, Inc. v. Contee, LLC*, 952 F.3d 1356 (Fed. Cir. 2020) ..................................................................................................... passim

*Corixa Corp. v. IDEC Pharmaceuticals Corp.*, C.A. No. 01-615-GMS, 2002 WL 265094 (D. Del. Feb. 25, 2002) ................................................... 13

*Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998) ................................. 9

*DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591 (N.D. Tex. 2003) ............................................................................................................ 11

*Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341 (Fed. Cir. 2005) ......................................... 5, 10

*EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996) ............................................................ 4

*Equal Employment Opportunity Commission v. University of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988) ........................................................................... 7

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993) .................................. 5, 10

*H.J. Heinz Co. v. Owens*, 189 F.2d 505 (9th Cir. 1951) ................................................................... 7

*In re Amperex Tech. Ltd.*, No. 2022-105, 2022 WL 135431 (Fed. Cir. Jan. 14, 2022) .................................................................................................... 7, 15

*In re Cisco Systems, Inc.*, 834 Fed. Appx. 571 (Fed. Cir. 2020) ................................................... 1

*In re Nitro Fluids, LLC*, 978 F.3d 1308 (Fed. Cir. 2020) ..................................... 2, 10, 13, 14

*International Union v. Dana Corp.*, No. 3:99-CV-7603, 1999 WL
    33237054 (N.D. Ohio 1999) ................................................................... 15

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) .................................................... 13, 14

*Kahn v. Gen. Motors Corp.*, 889 F.2d 1078 (Fed. Cir. 1989) ........................................................ 10

*Kerotest Mfg. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1951) ................................... 11, 15

*Kmart Corp. v. Key Industries, Inc.*, 877 F. Supp. 1048 (E.D. Mich. 1994) ............................... 15

*Levitt v. Maryland Deposit Insurance Fund Corp.*, 643 F. Supp. 1485
    (E.D.N.Y. 1986) ................................................................................................. 12

*Mallinckrodt v. E–Z Em Inc.*, 670 F. Supp. 2d 349 (D. Del. 2009) ............................................. 12

*Medidata Solutions, Inc. v. DATATRAK Intern., Inc.*, C.A. No. 12-4748
    (WJM), 2013 WL 1989854 (D.N.J. May 13, 2013) ........................................... 11

*Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008) ............................ 10, 13

*Mobility Electronics, Inc. v. American Power Conversion Corp.*, C.A. No.
    07-cv-83, 2007 WL 9724768 (E.D. Tex. Oct. 10, 2007) ................................... 9, 12

*Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795 (E.D.
    Tex. 2006) ......................................................................................................... 9

*New Orleans Public Serv. Inc. v. Majoue*, 802 F.2d 166 (5th Cir. 1986) ...................................... 7

*Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982) ..................................... 7

*Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*, C.A. No. 19-cv-
    225-JRG (E.D. Tex.) ("2019 Texas Action") ............................................ passim

*Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*, C.A. No. 22-cv-
    168-JRG (E.D. Tex.) ("2022 Texas Action") ............................................ passim

*Ramot at Tel Aviv University Ltd., v. Acacia Communications, Inc.*, 1:21-
    cv-00295-(VAC) (D. Del. Sept. 3, 2021) ........................................................... 6

*Samsung Electronics Co., Ltd. et al. v. Netlist, Inc.*, C.A. No. 21-1453-
    RGA, 2022 WL 3027312 (D. Del. Aug. 1, 2022) ....................................... 3, 5, 8

*Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037 (Fed. Cir. 1995) .................................................... 4

*Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383 (5th Cir. 2003) .................................... 6, 15

*Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994
    (E.D. Tex. 1993) ............................................................................................... 7

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ............................................................................ 4

*Woodbolt Distribution, LLC v. Natural Alternatives Intern., Inc.*, No. 11–
    1266 GMS, 2013 WL 247041 (D. Del. Jan. 23, 2013) ................................................. 4, 5

## I.    INTRODUCTION

Ramot has been attempting to hold Cisco accountable for infringing Ramot's family of optical modulator patents for a long time.  In response, Cisco has filed seventeen different proceedings in and appeals from the Patent Office concerning this patent family, without finally invalidating any claim.  Ramot previously litigated three of those patents against Cisco in the Eastern District of Texas—proceeding through discovery, claim construction, expert discovery, dispositive motions, and pre-trial disclosures.  *Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*, C.A. No. 19-cv-225-JRG (E.D. Tex.) ("2019 Texas Action").  The 2019 Texas Action is now stayed pending *ex parte* reexaminations of the three patents asserted there—proceedings Cisco only filed after its first batch of *inter partes* reviews and appeals were denied.[1]  New continuation patents have issued in the meantime, and they are also infringed.

Cisco and Acacia filed this action at 12:01 am on the day Ramot's new '998 Patent was supposed to issue—solely and indisputably for the purpose of preempting Ramot's filing of an infringement action in its initial chosen venue in the Eastern District of Texas.  This was the second issue-day declaratory judgment action Cisco has filed.  Cisco made the same venue pre-emptive filing here when Ramot's related '872 Patent was due to issue on Sept. 28, 2021.[2]  Cisco rushed to this Court needlessly the first time, as Ramot did not in fact have a suit waiting to be triggered with respect to the '872 Patent—although it has since counterclaimed to preserve its rights.  After

---

[1] *See, e.g.*, IPR2020-00484, Paper 10, Decision Denying Institution (PTAB Aug. 18, 2020) ("We have reviewed the Petition and determine that its merits are not particularly strong here."); *In re Cisco Systems, Inc.*, 834 Fed. Appx. 571, 574 (Fed. Cir. 2020) ("While Cisco prefers to raise those arguments before the Board, it has no clear and indisputable right to do so.").

[2] A substantially identical version of this Motion is also being filed in *Cisco Sys. Inc. et al. v. Ramot at Tel Aviv Univ. Ltd.*, C.A. No. 21-1365-(VAC)-CJB ("2021 Delaware DJ Action").  That case is a nearly identical action previously brought by Cisco and Acacia, seeking declaratory judgment of non-infringement of Ramot's '872 Patent—the immediate parent to the '998 Patent here.  The facts supporting the Motion are the same in both cases, and Ramot respectfully suggests that they can and should be decided together and on the same basis.

observing Cisco's first issue-day filing, however, Ramot did prepare a complaint the next time a patent was expected to issue, and did sue Cisco in Texas for infringement of the '998 Patent on the day it issued.  That suit was filed just over an hour after Cisco filed here, Ramot having first verified via the USPTO website that the patent had indeed issued.  *Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*, C.A. No. 22-cv-168-JRG (E.D. Tex.) ("2022 Texas Action").

As Cisco and Acacia will argue, their declaratory suits are indeed first in absolute time. But the "first-to-file" rule analysis does not turn merely on an undesirable race to hit the "file" button, with the mechanical awarding of venue to the winner.  Courts in this district—as well as the Federal Circuit and elsewhere—recognize a "compelling circumstances" exception to proceeding in the first-filed court.  *See, e.g.*, *In re Nitro Fluids, LLC*, 978 F.3d 1308, 1311, fn. 2 (Fed. Cir. 2020).  Compelling circumstances—here including judicial efficiency and familiarity, the solely anticipatory nature of the declaratory suits, and the balance of the *Jumara* transfer factors—support discretionary dismissal of Cisco's and Acacia's declaratory claims and transfer of Ramot's infringement allegations against Cisco to Texas, where Judge Gilstrap has already presided over related litigation and construed claims of related patents.

In addition to the discretion the Court enjoys in deciding where competing cases are to be heard pursuant to the first-to-file rule and its exceptions, the Court has broad discretion to decide whether to take jurisdiction at all over Cisco's and Acacia's declaratory judgment case.  The Federal Circuit recently emphasized this point: "When one of two competing suits in a first-to-file analysis is a declaratory judgment action, district courts enjoy a double dose of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action and discretion when considering and applying the first-to-file rule and its equitable exceptions." *Commc'ns Test Design, Inc. v. Contee, LLC*, 952 F.3d 1356, 1362-63 (Fed. Cir. 2020).

Neither party believes that litigation over Cisco's infringement of the '998 and '872 Patents

should proceed in both Texas and Delaware.  In addition to its preemptive declaratory suits, Cisco has moved to transfer the 2022 Texas Action here.  *See* C.A. No. 22-cv-168-JRG, D.I. 13, 20, 22, and 24 (attached hereto as Johanningmeier Decl., Exhs. A to D).  Ramot has opposed that motion, and hereby moves to transfer its allegations against Cisco in this case (and the 2021 Delaware DJ Action) to Texas.  A straightforward choice of where to proceed is presented to the two courts. The efficiency and convenience factors influencing that choice—favoring Texas and a judge already experienced with these patents and the parties' disputes—are detailed herein.

As luck would have it, nearly identical circumstances have recently presented themselves in another set of cases, resolved by Judge Andrews and Judge Gilstrap in a manner that Ramot respectfully suggests should be beneficially followed here.  *Samsung Electronics Co., Ltd. et al. v. Netlist, Inc.*, C.A. No. 21-1453-RGA, was also a Delaware DJ suit competing with a second-filed infringement suit in the Eastern District of Texas.  *See* 2022 WL 3027312 at *3-5 (D. Del. Aug. 1, 2022).  Judge Andrews resolved the judicial comity concerns behind the first-to-file rule, and any dispute about which court should decide, by speaking directly with Judge Gilstrap about the cases. *See id.* at *3, fn. 6.  Then, after noting the broad discretion district courts enjoy over requests for declaratory judgment, Judge Andrews declined to take declaratory jurisdiction over those patents being litigated in Texas—and dismissed those declaratory claims here in Delaware.  *Id.* at *3.

The same result should occur here.  Because Judge Gilstrap has already presided over litigation between Ramot and Cisco over related parent patents—construing similar claims and resolving disputes between the same parties that might otherwise recur—the Eastern District of Texas is the most efficient and convenient location for litigation between Ramot and Cisco over Ramot's continuation patents.  It is entirely within this Court's discretion to decline to take jurisdiction—over Cisco's and subsidiary Acacia's attempt to preempt infringement suits elsewhere via their midnight declaratory filing here.  Cisco cannot identify any legitimate reason,

consistent with the purposes of the Declaratory Judgment Act, to begin again with a new judge in a new venue.  And it is consistent with the purposes of judicial comity, and the goal of efficient dispute resolution that motivates the "first-to-file" rule, for this Court to defer to the Texas court's experience with this patent family and the numerous prior disputes between the parties.

## II.    THE COURT HAS BROAD DISCRETION TO DECLINE DJ JURISDICTION

District courts enjoy "unique and substantial discretion in deciding whether" to take jurisdiction and "declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995); *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) ("there is no absolute right to a declaratory judgment, for the statute specifically entrusts courts with discretion to hear declaratory suits or not depending on the circumstances").  Such decisions to dismiss declaratory actions are reviewed only for abuse of discretion. *Wilton*, 515 U.S. at 289.

The circumstances under which this Court can elect to dismiss this case are also broad, and include "considerations of practicality and wise judicial administration." *Id.* at 288.  While dismissing on a whim is not permitted, no more is required than a sound reason "in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (Fed. Cir. 1996).  For instance, the Court may simply "consider 'whether [their] investment of time and resources will be worthwhile.'" *Woodbolt Distribution, LLC v. Natural Alternatives Intern., Inc.*, No. 11–1266 GMS, 2013 WL 247041 at *1 (D. Del. Jan. 23, 2013) (*quoting Serco*, 51 F.3d at 1039).  In particular, this Court may consider whether investment of time and resources learning the subject patent family, construing similar claim terms, and catching up on the parties' disputes is worthwhile given that Judge Gilstrap has already made that investment—while presiding over the prior (currently stayed) lawsuit all the way through pre-trial disclosures.

When a DJ action is competing with an infringement action in another forum, as here,

courts seek to combine all disputes from common subject matter in a single lawsuit, rather than permit inefficient parallel proceedings and risk inconsistent judgments. *Id.* "The forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993) ("The trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served"). In other words: "Exceptions [to the first filed-rule], however, are not rare, and are made when justice or expediency requires, as in any issue of choice of forum." *Id.* at 937.[3]

## III. DISMISSAL WOUD NOT FRUSTRATE ANY LEGITIMATE PURPOSE

Neither Cisco nor Acacia would be prejudiced, and no legitimate purpose would be frustrated, by the Court dismissing their declaratory claims here in view of the 2022 Texas Action. "Declining to exercise jurisdiction in this case does not subvert the purposes of the Declaratory Judgment Act, which, 'in patent cases[,] is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights.'" *Samsung*, 2022 WL 3027312 at *3 (*quoting Commc'ns Test Design*, 952 F.3d at 1362). There is no such purpose to be served here.

### A. Forum shopping is not a legitimate purpose for a declaratory suit

Cisco and Acacia did not file declaratory judgment actions in Delaware to seek "relief from uncertainty and delay" regarding their infringement—but rather filed here (at 12:01 am on the day of scheduled issuance of the '998 patent) solely in anticipation of, and attempting to preempt, Ramot's suit elsewhere. Indeed, as mentioned above this is the second time Cisco has filed here before the virtual ink was dry on a new Ramot patent. *See, e.g.*, C.A. No. 21-1365-(VAC)-CJB,

---

[3] Delaware courts have recognized that the Federal Circuit applies its own law, rather than the law of the regional circuits, to the application of the first-filed rule in patent infringement actions. *See, e.g.*, *Woodbolt*, 2013 WL 247041 at *1, fn. 2 (citing cases); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005).

D.I. 1 at ¶ 2 ("a copy of the '872 patent is not yet available from the United States Patent and Trademark Office ("USPTO") in downloadable form"). Whatever Cisco's reasons to stay up late and file at midnight in Delaware—whether hoping for a slower schedule or greater amenability to stays in view of Patent Office proceedings, or perhaps seeking different judicial results on some of Cisco's lost claim construction proposals or motion arguments from the Texas case—no such reasons are consistent with the purposes of the Declaratory Judgment Act.

In view of the facts surrounding its filing, Cisco cannot claim a desire or need to resolve any dispute via declaration without waiting to be sued. Courts recognize urgency of resolution as a legitimate purpose for a declaratory suit, but it doesn't exist here. *See, e.g.*, *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 397 (5th Cir. 2003) ("to allow potential defendants to resolve a dispute without waiting to be sued"). Cisco's only urgency here was in avoiding Ramot's intended venue—as it was already expecting to get sued in Texas, and intended to use the first-to-file rule to frustrate that venue choice. There is no other reasonable explanation for the midnight filing.

Cisco's and Acacia's lack of interest in speedy judicial determination of their infringement is also apparent from their actions when actually faced with Ramot's allegations of infringement of ancestor patents. Cisco moved to stay the 2019 Texas Action three times—before achieving a stay weeks before trial. *Ramot at Tel Aviv University Ltd., v. Cisco Systems, Inc.*, C.A. No. 19-cv-225-JRG, D.I. 235 (E.D. Tex. Jan 13, 2021). When Acacia was sued for infringing the same patents in Delaware, it immediately moved for and obtained a stay. *Ramot at Tel Aviv University Ltd., v. Acacia Communications, Inc.*, C.A. No. 21-295-(VAC), D.I. 23 (D. Del. Sept. 3, 2021). Cisco and Acacia do not want an infringement trial—Ramot does. Cisco's actions show that it instead desires to park district court cases wherever it can, whilst serially re-asking the Patent Office to invalidate Ramot's patents. So far, Cisco and Acacia have filed six *inter partes* review petitions, four Federal Circuit appeals from denial of the first batch of IPRs, and seven *ex parte*

6

reexamination requests on Ramot's optical modulator patent family. Cisco's and Acacia's purpose in filing for declaratory judgment of non-infringement here—after seeking to stay all past allegations of infringement of related patents—was solely anticipatory forum shopping.

"The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." *New Orleans Public Serv. Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986) (*quoting H.J. Heinz Co. v. Owens*, 189 F.2d 505, 508 (9th Cir. 1951)). "We have recognized that the first-to-file rule is not absolute, that a declaratory judgment action in particular may even be dismissed though filed first, and that ***a 'court may consider whether a party intended to preempt another's infringement suit*** … .'" *In re Amperex Tech. Ltd.*, No. 2022-105, 2022 WL 135431, at *2 (Fed. Cir. Jan. 14, 2022) (emphasis added). When a solely anticipatory purpose is determined, courts often dismiss declaratory actions—as this Court should here. *See, e.g.*, *909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292-93 (S.D. Tex. 1990) ("a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction"). And as explained below, a sole purpose of forum shopping is also a recognized and oft-applied basis for exception from the first-to-file rule. *See, e.g.*, *Equal Employment Opportunity Commission v. University of Pennsylvania*, 850 F.2d 969, 976-77 (3d Cir. 1988) ("when the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another").

Cisco's Delaware declaratory non-infringement suits are clearly "no more than a race to the courthouse" and "further[] none of the purposes of a declaratory judgment action." Rather they exist solely to deny "the injured party the right to choose the forum in which to seek redress." *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997-98 (E.D. Tex. 1993); *see also Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir. 1982) ("In contrast to those policies, [Cisco]'s declaratory judgment action multiplies litigation. It does not shield

7

[Cisco] from an unfair threat of an infringement action, but attempts to remove ongoing litigation from the forum chosen by the plaintiff."). Because Cisco and Acacia's declaratory judgment claims serve no legitimate purpose under the Declaratory Judgment Act, they can and should be dismissed in this Court's broad discretion.

### B.    Cisco and Acacia will not be prejudiced by dismissal here

There is no prejudice to Cisco or Acacia in dismissing their declaratory infringement claims here. Cisco is "litigating the same claims against the same patentee in another forum." *Samsung*, 2022 WL 3027312 at *3. Ramot's '998 Patent counterclaim against Cisco here asserts the same patent claims against the same products as its Complaint in the 2022 Texas Action. Accordingly, that counterclaim can be transferred, or alternatively just dismissed, with no effect on Cisco other than resolution of the presented choice between two possible venues.

Acacia has claimed that it is not subject to venue in the Eastern District of Texas. *See* C.A. No. 22-cv-168-JRG, D.I. 21, at 2-3, 6-7 (attached hereto as Johanningmeier Decl., Exh. E). But Acacia is also not a necessary party in that litigation. *Id.*, D.I. 25 (Exh. F). It also has no independent interest that warrants a separate proceeding in Delaware to resolve. Indeed, Acacia was sued here by Ramot while it was still an independent company, and then post-acquisition, Cisco and Acacia jointly sought and obtained a stay of those infringement allegations.

No different interest could conceivably exist here. To the extent Acacia claims to have any unique position vis-a-vis its parent, it could choose to participate in the 2022 Texas Action by intervening. *Id.* As seen by the Complaint here, Acacia claims the same interests and takes the same positions as Cisco. *See, e.g.*, D.I. 1 at 1 ("In support of this Complaint for Declaratory Judgment, Plaintiffs Cisco and Acacia allege as follows:"); D.I. 14 ("Cisco and Acacia"). Indeed, specifically in the patent context, courts have held that a parent corporation is presumed to "adequately protect the interests of its wholly-owned subsidiary." *See AbbVie Inc. v. Alvotech hf.*,

C.A. No. 21-C-2258, 2021 WL 3737733, at *9 (N.D. Ill. Aug. 23, 2021) (*citing Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1272 (Fed. Cir. 1998)).  Cisco can represent the interests of itself and its subsidiary in Texas as well as here.  Acacia won't be prejudiced even if only participating in the 2022 Texas Action under subpoena—as it did in Ramot's prior case against Cisco before it was acquired—or through its now parent Cisco's defense of Cisco's infringement.

In summary, this Court should exercise its broad jurisdictional discretion and decline to preside over Cisco and Acacia's declaratory claims here.  This result is supported by the Texas Court's familiarity and experience with this patent family and the history of disputes between the parties, the solely anticipatory forum-shopping nature of this suit and its lack of legitimate purpose under the Declaratory Judgements Act, and the lack of prejudice to the parties.  In addition, the convenience factors discussed below weigh in favor of dismissal of this action in favor of proceeding with the 2022 Texas Action.

## IV.    CIRCUMSTANCES WARRANT TRANSFER TO TEXAS

Courts can and do transfer actions to second-filed venues whenever "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require." *Genentech*, 998 F.2d at 937.  The circumstances courts look to in analyzing whether to transfer are numerous, and many are present here.  *See, e.g.*, *Elecs. for Imaging*, 394 F.3d at 1347-48 ("whether a party intended to preempt another's infringement suit," "convenience and availability of witnesses," "possibility of consolidation with related litigation").

The first and perhaps most significant compelling circumstance justifying transfer here is judicial familiarity and experience with the subject patent family and the ongoing disputes between the parties.  *See, e.g.*, *Mobility Electronics, Inc. v. American Power Conversion Corp.*, C.A. No. 07-cv-83, 2007 WL 9724768 at *3-4 (E.D. Tex. Oct. 10, 2007) (*citing Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 802 (E.D. Tex. 2006)); *Capitol Records, Inc. v. Optical*

*Recording Corp.*, 810 F. Supp. 1350, 1354-55 (S.D.N.Y. 1992) (noting that "[j]udicial economy is a factor of substance that weighs heavily in favor of departing from the first-filed rule," and transferring patent case to judge with "experience and familiarity with the patents.").   Judge Gilstrap is the most efficient choice to continue to preside over these matters given the substantial investment he has already made in the predecessor action.  The 2019 Texas Action was filed three years before this one, and proceeded all the way through pre-trial disclosures before being stayed.

Second, the balance of the convenience transfer factors can, and does here, provide compelling circumstances justifying an exception to the first-filed rule.  *See, e.g.*, *Nitro Fluids*, 978 F.3d at 1311.  The Federal Circuit has said that when a district court analyzes whether to decline jurisdiction over a first-filed declaratory judgment action in favor of a later-filed patent infringement action in another forum, it can "weigh the factors used in a transfer analysis as for any other transfer motion."  *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) ("the trial court weighing jurisdiction additionally must consider the real underlying dispute: the convenience and suitability of competing forums").  "[C]onsideration of these factors will reduce the incentives for a race to the courthouse because both parties will realize that the case will be heard or transferred to the most convenient or suitable forum."  *Id.* at 905.  Here, as shown below, the balance of the *Jumara* factors—which of course also include judicial familiarity and administrative convenience—weighs heavily toward transfer to Texas.

Finally, and as discussed above, a compelling "sound reason" supporting exception to the first-to-file would be a situation in which "forum shopping" was the sole motivation for the filing of the first case.  *Genentech*, 998 F.2d at 937-38; *see also Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) "[A] district court may consider whether a party intended to preempt another's infringement suit."  *Elecs. for Imaging*, 394 F.3d at 1347.  Cisco's and Acacia's purely anticipatory filing was for a disfavored purpose, having nothing to do with any legitimate purpose

of the Declaratory Judgment Act, and this also warrants departure from the first-filed rule.

As discussed further herein, each of these compelling circumstances are present here. They each, and together, warrant an exception to the first-to-file rule so that Ramot's infringement claims against Cisco can be consolidated in the Eastern District of Texas where they began. And the "possibility of consolidation with related litigation" is a further compelling circumstance warranting exception to the first-to-file rule. *Commc'ns Test Design*, 952 F.3d at 1362.

### A.   Judicial familiarity with Ramot's patent family supports venue in Texas

Judicial familiarity with the patent family at issue has often been deemed a compelling circumstance counseling against mechanical application of the first-to-file rule. *See, e.g.*, *Mobility Electronics*, 2007 WL 9724768 at *3-4 ("federal courts will recognize the wisdom of allowing a judge who has familiarity with the subject matter at issue to preside over subsequent litigation"); *Medidata Solutions, Inc. v. DATATRAK Intern., Inc.*, C.A. No. 12-4748 (WJM), 2013 WL 1989854 at *5 (D.N.J. May 13, 2013) ("whether there is a related case" that is "the more appropriate vehicle to litigate the issues between the parties"). The benefits to judicial economy and avoidance of competing results grow even stronger when, as here, there is other pending litigation within a patent family before the same judge. *See, e.g.*, *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 595-97 (N.D. Tex. 2003) (noting also the importance of uniformity in claim construction "addressed by the Supreme Court in *Markman*"). Consolidation of related patent cases before a single judge with familiarity promotes "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation"—which is the ultimate goal. *Kerotest Mfg. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1951).

Experience with related litigation is a strong reason supporting transfer, out of concern judicial efficiency and conservation of resources. *Id.*; *DataTreasury*, 243 F. Supp. 2d at 595; *Levitt*

*v. Maryland Deposit Insurance Fund Corp.*, 643 F. Supp. 1485, 1493 (E.D.N.Y. 1986) ("Transfer is particularly appropriate where there is a prior pending lawsuit in the transferee district involving the same facts, transactions, or occurrences."). Both Delaware and Texas cases are in accord: "In an instance where related litigation in a transferee forum involves the same parties, similar technologies, and a common field of prior art, this Court has previously held that transfer is appropriate in the interests of justice." *Mallinckrodt v. E–Z Em Inc.*, 670 F. Supp. 2d 349, 357–58 (D. Del. 2009); *Cashedge, Inc. v. Yodlee, Inc.*, C.A. No. 06–170–JJF, 2006 WL 2038504, at *2 (D. Del. Jul. 12, 2006); *Mobility Electronics*, 2007 WL 9724768 at *3-4 ("considerations of judicial and litigant economy, and the just and effective disposition of disputes").

Judge Gilstrap presided over litigation of three related patents through discovery, claim construction, expert disclosure, motions, and pre-trial filings to within weeks of trial—before the Court granted Cisco's third motion to stay (pending *ex parte* reexamination). *Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*, C.A. No. 19-cv-225-JRG, D.I. 235 (E.D. Tex. Jan. 13, 2021). Those ancestor patents share a specification, and indeed many claim elements, with the newly-issued '998 Patent here. That case is still pending. *Id.* at D.I. 241. And while Cisco has acquired former third-party supplier Acacia Communications for $4.5 billion, and has released new accused products, since the 2019 Texas Action was stayed—substantial overlap with that litigation is inevitable with respect to at least infringement and invalidity theories, claim construction arguments, and damages models. There would be substantial and undeniable benefits to judicial and party economy in proceeding with litigation over Ramot's newly issued patents in the Eastern District of Texas as well. Cisco cannot show otherwise.

### B.    The other transfer factors also support venue in Texas

Courts often look to the § 1404(a) convenience factors in determining whether to order an exception from mechanical application of the first-to-file rule. "'[T]rial courts have discretion to

make exceptions to this general rule in the interest of justice or expediency,' and we have recognized that such 'exceptions are not rare.'" *Commc'ns Test Design*, 952 F.3d at 1362 (*quoting Micron*, 518 F.3d at 904). Establishing a favorable balance of factors is not required to avoid the first-to-file rule, but when "the balance of convenience favors the second-filed action," it "can be" the basis for an exception to the rule. *See Nitro Fluids*, 978 F.3d at 1311. Here, the balance of factors typically used by Delaware courts to analyze § 1404(a) transfer requests clearly favors transfer and further proceedings between Ramot and Cisco solely in Texas. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).[4]

With respect to the public interest factors, enforceability, local interest, and public policies of the forum are neutral, as this is a patent case between national and international parties, implicating the same infringement—and local interests and policies against it—in both Texas and in Delaware. *See, e.g.*, C.A. No. 22-cv-168-JRG, D.I. 27 at ¶¶10-15 (Johanningmeier Decl., Exh. G). Cisco is at home both in Texas (place of business) and Delaware (incorporation), Ramot in neither. *Id.* at ¶¶8, 11. As in *Corixa Corp. v. IDEC Pharmaceuticals Corp.*, these patents and their infringement are not "a local controversy unique to Delaware." C.A. No. 01-615-GMS, 2002 WL 265094 at *5 (D. Del. Feb. 25, 2002).

The Texas Court's prior experience—including claim construction and other rulings—

---

[4] The private factors are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the witnesses, to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the convenience of the parties as indicated by their relative physical and financial condition; and (6) the location of books and records, to the extent that the files could not be produced in the alternative forum. The public factors include: (7) the enforceability of the judgment; (8) the practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the applicable state law in diversity cases. *Id.*

concerning other patents in this family plainly and strongly supports venue in Texas under the practical considerations and administrative difficulty factors. Even without resort to venue time-to-trial statistics[5]—judicial familiarity will almost certainly enable proceedings in Texas to be both faster and more efficient administratively. The public interest factors weigh strongly for transfer.

Regarding the private interest factors, the competing forum choices of the parties at best offset. The cases arose everywhere that Cisco has customers for its infringing products, and so this factor is also at best neutral. The parties have already demonstrated, through discovery and pretrial proceedings in the 2019 Texas Action, that the sources of proof and necessary witnesses are available and amenable to attendance at trial in Texas. Cisco cannot show that any of its proof or witnesses are resident in or more available in Delaware. Several of Ramot's likely witnesses, including inventor Dr. Ehrlichman in California as well as Ramot's corporate representative and both experts in the prior stayed case, are resident in the Western or Mid-Western United States (*see* D.I. 1 at ¶111), making Texas geographically more convenient to attend than Delaware. Cisco is based in California (id. at ¶103) and has substantial offices in Eastern Texas. Trial in Texas is more convenient for both parties, even before counting efficiencies arising from the prior case.

The balance of the *Jumara* factors under § 1404(a) strongly favors venue in the Eastern District of Texas. Cisco cannot show otherwise. Accordingly, the balance of convenience factors here provides additional compelling circumstances justifying an exception to the first-to-file rule. *See, e.g.*, *Nitro Fluids*, 978 F.3d at 1311.

### C.    The anticipatory nature of Cisco's suit excepts it from the first-filed rule

As discussed above, anticipatory filing solely to preempt the patent owner's choice of

---

[5] Median time-to-trial in civil cases is currently 36 months in Delaware and 24.5 months in the Eastern District of Texas. *See* U.S. District Courts-Combined Civil and Criminal Federal Court Management Statistics, Admin. Off. of U.S. Cts. (June 30, 2022), *available at* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2022/06/30-2.

venue—as indisputably occurred here—is not a legitimate purpose under the Declaratory Judgment Act, and is also an established factor supporting exception to the first-filed rule, particularly when other considerations are also present. *See, e.g.*, *Commc'ns Test Design*, 952 F.3d at 1362-65 (finding that "regardless of [filing party's] motive or intent," no abuse of discretion to consider anticipatory nature of suit as revealed from communications and conduct); *In re Amperex*, 2022 WL 135431, at *2 ("intended to preempt another's infringement suit").[6]

Here, Cisco can't provide any legitimate reason at all to be in court in Delaware rather than Texas—other than that it prefers to, and it filed at 12:01 am hoping to preemptively secure that result. Cisco's midnight filing here was not an ordinary declaratory judgment case, but rather a purely anticipatory forum-grab of the sort courts often find to warrant an exception to the first-to-file rule. *Kerotest*, 342 U.S. at 185 ("The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give (it) a paramount right to choose the forum for trying out questions of infringement and validity.").

For all of these reasons, the Court should find that Ramot has established compelling circumstances here, supporting an exception to operation of the first-to-file rule.

## V.    CONCLUSION

Ramot respectfully requests that the Court decline to take jurisdiction over, and dismiss, Cisco's and Acacia's claims for declaratory judgment. Ramot also requests that the Court transfer its counterclaim against Cisco to be consolidated with the 2022 Texas Action, and dismiss its

---

[6] In *Sherwin-Williams*, 343 F.3d at 397, the court looked to whether the sole purpose of the suit was "improper 'procedural fencing' undermining 'the wholesome purposes' of declaratory actions" *Id.*; *see also American Employers' Ins. Co. v. Eagle Inc.*, 122 Fed. App'x. 700, 703 (5th Cir. 2004) (in *Sherman-Williams*, "we were concerned with whether there was a legitimate reason" to be in the court); *Kmart Corp. v. Key Industries, Inc.*, 877 F. Supp. 1048, 1053 (E.D. Mich. 1994) ("For example, a suit brought purely in anticipation of a filing by the defendant in another forum should be dismissed"); *International Union v. Dana Corp.*, No. 3:99-CV-7603, 1999 WL 33237054, at *6 (N.D. Ohio 1999) ("the first filer acted on the basis of an anticipation that its opponent was about to file a substantive suit against it.").

counterclaim against Acacia without prejudice.  Alternatively, since Ramot's counterclaim against

Cisco here is identical to its claim in the 2022 Texas Action, this entire action can be dismissed.

<table>
<tr><td></td><td>ASHBY & GEDDES</td></tr>
</table>

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____

John G. Day (#2403)

*Of Counsel:*                                     Andrew C. Mayo (#5207)

500 Delaware Avenue, 8th Floor

Denise M. De Mory                      P.O. Box 1150

Corey Johanningmeier                 Wilmington, DE  19899

BUNSOW DE MORY LLP                 (302) 654-1888

701 El Camino Real                        jday@ashbygeddes.com

Redwood City, CA  94063             amayo@ashbygeddes.com

(650) 351-7248

                                                          *Attorneys for Defendant and*

Dated:  August 22, 2022                *Counter-Claimant*

16