IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CISCO SYSTEMS, INC. and          )
ACACIA COMMUNICATIONS, INC.,     )
                                 )
          Plaintiff,             )
                                 )     C. A. No. 21-1365-GBW
     v.                          )
                                 )
RAMOT AT TEL AVIV UNIVERSITY     )
LTD.,                            )
                                 )
          Defendant.             )
_____
CISCO SYSTEMS, INC. and          )
ACACIA COMMUNICATIONS, INC.,     )
                                 )
          Plaintiff,             )
                                 )     C. A. No. 22-674-GBW
     v.                          )
                                 )
RAMOT AT TEL AVIV UNIVERSITY     )
LTD.,                            )
                                 )
          Defendant.             )

**PLAINTIFFS CISCO SYSTEMS, INC. AND ACACIA COMMUNICATIONS, INC.'S
ANSWERING BRIEF IN OPPOSITION TO DEFENDANT RAMOT AT TEL AVIV
UNIVERSITY LTD.'S MOTION TO DISMISS AND TO TRANSFER**

                              MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                              Jack B. Blumenfeld (#1014)
                              Jennifer Ying (#5550)
                              1201 North Market Street
                              P.O. Box 1347
                              Wilmington, DE 19899
                              (302) 658-9200
OF COUNSEL:                   jblumenfeld@morrisnichols.com
                              jying@morrisnichols.com
L. Norwood Jameson
Matthew C. Gaudet            *Attorneys for Plaintiffs Cisco Systems, Inc. and*
Sajid Saleem                 *Acacia Communications, Inc.*
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA  30309-3939
(404) 253-6900

Joseph A. Powers
Aleksander J. Goranin
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
(215) 979-1000

Holly Engelmann
DUANE MORRIS LLP
100 Crescent Court, Suite 1200
Dallas, TX  75201
(214) 257-7226

September 13, 2022

## TABLE OF CONTENTS

Page

I.      NATURE AND STAGE OF THE CASE AND SUMMARY OF ARGUMENT ..............1

II.     RELEVANT FACTUAL BACKGROUND ........................................................................2

        1.    The 2014 Ramot v. Cisco Texas Action (dismissed without prejudice) ..... 2

        2.    The 2019 Ramot v. Cisco Texas Action (currently stayed) ........................ 3

        3.    The February 2021 Ramot v. Acacia Delaware Action (currently stayed). 3

        4.    Cisco's and Acacia's 2021 Delaware DJ Action (currently active) .......... 4

        5.    The two present lawsuits over the '998 patent (currently active) .............. 5

III.    ARGUMENT .........................................................................................................................5

    A.   No "Sound Reason" or "Compelling Circumstance" Exists for
         Discretionarily Dismissing the Declaratory Judgment Actions ............................ 6

        1.    The recent *Samsung* case is inapposite ...................................................... 6

        2.    The anticipatory-filing and forum-shopping exceptions do not apply ........ 8

        3.    Judicial familiarity is only marginally relevant here ............................... 12

    B.   The Balance-of-Convenience Factors Do Not Support Transfer ........................ 14

        1.    The private-interest factors do not support transfer ................................. 15

        2.    The public-interest factors do not support transfer .................................. 18

        3.    The final balance weighs against transfer ................................................. 20

IV.     CONCLUSION ...................................................................................................................20

# TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page(s)**

*Abbvie Inc. v. Alvotech hf.*,
   2021 WL 3737733 (N.D. Ill. Aug. 23, 2021) .......................................................................17

*Beijing Sinotau Med. Research Co., Ltd. v. Navidea Biopharms., Inc.*,
   C.A. No. 17-110-LPS-MPT, 2017 WL 819485 (D. Del. Mar. 1, 2017)...................................9

*Cellectis S.A. v. Precision Biosciences.*,
   858 F. Supp. 2d 376 (D. Del. 2012)......................................................................................12

*Communications Test Design, Inc. v. Contec LLC*,
   952 F.3d 1356 (Fed. Cir. 2020)........................................................................................9, 10

*Elecs. for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005)...............................................................................................9

*Genedics LLC v. Meta Co.*,
   C.A. No. 17-1062-CJB, 2018 WL 417950 (D. Del. Jan. 12, 2018).......................................16

*Genentech, Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993).............................................................................................1, 6

*In re Amperex*,
   No. 2022-105, 2022 WL 135431 (Fed. Cir. Jan. 14, 2022)................................................9, 10

*In re Cray, Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017).............................................................................................16

*In re Google*,
   No. 2017-107, 2017 WL 977038 (Fed. Cir. 2017) ...............................................................13

*In re Google*,
   No. 2022-140, 2022 WL 1613192 (Fed. Cir. 2022) .............................................................13

*In re Nitro Fluids LLC*,
   978 F.3d 1308 (Fed. Cir. 2020)...............................................................................................6

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995)...............................................................................14, 15, 19, 20

*McRo, Inc. v. Activision Blizzard, Inc.*,
   C.A. No. 12-1508-LPS-CJB, 2013 WL 6571618 (D. Del. Dec. 13, 2013),
   *report and recommendation adopted,* 2013 WL 6869866 (D. Del. Dec. 30,
   2013) ................................................................................................................................16, 17

*Microchip Tech. v. Aptiv Servs US LLC*,
C.A. No. 17-1194-JDW, 2020 WL 5203600 (D. Del. Sep. 1, 2020).......................................19

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*,
34 F.4th 1334 (Fed. Cir. 2022) .........................................................................................6

*Pragmatus AV, LLC v. Yahoo! Inc.*,
C.A. No. 11-902-LPS-CJB, 2012 WL 4889438 (D. Del. Oct. 12, 2012), *report
and recommendation adopted*, 2013 WL 174499 (D. Del. Jan. 16, 2013).............................15

*Praxair, Inc. v. ATMI, Inc.*,
C.A. No. 03-1158-SLR, 2004 WL 883395 (D. Del. Apr. 20, 2004) ......................................20

*Roku, Inc. v. AlmondNet, Inc.*,
C.A. No. 21-1035-MN, 2021 WL 5299247 (D. Del. Nov. 15, 2021)............................. *passim*

*RPost Holdings, Inc. v. Yesware, Inc.*,
2014 WL 12712410 (E.D. Tex. Sep. 4, 2014) .......................................................................8

*Samsung Elecs. Co. v. Netlist, Inc.*,
C.A. No. 21-1453-RGA, 2022 WL 3027312 (D. Del. Aug. 1, 2022); (2)..................... *passim*

*Shure Inc. v. ClearOne, Inc.*,
C.A. No. 19-1343-RJA-CJB, 2020 WL 3250176 (D. Del. Apr. 15, 2020) ................... *passim*

*TSMC Tech., Inc. v. Zond LLC*,
C.A. No. 14-721-LPS-CJB, 2014 WL 7251188 (D. Del. Dec. 19, 2014),
*report and recommendation adopted*, 2015 WL 328334 (D. Del. Jan. 26,
2015) ........................................................................................................................ *passim*

*Woodbolt Dist. LLC v. Natural Alternatives Int'l*,
C.A. No. 11-1266-GMS, 2013 WL 247041 (D. Del. Jan. 23, 2013).......................................8

*ZapFraud, Inc. v. Barracuda Networks*,
C.A. No. 19-1687-CFC-CJB, 2020 WL 4335945 (D. Del. Jul. 28, 2020) ............................16

**Statutes**

28 U.S.C. § 1400(b) .........................................................................................................17

28 U.S.C. § 1404....................................................................................................1, 2, 6, 13, 14

28 U.S.C. § 2201 *et seq.,* Declaratory Judgment Act ................................................................6, 9

**Rules**

Fed. R. Civ. P. 12(b)(6).........................................................................................................5

Fed. R. Civ. P. 12(b)(7).........................................................................................................5

Fed. R. Civ. P. 19 ........................................................................................................................17

## TABLE OF ABBREVIATIONS

| Ramot | Ramot at Tel Aviv University Ltd. |
|---|---|
| Cisco | Cisco Systems, Inc. |
| Acacia | Acacia Communications, Inc. |
| '872 patent | U.S. Patent No. 11,133,872 |
| '998 patent | U.S. Patent No. 11,349,998 |
| '835 patent | U.S. Patent No. 8,044,835 |
| '198 patent | U.S. Patent No. 8,797,198 |
| '535 patent | U.S. Patent No. 10,270,535 |
| '465 patent | U.S. Patent No. 10,033,465 |
| '866 patent | U.S. Patent No. 10,461,866 |
| 2021 Delaware DJ Action | *Cisco Sys., Inc. and Acacia Commc'ns, Inc. v. Ramot at Tel Aviv Univ. Ltd.*, C.A. No. 21-1365-GBW (D. Del.) |
| 2022 Delaware DJ Action | *Cisco Sys., Inc. and Acacia Commc'ns, Inc. v. Ramot at Tel Aviv Univ. Ltd.*, C.A. No. 22-674-GBW (D. Del.) |
| 2014 Ramot v. Cisco Texas Action | *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys. Inc.*, C.A. No. 14-1018-JRG (E.D. Tex.) |
| 2019 Ramot v. Cisco Texas Action | *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys. Inc.*, C.A. No. 19-225-JRG (E.D. Tex.) |
| 2021 Ramot v. Acacia Delaware Action | *Ramot at Tel Aviv Univ. Ltd. v. Acacia Commc'ns, Inc.*, C.A. No. 21-295-GBW (D. Del.) |
| 2022 Ramot v. Cisco Texas Action | *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys. Inc.*, C.A. No. 22-00168-JRG (E.D. Tex.) |
| Ying Decl. | Declaration of Jennifer Ying, filed herewith |

## I.    NATURE AND STAGE OF THE CASE AND SUMMARY OF ARGUMENT

Ramot's motion finds no support in this Court's relevant precedent on the "first-filed rule" and "compelling circumstance" exceptions thereto—none of which Ramot cites, let alone distinguishes. *See, e.g.*, *TSMC Tech., Inc. v. Zond LLC,* C.A. No. 14-721-LPS-CJB, 2014 WL 7251188, at *5 (D. Del. Dec. 19, 2014), *adopted* 2015 WL 328334 (D. Del. Jan. 26, 2015); *Roku, Inc. v. AlmondNet, Inc.*, C.A. No. 21-1035-MN, 2021 WL 5299247 (D. Del. Nov. 15, 2021); *Shure Inc. v. ClearOne, Inc.*, C.A. No. 19-1343-RJA-CJB, 2020 WL 3250176 (D. Del. Apr. 15, 2020). The motion should be denied in its entirety.

Ramot seeks to dismiss or transfer to the Eastern District of Texas the two declaratory judgment actions Cisco and Acacia filed in this District against Ramot, one over U.S. Patent No. 11,133,872 (the "'872 patent") (C.A. No. 21-1365) and the other over U.S. Patent No. 11,349,998 (the "'998 patent"), the child of the '872 patent (C.A. No. 22-674). Ramot does not contest that the two actions were the first-filed cases concerning alleged infringement of the '872 and '998 patents. Under the first-filed rule, "the forum of the first-filed case is favored, unless considerations of judicial and litigant economy and the just and efficient disposition of disputes requires otherwise." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 973 (Fed. Cir. 1993).

To avoid the longstanding first-filed rule, Ramot urges the Court to:  (1) follow the recent decision in *Samsung Elecs. Co. v. Netlist, Inc.*, C.A. No. 21-1453-RGA, 2022 WL 3027312 (D. Del. Aug. 1, 2022); (2) apply exceptions to the rule based on "anticipatory filing" and "forum shopping"; and (3) give outsized weight in the 28 U.S.C. § 1404 analysis to the Texas Court's experience in an earlier litigation Ramot filed against Cisco over three related ancestor patents. As shown below, none of these approaches succeed.

First, Ramot's characterization of Samsung is incorrect; *Samsung* is inapposite to *this* situation; Ramot's characterization of *Samsung* is incorrect. Second, in this District, the standard

for triggering the anticipatory-filing or forum-shopping exceptions is exacting; Ramot does not come close to meeting it. <u>Third</u>, cases like *TSMC*, *Roku*, and *Shure* all teach that judicial familiarity drawn from related litigation should not eclipse the other considerations integral to the transfer analysis; Ramot ignores that important instruction here. Ramot also disregards that the '872 and '998 patents have not been previously litigated in any forum, and raise unique claim-construction issues that must be addressed for the first time. Ramot's request for discretionary dismissal and its § 1404 request to transfer for convenience should be denied.[1]

## II.   RELEVANT FACTUAL BACKGROUND

Both the '872 and '998 patents are part of a family titled "Linearized Optical Digital-to-Analog Modulator"—generally directed to certain methods and systems for converting digital data into modulated optical signals. Other ancestor patents include U.S. Patent No. 8,044,835 (the "'835 patent"); U.S. Patent No. 8,797,198 (the "'198 patent"); U.S. Patent No. 10,270,535 (the "'535 patent"); U.S. Patent No. 10,033,465 (the "'465 patent"); and U.S. Patent No. 10,461,866 (the "'866 patent"). Ramot's motion periodically references prior litigations between the parties over various of these patents, which, in chronological order, are as follows:

### 1.   The 2014 Ramot v. Cisco Texas Action (dismissed without prejudice)

On November 5, 2014, Ramot started its campaign when it sued Cisco in the Eastern District of Texas over the first two patents to issue in that family, the '835 and '198 patents. *See Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, C.A. No. 2:14-cv-1018-JRG (E.D. Tex.) ("2014 Ramot v. Cisco Texas Action"), D.I. 1. Three months later, before an answer was filed, Ramot

---

[1] Ramot filed essentially identical motions and supporting briefs in both the 2021 and 2022 Delaware DJ Actions, C.A. No. 21-1365 and C.A. No. 22-674, respectively. Cisco and Acacia agree that, because of the co-extensive arguments, this Court can consider and decide both motions together. For ease, all citations to Ramot's briefing in support of its motion are to the brief it filed in the 2021 Delaware DJ Action, D.I. 20.

voluntarily dismissed the case. *Id.*, D.I. 16.

### 2.    The 2019 Ramot v. Cisco Texas Action (currently stayed)

Five years later, Ramot sued Cisco again in the Eastern District of Texas, this time asserting infringement of three child patents that had issued in the interim—the '465, '535, and '866 patents. *See Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, C.A. No. 19-cv-225-JRG (E.D. Tex.) ("2019 Ramot v. Cisco Texas Action"), D.I. 1, D.I. 48. This is the case Ramot's motion most frequently references as the case in which "Judge Gilstrap…already presided over related litigation and construed claims of related patents." D.I. 20 at 2.

The Texas Court issued its claim construction order in May 2020. *See* 2019 Ramot v. Cisco Texas Action, D.I. 83. The case did not proceed to trial. Instead, on January 13, 2021, the court stayed the case because "[a]ll claims of all Asserted Patents have been rejected in preliminary Office Actions, in…*ex parte* reexams," such that "a serious risk of wasted resources" would exist in the event "the case were to proceed to trial." Ying Decl., Ex. 1, D.I. 235 at 4. The case remains stayed while those proceedings are ongoing, with all claims rejected (even as amended) and appeals to the Patent Trial and Appeal Board pending.

### 3.    The February 2021 Ramot v. Acacia Delaware Action (currently stayed)

Six weeks after the stay in the Texas case, Ramot brought suit on two of the same patents— the '465 and '535 patents—here in Delaware, in a case naming Acacia as the sole defendant and initially assigned to Judge Stark. *See Ramot at Tel Aviv Univ. Ltd. v. Acacia Commc'ns, Inc.*, C.A. No. 21-295-GBW (D. Del. Feb. 26, 2021) ("2021 Ramot v. Acacia Delaware Action"), D.I. 1. Ramot filed its case two months **after** Cisco had announced (in January 2021) that it expected to complete an acquisition of Acacia "by the end of the first calendar quarter of 2021"[2] and three days before the

---

[2] Ying Decl., Ex. 2, https://newsroom.cisco.com/c/r/newsroom/en/us/a/y2021/m01/cisco-

transaction was in fact completed (on March 1, 2021).[3]

Attempting to keep its Delaware case active, Ramot took pains to argue that it had distinct infringement claims against Acacia, apart from any claims Ramot was pursuing against Cisco in Texas. *See* C.A. No. 21-295, D.I. 14 at 2 ("Ramot brought this present case to address identified infringement across Acacia's entire product line….not just the pre-acquisition sales of certain products to Cisco that were at issue in the Texas case."). Nonetheless, because the '465 and '535 patents were undergoing *ex parte* reexamination, Judge Stark stayed the case on September 3, 2021. *Id.*, D.I. 23. The case remains stayed. *Id*., D.I. 27 (Joint Status Report).

### 4. Cisco's and Acacia's 2021 Delaware DJ Action (currently active)

On September 28, 2021, the '872 patent, a descendant of the prior asserted patents, issued. Cisco and Acacia filed suit in Delaware upon the '872 patent's issuance, seeking a declaration that they did not infringe. *See Cisco Sys., Inc. and Acacia Commc'ns, Inc. v. Ramot at Tel Aviv Univ. Ltd.*, C.A. No. 21-1365-GBW (D. Del.) ("2021 Delaware DJ Action"), D.I. 1 at ¶¶ 1-7, 8-9. That case was filed almost a year ago, and Ramot never challenged venue until it filed its current motion.

In its motion, Ramot admits that, at the time Cisco and Acacia filed their complaint, "Ramot did not in fact have a suit waiting to be triggered with respect to the '872 patent." D.I. 20 at 1. In fact, for 11 months after the suit was filed, Ramot did not ask to dismiss or transfer the case, nor did Ramot file a mirror-image infringement action in Texas. Instead, on March 7, 2022, Ramot answered the complaint and asserted infringement counterclaims against both Cisco and Acacia. *See, e.g.,* C.A. No. 21-1365, D.I. 8 at ¶¶ 77-78 ("Ramot alleges that Cisco and Acacia infringe claims of U.S. Patent Nos. 11,133,872…."). The 2021 Delaware DJ Action remains active in this

---

completes-acquisition-of-acacia.html (last accessed Sept. 13, 2022).

[3] Ying Decl., Ex. 3, https://newsroom.cisco.com/c/r/newsroom/en/us/a/y2021/m03/cisco-completes-acquisition-of-acac-1.html (last accessed Sept. 13, 2022).

District.  *See, e.g.,* C.A. No. 21-1365, D.I. 24 (entry of Scheduling Order).

      **5.**      **The two present lawsuits over the '998 patent (currently active)**

Most recently, on May 24, 2022, the '998 patent—the child of the '872 patent—issued. Again, Cisco and Acacia, on the day of issuance, filed suit in Delaware seeking a declaration that they did not infringe. *See Cisco Sys., Inc. and Acacia Commc'ns Inc. v. Ramot at Tel Aviv Univ. Ltd.*, C.A. No. 22-674-GBW (D. Del.) ("2022 Delaware DJ Action"), D.I. 1. This suit remains active, and a Scheduling Order was just entered by the Court.  C.A. No. 22-674, D.I. 21.

This time, Ramot switched its tactical approach. One hour and 22 minutes after Cisco's and Acacia's filing, Ramot filed its own suit over the '998 patent in the Eastern District of Texas, naming only Cisco as a defendant and omitting Acacia. *See Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, 2:22-cv-168-JRG (E.D. Tex.) ("2022 Ramot v. Cisco Texas Action"), D.I. 1. Since that time, Ramot has amended its complaint, ostensibly to clarify that its allegations in Texas were directed only to Cisco's alleged infringing activities, and not those of Acacia's. *See id.*, D.I. 27. Cisco has moved to transfer the 2022 Ramot v. Cisco Texas Action to Delaware under the first-filed rule. *See* 2022 Ramot v. Cisco Texas Action, D.I. 13. That motion remains pending.[4]

## III.   ARGUMENT

Ramot's motion centers on the first-filed rule. Tellingly, Ramot does not contest that Cisco's and Acacia's 2021 and 2022 Delaware DJ Actions were the first filed; Ramot conceded in recent briefing in Texas that these Delaware suits were "indeed first in absolute time." Ying Decl., Ex. 4, 2022 Ramot v. Cisco Texas Action, D.I. 20 at 1. Ramot also does not contest that there is an actual case or controversy regarding whether Cisco and Acacia infringe the '872 or '998 patents.

---

[4] Along with this present motion, Cisco is concurrently moving to dismiss the First Amended Complaint in the 2022 Ramot v. Cisco Texas Action under Fed. R. Civ. P. 12(b)(6) and 12(b)(7).

Instead, Ramot tries to avoid the first-filed rule based on exceptions or balance-of-convenience factors, none of which succeed.

### A. No "Sound Reason" or "Compelling Circumstance" Exists for Discretionarily Dismissing the Declaratory Judgment Actions

First, Ramot contends that this Court should use its discretion under the Declaratory Judgment Act to decline to hear Cisco's and Acacia's noninfringement disputes. *See* D.I. 20 at 4-8 (Sections II-III). But, as the Federal Circuit and courts in this District have explained, a court must provide "**well-founded reasons** for declining to entertain a declaratory judgment action." *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 34 F.4th 1334, 1347 (Fed. Cir. 2022) (emphasis added). Absent "**sound reason** for a change of forum, a first-filed declaratory judgment action is entitled to precedence as against a later-filed patent infringement action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 2008) (emphasis added). "Unless there are **sound reasons** to question the first-filer's choice of forum, its 'right' to pick that forum over other fora is respected via invocation of the first-filed rule." *TSMC*, 2014 WL 7251188, at *8 (emphasis added). "The burden is on the party seeking to establish a **compelling circumstances** exception to the first-to file rule." *Roku*, 2021 WL 5299247, at *4 citing *In re Nitro Fluids LLC*, 978 F.3d 1308, 1311 (Fed. Cir. 2020) (emphasis added). Ramot's motion does not come close to meeting its burden here. Each of its three main arguments for a "compelling circumstance" exception fails.[5]

### 1. The recent *Samsung* case is inapposite

Ramot starts by pointing to the recent decision in *Samsung Elecs. Co. v. Netlist, Inc.*, C.A.

---

[5] Ramot incorrectly suggests that dismissal or transfer is warranted because Cisco and Acacia have not shown "prejudice." D.I. 20 at 8 ("Cisco and Acacia will not be prejudiced by dismissal here."). As shown above, **Ramot** bears the burden of demonstrating a "compelling circumstance" justifying an exception to the first-filed rule, and **Ramot** bears the burden of demonstrating that the § 1404 convenience factors ultimately balance in its favor. Nothing in this controlling legal framework places a burden on Cisco or Acacia to demonstrate prejudice.

No. 21-1453-RGA, 2022 WL 3027312 (D. Del. Aug. 1, 2022), which Ramot claims presents "nearly identical circumstances" "[a]s luck would have it" and "should be beneficially followed here." D.I. 20 at 3. Ramot's paraphrase of the case suggests that Judge Andrews spoke with Judge Gilstrap and together they agreed that the Delaware Court should defer to the Texas Court out of concern for "judicial comity." *Id.* at 3 ("Judge Andrews resolved the judicial comity concerns behind the first-to-file rule, and any dispute about which court should decide, by speaking directly with Judge Gilstrap about the cases."). This greatly overstates what actually happened in *Samsung*, as the opinion itself makes clear.

All that Judge Andrews and Judge Gilstrap discussed was the threshold **procedural** question of which of the two courts would conduct the first-filed-rule assessment. As Judge Andrews spelled out in the opinion: "The pendency of the Texas Action with roughly parallel motions being filed about where the issues should be tried requires that one court take the lead in deciding the overlapping issues. Inasmuch as the Delaware case was filed before the Texas Action, that Court should be Delaware." *Samsung*, 2022 WL 3027312, at *3. Immediately thereafter, in footnote 6, Judge Andrews explained his conversation with Judge Gilstrap: "I have discussed the matter with Judge Gilstrap, the presiding judge in the Texas Action, and he is in accord with this conclusion." *Id.* at *3 n.6. Here, consistent with *Samsung,* Cisco also asks the Delaware Court, as the first filed Court in both cases, to be the one that decides the overlapping issues. *See* D.I. 17, Ex. A & C (Cisco's motion and briefs on the issue in the Texas Action).

Contrary to Ramot's suggestion, Judge Andrews did not ultimately dismiss the Delaware case over the "Texas Patents" because the Texas Court had developed familiarity with those patents in prior litigation. Rather, he did so because the patentee had been the one to file suit over those patents first—*in the Eastern District of Texas*—in "December 2021," one month *before*

Samsung's January 18, 2022 Delaware complaint. *Id.* at *3 ("In this case, I decline to exercise jurisdiction over the patents that were originally filed in the Texas Action."). By contrast, these two cases in Delaware are either the only case on the asserted patent (the 2021 Delaware DJ Action with respect to the '872 Patent) or the first filed case on the asserted patent (the 2022 Delaware DJ Action with respect to the '998 Patent).

The Delaware Court then went on to reject Samsung's argument that its January 2022 complaint should "relate back" in time to an earlier complaint filed in Delaware, thus antedating the December 2021 Texas case. *Id.* at *4-5. This "relation back" discussion has no bearing on any of the first-filed-rule questions in this case, *i.e.*, no one is claiming relation back to an earlier Cisco or Acacia complaint here. *Samsung* is thus irrelevant to the merits of Ramot's motion. Instead, *Samsung* stands for the modest **procedural** proposition that this Court—and not the Texas Court— should be the one to conduct the first-filed analysis on the merits. This is also Judge Gilstrap's expressed view: "the first-to-file rule accords the ***first-filed*** court the responsibility to determine which case should proceed." *RPost Holdings, Inc. v. Yesware, Inc.*, 2014 WL 12712410, at *1 (E.D. Tex. Sep. 4, 2014) (emphasis in original).

### 2.    The anticipatory-filing and forum-shopping exceptions do not apply

As its second main argument, Ramot invokes a blend of the "anticipatory-filing" and "forum-shopping" exceptions to the first-filed rule, which it calls "anticipatory forum shopping." D.I. 20 at 7. Courts in this District treat those as two separate exceptions, however, and each requires a specific showing. Ramot's motion fails on both counts.

**Anticipatory filing.** In this District, a "suit is anticipatory for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *TSMC*, 2014 WL 7251188, at *8 (quoting *Woodbolt Dist. LLC v. Natural Alternatives Int'l*, C.A. No. 11-1266-GMS,

8

2013 WL 247041, at *4 (D. Del. Jan. 23, 2013)); *see also Roku*, 2021 WL 5299247 at *4 (same);

*Beijing Sinotau Med. Research Co., Ltd. v. Navidea Biopharms., Inc.*, C.A. No. 17-110-LPS-MPT,

2017 WL 819485, at *1 (D. Del. Mar. 1, 2017) (same: "receipt of specific, concrete details of the

action Sinotau prepared to file here").

> Even if this threshold standard were satisfied, the "fact that a suit is anticipatory, in and of
itself, is not a sufficient basis to deviate from the first filed rule." *TSMC*, 2014 WL 7251188, at *8.
It is "merely one factor in the analysis." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48
(Fed. Cir. 2005). In *TSMC* for example, the fact that the patentee (Zond) had sent a letter to the
plaintiffs three days before "in which it threatened to file suit in the District of Massachusetts" was
not enough to trigger the exception, because "Plaintiffs did not attempt to lull Zond into
complacency by making false or misleading statements about the prospects for settlement without
the need for a lawsuit. Nor did they otherwise engage in anything approaching affirmative
misconduct. Instead, they simply did what the Declaratory Judgment Act gives them a right to
do—they filed suit in their preferred forum." *TSMC*, 2014 WL 7251188, at *9. More recently, in
*Roku*, the patentees' (AlmondNet's and Intent IQ's) statement that they "would be filing an
infringement action" the "very same day" that Roku filed its declaratory judgment complaint was
not enough for anticipatory filing; there was no evidence that Roku subjectively "believed
[AlmondNet's and Intent IQ's] infringement suit was imminent" or had made statements inducing
them to believe that licensing negotiations should continue. *Roku*, 2021 WL 5299247, at *4.

> The Federal Circuit's recent decisions in *In re Amperex*, No. 2022-105, 2022 WL 135431
(Fed. Cir. Jan. 14, 2022) and *Communications Test Design, Inc. v. Contec LLC*, 952 F.3d 1356,
1359 (Fed. Cir. 2020)—cited throughout Ramot's motion—stand for the same proposition. Both
affirmed application of the anticipatory-filing exception in situations where the plaintiff made

affirmative misrepresentations in ongoing licensing discussions intended to lull the patentee into postponing its own affirmative infringement suit. *See Amperex*, 2022 WL 135431, at *1-2 ("Here, the district court made a reasonable finding that ATL's suit was anticipatory, given the sequence of communications briefly summarized above."); *Communications Test Design*, 952 F.3d at 1360, 1364 (after receiving from patentee a "draft of its proposed complaint," the plaintiff feigned interest in continuing licensing discussions "just long enough to get the judicial drop" and file its own suit first).

The circumstances surrounding Cisco's and Acacia's filing of their 2021 and 2022 Delaware DJ Actions are nowhere close to the fact patterns in cases like *TSMC*, *Roku*, *Amperex*, and *Communications Test Design*. Ramot cannot even satisfy the threshold showing the suit was "anticipatory" under the law, as Ramot's motion does not identify **any** "specific, concrete indication" from Ramot to Cisco or Acacia that suit by Ramot over the '872 or '998 patents was "imminent." *TSMC*, 2014 WL 7251188, at *8. To the contrary, Ramot admits that, for the '872 patent, it had no complaint ready to go: "Ramot did not in fact have a suit waiting to be triggered with respect to the '872 patent—although it has since counterclaimed to preserve its rights." D.I. 20 at 1. Moreover, at the time of their 2021 Delaware DJ Action over the '872 patent, Cisco and Acacia had good reason to think that Ramot would have no objection to the Delaware forum: only a few months earlier, Ramot had voluntarily elected to sue Acacia in this District over two ancestor patents. *See* C.A. No. 21-295, D.I. 1. Likewise, the following year, as Ramot's new '998 patent was soon to issue, Cisco and Ramot had every reason to think that Delaware would again be suitable, not only because Ramot had sued Acacia there before over related patents, but also because, in the 11 months since the 2021 Delaware DJ Action, Ramot had never objected to

10

Delaware as a venue. Instead, Ramot had answered and counterclaimed in Delaware. *See* C.A. No. 21-1365, D.I. 8 at ¶¶ 77-78.

Even if Ramot had satisfied this threshold standard—which it plainly has not—Ramot's motion also does not point to any affirmative misstatements or misleading conduct intended to lull Ramot into not proceeding with its own affirmative suit. Instead, Ramot returns time and again to the "12:01 am" filing time of the 2022 Delaware DJ Action. The most this shows, however, is that Cisco and Acacia wished to file their case in their chosen forum as soon as they could—as was their legal right to do. Under this District's precedent, that does not make "it unjust or inefficient to continue the first-filed action." *TSMC*, 2014 WL 7251188, at *10. It just makes the 2021 and 2022 Delaware DJ Actions the first-filed cases.

**Forum shopping**. Ramot's motion also labels Cisco's and Acacia's filings of the 2021 and 2022 Delaware DJ Actions "forum shopping." D.I. 20 at 5. First, it cannot be forum shopping for two Delaware corporations (Cisco and Acacia) to sue an Israeli company (Ramot) in their state of incorporation—especially when that Israeli company has no meaningful connection to the proposed transferee forum in Texas and in 2021 sued Acacia over related patents **in Delaware**. Moreover, in this District, "forum shopping" in the context of the first-filed rule requires a precise scenario: "a situation in which a party seeks to litigate in one district court, because it is 'shopping' for a favorable ruling and has indication that such a ruling would not be forthcoming in an alternative venue." *TSMC*, 2014 WL 7251188, at *10. An "allegation of forum shopping…is a pretty serious charge to level against another party. Understanding this, if the Court were to find that a party is truly engaging in forum shopping, it would want to have a *very* clear record before it in support." *Shure*, 2020 WL 3250176, at *4.

Ramot has no evidence of forum shopping, let alone the "*very* clear record" required. The most Ramot musters is one speculative aside—that Cisco may be "hoping for a slower schedule or greater amenability to stays in view of Patent Office proceedings" or "perhaps…different judicial results on some…lost claim construction proposals or motion arguments," D.I. 20 at 6— but this gets Ramot nowhere. For one thing, courts in this District have rejected such unsubstantiated rhetorical posturing as "disingenuous" and "a not-so-subtle attempt to cloak the venue selection exercise in which every company engages with overtones of intentional misconduct." *Cellectis S.A. v. Precision Biosciences.*, 858 F. Supp. 2d 376, 385 (D. Del. 2012). Moreover, the assertion fails on its own terms. For instance, to the extent "greater amenability to stays" is the concern, the Eastern District of Texas *granted* a stay of the 2019 Ramot v. Cisco Texas Action as requested by Cisco.  That was a *favorable* ruling from the Texas Court, not an unfavorable one. Under this District's precedent, when litigation history shows that the declaratory judgment plaintiff won some and lost some in the proposed transferee forum, that cuts *against* a finding of forum shopping. *See, e.g.*, *TSMC*, 2014 WL 7251188, at *12 ("the record reflects that the District Court there evenhandedly resolved disputes before it, in ways that sometimes favored Zond, and sometimes favored the defendants."); *Shure*, 2020 WL 3250176, at *5 ("Obviously, Shure has not prevailed on some issues in the Northern District of Illinois litigation…But it *did* prevail on other issues in those cases….").

### 3.    Judicial familiarity is only marginally relevant here

Shorn of its "anticipatory forum shopping" rhetoric, Ramot's argument for discretionary dismissal is no more than a claim about judicial familiarity—that Judge Gilstrap's presiding over the 2019 Ramot v. Cisco Texas Action, and his issuance of a claim construction on three ancestor patents, are reason enough to defer to the Texas Court. D.I. 20 at 9 ("The first and perhaps most significant compelling circumstance justifying transfer here is judicial familiarity and experience

12

with the subject patent family and ongoing disputes between the parties."). Importantly, Ramot does not cite to a single Federal Circuit decision in which the proposed transferee forum's familiarity with related patents or related litigation sufficed alone to justify either a discretionary dismissal or a § 1404 transfer. The Federal Circuit has in fact explicitly warned **against** such a rule: other considerations should not be "put[] aside while allowing the co-pending litigation to dominate the analysis." *In re Google*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. 2017). Even if these cases involved the *same* patent that Judge Gilstrap previously construed (as opposed to ancestor patents), that still would not be enough: The Federal Circuit explained that just "because a patent is litigated in a particular [forum] does not mean the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that [forum]." *In re Google*, No. 2022-140, 2022 WL 1613192, at *4 (Fed. Cir. 2022) (cleaned up); *see also Roku*, 2021 WL 5299247, at *5 ("the Federal Circuit has cautioned against allowing co-pending litigation to dominate the analysis….").

Ramot also does not cite any cases from this District suggesting that judicial familiarity should be the sole or overarching factor driving the venue analysis. As shown above, the *Samsung* case Ramot cites stands for nothing close to that proposition. On the other hand, Ramot does not cite *Roku* and *Shure*, both of which teach strongly **against** inflating the weight assigned to judicial familiarity. In *Roku*, the Court expressed "concern[] that finding the 'judicial economy' factor dispositive would permit parties to fashion an exception to the first-to-file rule." 2021 WL 5299247, at *5. In *Shure*, the Court noted that the "Northern District of Illinois' familiarity with two related cases" weighed in favor of transfer, but did not suffice to overcome the movant's "very high burden" of justifying transfer away from Delaware because the judicial-familiarity factor stood

alone: there was no evidence of "some sort of untoward forum shopping" or "other *Jumara* factors [that] weighed more strongly in [movant's] favor." 2020 WL 3250176, at 11.

Finally, at least two circumstances unique to this case cut even more greatly against Ramot's reliance on judicial familiarity. First, the Texas Court itself acknowledged the practical limits to any knowledge it may have gained from its prior claim construction: In staying the 2019 Ramot v. Cisco Texas Action, Judge Gilstrap explained that "the asserted claims…are almost surely to be modified in some material way in response to their rejection" during *ex parte* reexamination "and they may be dropped completely." Ying Decl., Ex. 1, 2019 Ramot v. Cisco Texas Action, D.I. 235 at 4. Second, the earlier Texas action involved related, but distinct, patents. The new '872 and '998 patents at issue in the 2021 and 2022 Delaware DJ Actions include multiple claim terms not previously construed in Texas that, in all likelihood, would need to be construed here, as well as additional prosecution history from the *ex parte* reexamination.[6]

### B.    The Balance-of-Convenience Factors Do Not Support Transfer

In the final section of its motion, Ramot claims that "the balance of factors typically used by Delaware courts to analyze § 1404(a) transfer requests clearly favors transfer" to Texas. D.I. 20 at 13. The reference here is to the six private-interest and six public-interest factors set out in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) and listed in footnote 4 of Ramot's motion. Despite asking the Court to transfer Cisco's and Acacia's Delaware cases on the basis of

---

[6] For the '872 patent, these include the limitations of (1) "pattern for actuating drive voltages that alters the linearity of an optical response of the modulator" in claims 1-12 and 15-22; and (2) "mapping…the digital input to a first digital output associated with M drive voltages" in claims 13-14 and 23-30. For the '998 patent, the further limitations to be construed include (1) "wherein the input optical signal is modulated based on the plurality of voltage values" in claims 1-31; (2) "the input optical signal received by each of the waveguide branches of the modulator is modulated based on at least a subset of the set of voltage values" in claims 32-44; and (3) "each of the optical signal output generated by the electro-absorption signal generation device is modulated based on at least a subset of the set of voltage values" in claims 45-47.

these factors, Ramot's motion offers only a casual pass through a few of them—nowhere close to the factor-by-factor discussion this Court typically provides. *See, e.g.*, *TSMC*, 2014 WL 7251188, at *14-21 (separate headings for each *Jumara* factor); *Shure*, 2020 WL 3250176, at *3-11 (same).

As shown below, a complete factor-by-factor analysis easily demonstrates that maintaining the 2021 and 2022 Delaware DJ Actions in Delaware is the correct outcome. In considering the *Jumara* factors, at all times, **Ramot**—the "party seeking a transfer"—"has the burden to establish that a balancing of proper interests weighs in favor of the transfer.'" *TSMC*, 2014 WL 7251188, at *5 (cleaned up). "That burden is a heavy one: 'unless the balance of the convenience of the parties is *strongly in favor of defendant*, the plaintiff's choice of forum should prevail.'" *Id.*, at *6 (emphasis in original). Thus, "transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer." *Id.*; *Jumara*, 55 F.3d at 879-90

### 1. The private-interest factors do not support transfer

**(1) Plaintiff's choice of forum**. The first factor is "the plaintiff's forum preference as manifested in the original choice." *TSMC*, 2014 WL 7251188, at *14.[7] Ramot's motion does not meaningfully address this factor, stating only that "the competing forum choices of the parties at best offset." D.I. 20 at 14. In actuality, in this District, so long as Cisco and Acacia articulate "rational and legitimate" reasons to sue in Delaware—and not "arbitrary" or "irrational" ones— this factor will weigh materially *against* transfer. *Id.*; *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2012 WL 4889438, at *4 (D. Del. Oct. 12, 2012), *adopted* 2013 WL 174499 (D. Del. Jan. 16, 2013) (same). Cisco and Acacia have at least three legitimate reasons for preferring Delaware, weighing this factor materially *against* transfer:

---

[7] For ease, in discussing the balance-of-convenience factors, Cisco and Acacia will keep the numbering used in footnote 4 of Ramot's motion.

- First, the Delaware Court "has significant experience with patent litigation matters." *Shure*, 2020 WL 3250176, at *4 ("understandable reason for filing here"); *Genedics LLC v. Meta Co.*, C.A. No. 17-1062-CJB, 2018 WL 417950, at *4 (D. Del. Jan. 12, 2018) ("clear, legitimate reason[]").

- Second, Cisco and Acacia are incorporated in Delaware. *See ZapFraud, Inc. v. Barracuda Networks*, C.A. No. 19-1687-CFC-CJB, 2020 WL 4335945, at *3 (D. Del. Jul. 28, 2020) (it "is rational and legitimate for an entity to file suit in the state where it makes its corporate home").

- Third, Ramot filed suit last year against Acacia in Delaware on related patents. *See* C.A. No. 21-295, D.I. 1.

**(2) Defendant's forum preference**. Ramot's motion simply assumes this factor entirely cancels out Cisco's and Acacia's preference for Delaware. *See* D.I. 20 at 14 ("the competing forum choices of the parties at best offset"). That is not true; in the past, courts in this District have typically employed a more fine-grained approach. For example, courts have weighed the factor in movant's favor if "(1) all parties' principal places of business are located in or near that [proposed transferee] forum; (2) most of the party and non-party witnesses are located in that forum; [and] (3) many of the relevant documents are located there." *McRo, Inc. v. Activision Blizzard, Inc.*, C.A. No. 12-1508-LPS-CJB, 2013 WL 6571618, at *4 (D. Del. Dec. 13, 2013), *adopted* 2013 WL 6869866 (D. Del. Dec. 30, 2013). None of those circumstances apply here.

Ramot is neither incorporated in the Eastern District of Texas nor does it principally operate there; it is an Israeli company based in Israel. *See* C.A. No. 21-295, D.I. 1 at ¶¶ 4-5; C.A. No. 21-1365, D.I. 8 at ¶¶ 80-81. Ramot also does not identify any witnesses or relevant documents specifically "located in that forum"—it only mentions one inventor "in California" and others "in the Western or Mid-Western United States." D.I. 20 at 14. Moreover, one of the case-specific circumstances further minimizing the strength of this factor is the lack of venue against Acacia in the Eastern District of Texas. Acacia has no "regular and established place of business" there, *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017), as required under that patent-specific venue

statute, 28 U.S.C. § 1400(b). Ramot does not argue otherwise. In fact, its 2022 *Ramot v. Cisco Texas Action* does not name Acacia as a defendant, and it has never sought to move the 2021 *Ramot v. Acacia* Delaware Action to the Eastern District of Texas. The fact that Ramot's proposed transferee forum cannot hear Acacia's noninfringement case further supports keeping the dispute in a forum (Delaware) that can. *Cf. Samsung*, 2022 WL 3027312, at *5 (dismissing Delaware case in favor of Texas in part because "Delaware does not have jurisdiction over SEA," a Samsung subsidiary named as a defendant).[8]

(3) **Whether the claim arose elsewhere**. In this District, the focus of this factor in patent cases is on "activity surrounding the production, design, and manufacture of the allegedly infringing product." *McRo*, 2013 WL 6571618, at *5. Ramot does not address this factor and does not show that any accused products or components are designed or manufactured in Texas. Thus, this factor is "decidedly neutral." *Shure*, 2020 WL 3250176, at *7.

(4) **Convenience of witnesses** and (6) **location of books and records**. These two factors are likewise neutral. In this District, the "convenience of the witnesses" matters only "to the extent they may be unavailable for trial in one of the fora." *TSMC*, 2014 WL 7251188, at *16. Ramot's motion does not attempt to establish that any witnesses would be unwilling to travel to Delaware for trial. Likewise, the "location of books and records" matters only "to the extent the files could not be produced" in one of the fora. *Id.* at *18. Ramot has not shown that any relevant records could not be produced, *e.g.*, electronically, as part of litigation in Delaware.

---

[8] Ramot cites *Abbvie Inc. v. Alvotech hf.,* 2021 WL 3737733 (N.D. Ill. Aug. 23, 2021) for the proposition that a parent corporation can "adequately protect the interests of its wholly owned subsidiary." D.I. 20 at 8-9. But *Abbvie* concerns a Rule 19 joinder analysis of necessary and indispensable parties—not anything to do with the first-filed rule. *Abbvie,* 2021 WL 3737733, at *9 ("Where a subsidiary's interests are protected, it is not prejudiced by lack of joinder."). Nothing in the first-filed-rule jurisprudence compels Acacia, a separate corporate entity, to choose a forum for its litigation based on the availability of patent venue over one of its corporate affiliates.

**(5) Convenience of the parties**. This final private-interest factor concerns the "convenience of the parties as indicated by their relative physical and financial condition." *Id.* at *16. Ramot does not claim that it would suffer undue financial or physical hardship from litigating the 2021 and 2022 Delaware DJ Actions in this District. Nor can it: Only last year, Ramot voluntarily elected to bring its infringement dispute against Acacia on related ancestor patents in this Court. *See* C.A. No. 21-295, 2021 Ramot v. Acacia Delaware Action, D.I. 1. This factor is neutral.

### 2.    The public-interest factors do not support transfer

Turning to the six public-interest factors, Ramot's discussion of them is equally breezy. To start, Ramot expressly concedes that three of them—**(7) enforceability of the judgment**, **(10) local interest**, and **(11) public policies of the fora**—are "neutral." D.I. 20 at 13. Ramot then omits a fourth—**(12) applicable state law in diversity cases**—but, on its face, it carries no weight because this is not a diversity action. Last, Ramot footnotes a fifth factor—**(9) court congestion**—but then immediately disclaims reliance on it. *Id.* at 14 ("[e]ven without resort to venue time-to-trial statistics").

The only public-interest factor Ramot attempts to address in any depth is (**8) practical considerations that could make the trial easy, expeditious, or inexpensive**, but here again, Ramot's discussion reduces down to an argument about judicial familiarity: "The Texas Court's prior experience—including claim construction and other rulings—concerning other patents in this family plainly and strongly supports venue in Texas." *Id*. Again, Ramot greatly overstates the weight to be afforded this factor and ignores three significant circumstances:

First, as noted, the Texas Court itself downplayed the advantages of having construed claims of the ancestor patents, recognizing that they would likely change through *ex parte* reexamination: "They will not likely stay as they were when this lawsuit when this suit was filed.

If the case were to proceed to trial on the current claims, there is a serious risk of wasted resources as to the parties and the Court." Ying Decl., Ex. 1, D.I. 235 at 4. <u>Second</u>, because the '872 and '998 patents here do not share identical limitations with the earlier-construed ancestor patents (and there has been important prosecution history), further claim construction will likely be required regardless. *See* Section III.A.3 *supra*. <u>Third</u>, because venue over Acacia is **not** available in the Eastern District of Texas, the specifics of Ramot's infringement and damages case, and Cisco's and Acacia's defenses and rebuttal thereto, will almost certainly be different in Delaware than in Texas. Ramot, for instance, has repeatedly characterized Acacia as the component "supplier." *See, e.g.*, D.I. 21, Ex. F at 2, 5 ("Acacia is a supplier of DSPs included in some of the Accused Products."). But under the controlling patent-damages law, including that damages focus on the "smallest salable patent practicing unit," a damages case against an accused component supplier often differs both in valuation methodology and in final amount from a case against a seller of end products incorporating that component. Building a damages model around the entire value of an iPhone is a far cry from tailoring that model to the accused microchip component. *Cf. Microchip Tech. v. Aptiv Servs US LLC*, C.A. No. 17-1194-JDW, 2020 WL 5203600, at *6 (D. Del. Sep. 1, 2020) (focusing on the "smallest patent-practicing unit mitigates" the "risk of awarding damages for non-patented features").

For good reason, courts in this District have expressed concern that elevating judicial familiarity to pre-eminent status among the *Jumara* factors (as Ramot's motion would do) would have this one factor "dominate an analysis of judicial economy" in every case. *Roku*, 2021 WL 5299247, at *5. For instance, judicial familiarity should not play an outsized role when "there will be different claim terms to construe, different nuances to explore regarding infringement…and different issues at play regarding damages"—exactly the situation here, as shown above. *Shure*,

19

2020 WL 3250176, at *9; *see also Praxair, Inc. v. ATMI, Inc.*, C.A. No. 03-1158-SLR, 2004 WL 883395, at *2 (D. Del. Apr. 20, 2004) (factor weighs less when cases "involve different patents, claims, inventors, prosecution histories and a different set of alleged infringing activities").

### 3. The final balance weighs against transfer

The ultimate balancing of the *Jumara* factors here is remarkably similar to that in *TSMC* and *Shure*. As Delaware companies, Cisco's and Acacia's forum preference for Delaware weighs strongly against transfer—and Ramot has not come close to triggering the anticipatory-filing or forum-shopping exceptions needed to blunt that factor's strength. *See, e.g.*, *TSMC*, 2014 WL 725118, at *15; *Shure*, 2020 WL 3250176, at *11. Further, Ramot's preference is **less** strong than in cases like *TSMC*, because Ramot, an Israeli company, has no significant connection to Texas, other than having sued Cisco there in the past. All the other *Jumara* factors—besides "practical considerations"—are neutral. Finally, with respect to those "practical considerations," the Texas Court's familiarity with related patents from related litigation, standing alone, does **<u>not</u>** "demonstrate[] that the *Jumara* factors are 'strongly in favor' of transfer" under this Court's precedent. *Shure*, 2020 WL 3250176, at *1; *TSMC*, 2014 WL 7251188, at *21.

## IV. CONCLUSION

For the reasons set forth above, Ramot's motion should be denied, and this Court should maintain possession of the patent disputes between the parties in this District.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Plaintiffs Cisco Systems, Inc. and*
*Acacia Communications, Inc.*

OF COUNSEL:

L. Norwood Jameson
Matthew C. Gaudet
Matthew S. Yungwirth
John R. Gibson
Sajid Saleem
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA 30309-3939
(404) 253-6900

Joseph A. Powers
Aleksander J. Goranin
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000

Holly Engelmann
DUANE MORRIS LLP
100 Crescent Court, Suite 1200
Dallas, TX 75201
(214) 257-7226

September 13, 2022

21

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 13, 2022, upon the following in the manner indicated:

John G. Day, Esquire                          *VIA ELECTRONIC MAIL*
Andrew C. Mayo, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
*Attorneys for Defendant Ramot at Tel Aviv*
*University Ltd.*

Denise De Mory, Esquire                       *VIA ELECTRONIC MAIL*
Corey Johanningmeier, Esquire
BUNSOE DE MORY LLP
701 El Camino Real
Redwood City, CA  94063
*Attorneys for Defendant Ramot at Tel Aviv*
*University Ltd.*


*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)