# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 24, 2022

The Honorable Gregory B. Williams                VIA ELECTRONIC FILING
United States District Court
844 N. King Street
Wilmington, DE 19801

Re: *Cisco Sys., Inc. and Acacia Comm'ns, Inc. v. Ramot at Tel Aviv Univ. Ltd.*,
C.A. Nos. 21-1365 (GBW) and 22-674 (GBW)

Dear Judge Williams:

I write on behalf of declaratory-judgment defendant and counterclaim plaintiff Ramot at Tel Aviv University Ltd. ("Ramot"), to address the topics identified in the Court's Oct. 18, 2022 Oral Order (D.I. 41). Ramot appreciates the opportunity to present argument on its Motions to the Court, and regrets that its first appearance before Your Honor will be seeking to transfer these cases to another forum. As detailed in the Motions, however, judicial efficiency and comity seem best served by these actions continuing in the Eastern District of Texas.

The answers to the Court's first two questions: **1) whether counterclaims against Acacia can be venued in the Eastern District of Texas**, and **2) whether the Court may transfer counterclaims against Acacia to Texas**, are intertwined—and the reasons the answers are *yes* are addressed together here. In their opposition, Cisco and Acacia argue that "Acacia has no 'regular and established place of business'" in Eastern Texas under the patent venue statute, 28 U.S.C. § 1400(b). Ramot has not taken venue discovery and has no specific information to discredit this statement. But it needn't address the argument or the cases cited therein, because § 1400(b) does not apply to the DJ actions or counterclaims.

A civil action can only be transferred to a venue where it might properly have been brought. 28 U.S.C. § 1404(a). But "in declaratory judgment suits for patent invalidity or non-infringement the general venue provision, 28 U.S.C. § 1391, applies, rather than 28 U.S.C. § 1400(b)." *Horne v. Adolph Coors Co.*, 684 F.2d 255, 260 (3d Cir. 1982). Under general venue § 1391(b)(2), the portion of events giving rise to the action (*e.g.*, sales of products) indisputably occurring in Eastern Texas is enough for proper venue, as is personal jurisdiction over Acacia under (b)(3). Ramot, as a foreign corporation, could have a DJ action brought against it in any district. Cisco's and **Acacia's declaratory action would have proper venue in**, and **could therefore be transferred to**, Eastern Texas. This leaves the question of whether a DJ plaintiff can, through a transfer, be required to defend a counterclaim that allegedly could not have been originally brought in the transferee venue under § 1400(b). The answer is yes. Courts analyzing this issue have concluded that DJ plaintiffs waive their objection to counterclaim venue, including under § 1400(b).

For example, in *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.*, 286 F. Supp. 62, 65-68

{01849230;v1 }

The Honorable Gregory B. Williams
October 24, 2022
Page 2

(N.D. Ill. 1968) the Court examined this precise issue in detail, citing Moore's Federal Practice, the Supreme Court, and Judge Learned Hand in concluding that: "there is no denial of due process involved when a plaintiff is required to defend a counterclaim even in a district in which he could not have been sued originally." Section 1400(b) does not limit counterclaim venue. *Id.* at 67; *see also* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1416 (3d ed.) (noting that plaintiff "may not object that the court lacks personal jurisdiction or that venue is improper" for purposes of a compulsory counterclaim); *BASF Plant Science, LP v. Commonwealth Scientific and Industrial Research Organisation*, 28 F.4th 1247, 1262-63 (Fed. Cir. 2022) (original plaintiffs who under *General Electric* would be held to have forfeited venue protection); *Scovill Mfg. Co. v. Sunbeam Corp.*, 357 F. Supp. 943, 945 (D. Del. 1973) ("the effect of a counterclaim is ignored in determining where the declaratory judgment action could have been brought originally"). **Counterclaims against Acacia can be transferred with its DJ claims to Eastern Texas**.

When a party files a DJ action for non-infringement, counterclaims directed to infringement by the same products are compulsory—and will be waived or barred if not filed. *See, e.g.*, *Roche Diagnostics Corporation v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1124 (Fed. Cir. 2022). Ramot had no choice but to counterclaim against both Cisco and Acacia here—even though Ramot knew that provoking an infringement allegation was their true purpose in filing these actions.[1]

Finally, on question **3) whether the parties have agreed about a potential stay of C.A. No. 21-1365**, Ramot intends to oppose any further stay of its enforcement actions against Cisco to wait for Patent Office proceedings—which under Cisco's current practice, may never stop being filed. Ramot's infringement claims—and the (so far) **seventeen Patent Office proceedings and appeals therefrom** that Cisco has filed against Ramot's patent family—have already been a test case for patent policy at the intersection of district courts and the Patent Office. *In re Cisco Systems, Inc.*, 834 Fed. Appx. 571, 574 (Fed. Cir. 2020). And as the Court doubtless knows, district courts' varying practices on stays have become important enough to drive whole currents of patent litigation to or from particular venues.

Cisco and Acacia filed these DJ actions claiming that they sought to "remove the cloud of infringement allegations" over their products. C.A. No. 21-1365, D.I. 1 at ¶12. But now that IPRs have instituted, they are content to request another indefinite postponement under that cloud. *See id.*, D.I. 39 (announcing intention to seek stay). Ramot has already challenged institution of those IPRs. *See* Exhibit A. Delay from prior stays entered upon *ex parte* reexaminations has already impaired the enforcement of Ramot's duly issued and presumptively valid patents. Ramot respectfully requests that given the complexity of the issues around stays in these cases, the Court wait for Cisco's and Acacia's motion, and full briefing on the subject, before ruling on any stay.

---

[1] Anyone can file an IPR, but only accused infringers have automatic standing to appeal from any adverse results. *See, e.g.*, *Apple Inc. v. Qualcomm Inc.*, 17 F.4th 1131, 1136 (Fed. Cir. 2021). Cisco and Acacia needed a counterclaim—not wanting to allege their own infringement to establish the required injury-in-fact for standing to appeal if this round of IPRs also went poorly.

{01849230;v1 }

The Honorable Gregory B. Williams
October 24, 2022
Page 3

                                                          Respectfully,

                                                          */s/ Andrew C. Mayo*

ACM/nlm                                                Andrew C. Mayo (#5207)

cc:      All counsel of record (via electronic mail)

{01849230;v1 }