# Exhibit A

UNITED STATES PATENT AND TRADEMARK OFFICE

————————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————————

CISCO SYSTEMS, INC.,
Petitioner,
v.
RAMOT AT TEL AVIV UNIVERSITY LTD.,
Patent Owner.

————————————

Case IPR2022-00575
Patent No. 11,133,872

————————————

**PATENT OWNER'S
REQUESTS FOR REHEARING PURSUANT TO 37 C.F.R. § 42.71(d) AND
PRECEDENTIAL OPINION PANEL REVIEW**

IPR2022-00575
Patent No. 11,133,872

## TABLE OF CONTENTS

<u>Page</u>

I.      INTRODUCTION ............................................................................1

II.     THE MATERIAL ERROR REQUIREMENT PROTECTS
        IMPORTANT PATENT OWNER INTERESTS..............................7

III.    THE BOARD SHOULD NOT HAVE INSTIUED THE IPR
        BECAUSE CISCO FAILED TO DEMONSTRATE MATERIAL
        ERROR IN THE EXAMINER'S CONSIDERATION..................8

IV.     THE BOARD SHOULD NOT HAVE INSTIUED THE IPR
        BECAUSE CISCO FAILED TO DEMONSTRATE A
        LIKELIHOOD OF SHOWING OBVIOUSNESS .......................15

V.      CONCLUSION..............................................................................18

IPR2022-00575
Patent No. 11,133,872

# TABLE OF AUTHORITIES

<u>Page(s)</u>

**Cases**

*Advanced Bionics, LLC v. MED-EL Elektromedizinische Geräte GmbH*,
    IPR2019-01469 (PTAB Feb. 13, 2020) ...................................................... passim

*Dynatemp Int'l, Inc. v. R421A LLC*,
    IPR2020-01660 (P.T.A.B. Apr. 20, 2021) ...........................................................10

*Ecolochem, Inc. v. Southern California Edison Co.*,
    227 F.3d 1361 (Fed. Cir. 2000)...........................................................................16

*Ex Parte Jutta Schomacher, et al.*,
    Appeal 2021-001691, Decision, 2022 WL 1186251 (P.T.A.B. April 11, 2022).16

*In re Cisco Systems, Inc.*,
    834 Fed. Appx. 571 (Fed. Cir. 2020) ....................................................................5

*In re Dembiczak*,
    175 F.3d 994 (Fed. Cir. 1999)..............................................................................16

*In re Fine*,
    837 F.2d 1071 (Fed. Cir. 1988)............................................................................16

*In re Kotzab*,
    217 F.3d 1365 (Fed. Cir. 2000)............................................................................16

*Stone Basket Innovations, LLC v. Cook Med. LLC*,
    892 F.3d 1175 (Fed. Cir. 2018).............................................................................7

**Statutes**

35 U.S.C. § 282 ........................................................................................................7

## I.    INTRODUCTION

Patent Owner Ramot at Tel Aviv University Ltd. respectfully requests rehearing and Precedential Opinion Panel review of the Board's October 5, 2022 Institution Decision (Paper 10, hereinafter "Decision") to consider matters of exceptional importance regarding the Patent Trial and Appeal Board's policy and procedure and, by extension, the patent system as a whole.    The Decision improperly applied the Office's precedents that require a ***showing of material error*** in the consideration of matters admittedly already considered by the Examiner— instead granting institution merely because "the Examiner did not reject the claims" over the particular combination urged by Petitioner Cisco.  Decision at 35.

Neither Cisco's Petition nor the Decision showed any mistake, misapprehension, or actual evidence of overlooking by the Examiner—instead treating Cisco's substantive argument as if self-evident, which it is not, and criticizing the Examiner's failure to adopt it.    *Id.* at 38 ("failing to reject the claims").  More is required if any pretense of deference to, or consistency with, prior Examiner consideration is to be maintained.

If it can be "material error" simply to ***not do what Petitioner and accused infringer Cisco would want*** by rejecting the claims over the references under consideration—then the Decision has erased all deference to the original Examination under *Advanced Bionics* and *Becton, Dickinson*, has frustrated Patent

Owner's reasonable reliance on the (recent) outcomes of its patent prosecutions, and has effectively appointed private accused infringers like Cisco as super-Examiners.

The Decision is incorrect and should not be allowed to stand, or to be relied on by subsequent petitioners.  It frustrates the "commitment to defer to previous Office evaluations of the evidence of record unless material error is shown," as required by the *Advanced Bionics* and *Becton, Dickinson* precedential framework.  There is no dispute that the references were considered by the Examiner and "the first [*Advanced Bionics*] prong is met."  Decision at 32.  But at Cisco's urging—taking as if a proven fact Cisco's unsupported assertion that the Petition arguments must have been "overlooked"—the Decision improperly undertakes its own *de novo* review of Cisco's arguments about the indisputably Examiner-considered references.

The Office issued the Examiner-allowed claims—over an earlier Examiner rejection based on *Roberts* and over repeated Patent Owner citation of *Taraschuk*—on September 28, 2021.  Cisco filed a Declaratory Judgment action **that same day** to provoke an infringement accusation, then filed the Petition here nine days after that counterclaim accusation occurred.  In other words, Cisco began setting up this challenge the very moment the patent issued.  Cisco did the same for Ramot's later '998 Patent, filing a Declaratory Judgment action at 12:01 a.m. the day the patent

issued and an IPR shortly thereafter.  *See* IPR2022-01283.

Proper deference to the Examiner—and the requirement to ***show*** material error to overcome it—is the very thing intended by past precedential decisions of the Board to prevent accused infringers from turning AIA reviews into immediate *de novo* private appellate examinations.  Anyone can ***allege*** it was error to overlook any argument.  And with dozens or even hundreds of considered references in a prosecution, the reservoir of serial considered-but-not-specifically-discussed combinations that can be petitioned about is bound only by the will of accused infringers to pay filing fees or the willingness of the Office to say "enough is enough."[1]  The Director understood this when installing the precedential framework here—describing a presumption that the Examiner did their job with references before them, and a requirement to ***show*** in the Petition evidence suggesting material error in order to initiate proceedings to the contrary.  Decision at 32 ("if Petitioner demonstrates that the Office erred in its prior consideration, in a manner that is material to the patentability of the challenged claims").

Patent Owner's Preliminary Response ("POPR") discussed at length how the material error showing required by Board precedent cannot be met by Cisco's bare

---

[1] Cisco did not allege the *Roberts-Taraschuk* combination in its first round of IPRs attacking related Ramot at Tel Aviv University patents, or in their refiling as EPRs.

argument that certain disclosures should have prompted a rejection. POPR, Paper 8 at 9-13, 19-20, 23-26 (P.T.A.B. July 7, 2022). No known Board decision has ever before so held. Because to do so completely vitiates the material error showing requirement and the related presumption that the Examiner did their job—and substitutes Cisco's (or the Board's) judgment for the Office's prior determination. *Id.* at 20.

Inconsistent results like the Decision here weaken the patent system and undermine valuable patents duly examined and issued by the Office. Ramot at Tel Aviv University owns many hundreds of U.S. patents, arising, like the eleven patents in this family, from published research by professors and other researchers at TAU. *See, e.g.*, Ehrlichman, *et al.*, "*Improved Digital-to-Analog Conversion Using Multi-Electrode Mach–Zehnder Interferometer*," IEEE Journal of Lightwave Technology, vol. 26, no. 21, pp. 3567-3575, Nov. 1, 2008; Ehrlichman *et al.*, "*Generation of M-ary Signals Using a Single Mach Zehnder Interferometer*," SPIE Proc., 7218, Integrated Optics: Devices, Materials, and Technologies XIII, 72180L, Feb. 9, 2009. These are not "low quality patents," and they were carefully reviewed by Examiners of the Office for many years prior to issue, beginning in 2007. Ramot at Tel Aviv University repeatedly submitted the prior art references in question to Examiners, and even overcame a rejection here based on Cisco's base *Roberts* reference. The '872 Patent here issued, and then less than five months later it was

under re-review simply because an infringer wished the Examiner had concluded differently—and claimed it was "material error" not to.

The pendulum has swung too far. Patent Owners like Ramot at Tel Aviv University seemingly cannot now enforce their duly issued patents without having to defend (so far) ***seventeen Office proceedings and appeals therefrom***. *See, e.g.*, POPR, Paper 8 at 1. Accused infringers like Cisco are figuratively waiting outside the doors of the Office to waylay patents they do not like, as here doing so the very minute the Office issues them.

Cisco's self-appointed super-Examiner role here was doubtless what it intended and hoped for when it lobbied for and helped draft the America Invents Act.[2] Cisco's preference for Office proceedings over trials is doubtless the reason Cisco has filed six IPRs, four dismissed appeals, and seven *ex parte* reexaminations to date against Ramot at Tel Aviv University's patent family. *See In re Cisco Systems, Inc.*, 834 Fed. Appx. 571, 574 (Fed. Cir. 2020) ("While Cisco prefers to raise those arguments before the Board, it has no clear and indisputable right to do

---

[2] Cisco's former General Counsel testified to Congress that he worked "locked in a room" with then PTO Director Kappos to draft proposed language for the bill. *See America Invents Act: Hearing Before the Subcomm. on Intellectual Property, Competition, and the Internet*, 112 Cong. 103 (March 30, 2011).

so."). But Ramot at Tel Aviv University is also an important and essential stakeholder in the patent system, investing substantial resources in the disclosure and development of intellectual property in conjunction with the Office, from inventions created at Tel Aviv University. And crucially, Ramot at Tel Aviv University relies on consistency from the Office as it enforces the rights it has worked hard to obtain from it.

The least that Patent Owners can expect from the Board is that it defer to Examiner consideration of references consistent with *Advanced Bionics* and other precedential holdings, rather than redo their work *de novo* months later guided by arguments from accused infringers. The least that the Board must expect from Petitioners under the precedential framework is that they show evidence of material error—rather than just disagreeing with the result of the Examiner's review. *See, e.g.*, *Advanced Bionics, LLC v. MED-EL Elektromedizinische Geräte GmbH*, IPR2019-01469, Paper 6 at 10 (PTAB Feb. 13, 2020) (precedential) ("whether the petitioner has demonstrated a material error by the Office"); POPR, Paper 8 at 9-13 ("Cisco can't defeat a presumption that the Examiner considered *Taraschuk* with an unsupported assertion that the Examiner ignored *Taraschuk*").

The Decision misapplies the requirements of the *Advanced Bionics* precedential framework—instituting not to correct material error but only because "the Examiner did not reject the claims over Taraschuk in combination with

Roberts" as the Board apparently now would have.  Decision at 35.  The *Advanced Bionics* material error showing requirement directs the Board to presume the Examiner made an informed choice not to so reject the claims—absent evidence of misapprehension that Cisco failed to show here.  The Decision must be reversed.

## II.    THE MATERIAL ERROR REQUIREMENT PROTECTS IMPORTANT PATENT OWNER INTERESTS

Examiners are presumed to have done their job properly.  POPR at 2, 10; *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1179-80 (Fed. Cir. 2018).  This includes considering all of the prior art references before them, and considering those references "in combination."  POPR at 10; M.P.E.P. §707.05.  Accordingly, issued patents are presumed valid and heightened burdens of proof apply to efforts to invalidate them.  35 U.S.C. § 282 ("A patent shall be presumed valid.").

These presumptions—if remembered and honored—help Patent Owners like Ramot at Tel Aviv University rely on the issued patents they work to obtain from the Office—including as they undertake expensive enforcement efforts against recalcitrant and heavily resourced accused infringers.  A patent that can be perpetually re-challenged until nothing remains of its life is less valuable, no matter what invention it claims.  *See* POPR at 9 (noting interests of Patent Owners in quiet title to their already adjudicated rights).  This Petition is part of Cisco's ***third*** round

of *Roberts*-based IPRs and EPRs filed against patents in the family of the '872 Patent.

As the Decision acknowledges, the *Advanced Bionics* and *Becton, Dickinson* precedential framework governs analysis of whether to institute proceedings concerning previously considered art and arguments under § 325(d). POPR at 13-14; Decision at 29-31. The first framework prong is admittedly satisfied here—the Examiner did consider *Roberts* and *Taraschuk*. POPR at 15-19; Decision at 32 ("the first prong is met").

The second prong of that framework requires a Petitioner showing of material error in the Examiner's consideration. POPR at 14; Decision at 30. The material error showing requirement protects the presumption of validity and Patent Owner reliance interests discussed above: "At bottom, this framework reflects *a commitment to defer to previous Office evaluations of the evidence* of record unless material error is shown." Decision at 31 (*citing Advanced Bionics*, IPR2019-01469, Paper 8 at 9) (emphasis added).

## III. THE BOARD SHOULD NOT HAVE INSTIUED THE IPR BECAUSE CISCO FAILED TO DEMONSTRATE MATERIAL ERROR IN THE EXAMINER'S CONSIDERATION

Under the precedential framework, there can be no material error simply in not doing a rejection, of disputed merit, that accused infringer Cisco now wishes

had been done.  The Decision twice describes the alleged material error as simply *not rejecting the claims* over the combination.

Decision at 35:

> We disagree with Patent Owner because Petitioner has demonstrated that material error in the Examiner's consideration of Taraschuk. In particular, ***the Examiner did not reject the claims*** over Taraschuk in combination with Roberts.

Decision at 38:

> For the foregoing reasons, we determine that Petitioner has sufficiently demonstrated material error in the Examiner's consideration of Taraschuk, in particular, ***in failing to reject the claims*** over Taraschuk in combination with Roberts.

The question of why the Examiner did not so reject the claims—over a combination that the Examiner presumptively and admittedly did consider—is never answered in either the Petition or the Decision.  *See, e.g.*, POPR at 10-12.  The presumption that the Examiner properly did their job fills in this blank.  The Examiner had good reason not to reject, unless and until Cisco demonstrates material error in that reason—and it has not.

In between and around these statements above, the Decision merely discusses the stark disagreement between Patent Owner and Petitioner over whether

IPR2022-00575
Patent No. 11,133,872

or not the alleged *Taraschuk* disclosures mean what Cisco suggests, or are significant to obviousness analysis. Decision at 32-38. But *Advanced Bionics* does not contemplate, and its precedential requirement of deference does not permit, the Board acting as referee and deciding a subsequent dispute over what the Examiner should have done. IPR2019-01469, Paper 8 at 9 ("At bottom, this framework reflects a commitment to defer to previous Office evaluations of the evidence of record unless material error is shown").

The correct analysis under the second prong of the *Advanced Bionics* framework is **whether and how Cisco showed the Examiner materially erred**— not whether Cisco or Ramot at Tel Aviv University is right about the merits of the combination. Again, *Advanced Bionics* commands a deferential review for material error, not a *de novo* re-review of the merits. "**If reasonable minds can disagree regarding the purported treatment of the art or arguments, it cannot be said that the Office erred in a manner material to patentability**." *Dynatemp Int'l, Inc. v. R421A LLC*, IPR2020-01660, Paper 15 at 10-26 (P.T.A.B. Apr. 20, 2021) (*quoting Advanced Bionics*, IPR2019-01469, Paper 6 at 9) (emphasis added); *see also* POPR at 11-12 (collecting cases).

There may be, in some case, some disclosures in a particular reference that are so persuasive, that they self-evidently must have been overlooked. POPR at 20. But *Taraschuk*'s cited disclosures are not that—as seen in the vigorous merits

debate chronicled by the Board in the Decision. *Taraschuk* alone was alleged to render obvious the element of a "***digital-to-digital mapping***" that is "determined based on a pattern for actuating drive voltages"—with an embodiment that takes as an input a fed-back ***analog*** sample. POPR at 25, 45-47 (*citing* EX1006 at 7:67-8:5, Figs 5 and 6, 7:25-38 ("sampled analog signal level (S)")). The proper treatment of these disclosures is debatable and debated, in the Petition, the POPR, and now the Decision.

It was perfectly reasonable for the Examiner to conclude that these elements were not obvious from a combination stitched together from the ill-described black box of *Taraschuk*'s "linearizer 44," somehow jammed into the nowhere-described black box of *Roberts*' "DSP 34." POPR at 45-48; Ex. 1005, Figs. 2, 4; Ex. 1006, Fig. 6. The Examiner presumptively so concluded under the *Advanced Diagnostics* framework's first prong, and the myriad authorities cited above endorsing a presumption of competent consideration. Decision at 32. And the *Advanced Diagnostics* framework's second prong doesn't permit the Board to now disagree— or open time-consuming and expensive proceedings to re-evaluate—without a showing of material error. *Id.*; *Advanced Bionics*, IPR2019-01469, Paper 6 at 8-9:

> (2) if either condition of first part of the framework is satisfied, whether the petitioner has demonstrated that the Office erred in a manner material to the patentability of challenged claims. If a

condition in the first part of the framework is satisfied and the petitioner fails to make a showing of material error, the Director generally will exercise discretion not to institute *inter partes* review. If reasonable minds can disagree regarding the purported treatment of the art or arguments, it cannot be said that the Office erred in a manner material to patentability. At bottom, this framework reflects a commitment to defer to previous Office evaluations of the evidence of record unless material error is shown.

"The record of the Office's previous consideration of the art" is not "silent." *See Advanced Bionics*, IPR2019-01469, Paper 6 at 10. The framework does not require discussion of every possible combination. *Id.* The Examiner and Patent Owner discussed *Roberts* and the claims were subsequently allowed. The Board discussed *Roberts* in denying IPR2020-00484. The Office's Examiners have considered *Taraschuk* nine times—never deeming it worth discussion—during prosecution of the '872 and related patents. POPR at 2, 18. Cisco's Petition only **alleged** that *Taraschuk*'s disclosures were overlooked. Neither the Petition nor the Decision pointed to any evidence that the disclosures were overlooked. They presumptively were **not** overlooked.

"[F]ailing to reject the claims" over the combination of *Roberts* and *Taraschuk* could only be "material error" if the disclosures were so compelling and persuasive that reasonable minds could not disagree. *Advanced Bionics*, IPR2019-

01469, Paper 6 at 8-10.  The Petition does not allege, and the Decision does not find, any such thing.  In fact, the Decision proves otherwise, with its extensive discussion of how Petitioner and Patent Owner disagree over interpretation of the disclosures.  Indeed, the Decision even solicits further briefing on whether "explicit construction is necessary" for the very element *Taraschuk* is disputedly relied on. Decision at 24-25.

If a Board trial—including contested briefs on the potential need for claim construction—is needed to determine whether the Examiner would have been right to reject the claims over a combination, then the disclosures of that combination cannot be said to be so persuasive that it would be material error to have "overlooked" them.  And the Board cannot be said to properly "defer to previous Office evaluations" by holding such a trial.

The showing that is required under *Advanced Bionics* in order to have the Board institute trial over a proposed rejection that the Examiner presumptively considered and then declined to make is an important, and recurring, issue—one implicating the strength of patents issued by the Office and the ability of Patent Owners to rely on the Office's prior determinations.  Here there just wasn't any such showing at all.  Cisco instead simply invited, and the Decision improperly accepted, yet another *de novo* Office review of *Roberts*-based prior art arguments— a species that now includes five other IPRs and four EPRs, on top of the repeated

consideration by Examiners.  *See* POPR at 29.

The Decision should be reviewed and reversed, in order to clarify for Patent Owners and serial Petitioners alike how and when the Office's prior determinations will stand—and to establish that AIA reviews at the Office are not an infinite well of re-examination attempts for accused infringers like Cisco.  The '872 Patent is the ninth patent in a family that has been Examined by the Office for more than thirteen years, against prior art filling up three pages of citations.  Ex. 1001 at pp. 2-4.  The Board's precedents—as well as general Office policy supporting strong patents and reliance on the Office's decisions—require more deference to Examiner consideration of prior art references and combinations than the Decision gives.

When a particular combination has been considered but not explicitly discussed, the appropriate and required level of deference is to demand Petitioner show that the proposed argument is so persuasive, no reasonable Examiner could have failed to act on it.  *Advanced Bionics*, IPR2019-01469, Paper 6 at 9-10.  This was not shown here, and so rehearing and Precedential Order Panel review of the Decision is a just and appropriate vehicle to clarify this aspect and requirement of *Advanced Bionics* to Cisco, Ramot at Tel Aviv University, and the Office's stakeholders generally.

IPR2022-00575
Patent No. 11,133,872

## IV. THE BOARD SHOULD NOT HAVE INSTIUED THE IPR BECAUSE CISCO FAILED TO DEMONSTRATE A LIKELIHOOD OF SHOWING OBVIOUSNESS

Finally, the Board erred in instituting the Petition because it is fundamentally flawed on the merits. For example, the Petition left out any discussion of the required motivation to combine the references, providing only impermissible hindsight-based reasoning. *See* POPR at 6-7, 45-51. It is axiomatic, and essential, that some motivation beyond alleged identification of the elements in various references must be shown. *Id.* at 50 (citing cases). Even combinations of known elements can be novel.

Cisco, and the Decision, identify nothing in *Roberts* that would lead to or suggest the mapping solution of *Taraschuk*. *Id.* at 49-50. Instead, the Decision's "Analysis of Patent Owner's Arguments and Petitioner's Rationale for Combining" **assumes** the combination and criticizes Ramot at Tel Aviv University for not also doing so. Decision at 24 ("attacks Roberts and Taraschuk individually instead of in the combination proposed by Petitioner"). But a properly established motivation for a combination is a required prerequisite, missing here, to analyzing a combination of references together for obviousness purposes.

The cases cited by the Decision at page 19 are inapposite—only *Taraschuk* is taken to disclose mapping here. As another Board panel recently agreed: "reliance on *Keller* and *Merck* is inapposite" when only one of the combined

references is relied on for the particular element. *Ex Parte Jutta Schomacher, et al.*, Appeal 2021-001691, Decision, 2022 WL 1186251 at *10 (P.T.A.B. April 11, 2022).

"Obviousness cannot be established by combining the teachings of the prior art to produce the claimed invention, absent some teaching or suggestion supporting the combination." *Ecolochem, Inc. v. Southern California Edison Co.*, 227 F.3d 1361, 1371-72 (Fed. Cir. 2000) (citing cases). The Federal Circuit has repeatedly and for a long time cautioned that: "We 'cannot use hindsight reconstruction to pick and choose among isolated disclosures in the prior art to deprecate the claimed invention.'" *See, e.g.*, *id.* (*quoting In re Fine*, 837 F.2d 1071, 1075 (Fed. Cir. 1988)). And the Federal Circuit's prescribed way to guard against impermissible use of hindsight is "the ***rigorous application of the requirement for a showing of a teaching or motivation to combine*** the prior art references*."* *In re Dembiczak*, 175 F.3d 994, 999 (Fed. Cir. 1999) (emphasis added); *see also In re Kotzab*, 217 F.3d 1365, 1371 (Fed. Cir. 2000) ("particular findings must be made as to the reason the skilled artisan, with no knowledge of the claimed invention, would have selected these components for combination in the manner claimed"); POPR at 49-50.

*Roberts* doesn't disclose or suggest the claimed mapping. POPR at 42-44. And the Decision doesn't even take Cisco to be arguing that it does. Decision at

36 ("Petitioner does *not* appear to rely on Roberts' teaching of mapping"). Indeed, this same Board panel, considering *Roberts* in Cisco's earlier IPRs, stated that: "Petitioner does not sufficiently explain how DSP 34 is used for mapping." *See* POPR at 5 (*citing* IPR2020-00484, Paper 10, at 15-16). That decision faulted Cisco for "choos[ing] features from multiple embodiments in Roberts with little explanation to support their combination." IPR2020-00484, Paper 10, at 16.

Two years later, the Decision here improperly changed approach, and assumed for preliminarily purposes that "Roberts' DSP 34 teaches the claimed converter" and "Taraschuk teaches the claimed digital-to-digital mapping." Decision at 19. But there is no "explanation to support their combination" for the references in this Petition either. *See* POPR at 6-7, 45-51. The Board should have treated the alleged combination of *Roberts* and *Taraschuk* the same way it treated the alleged combination of embodiments in *Roberts* two years ago in IPR2020-00484—requiring, and not finding because it doesn't exist, an explicit motivation to combine. The Decision reversibly erred in treating the alleged combination of *Roberts* and *Taraschuk* together and in ignoring Patent Owner's clear indications of both the missing disclosures of each (POPR at 41-48), and the lack of justification for combining them (*id.* at 49-51).

## V.    CONCLUSION

For all of the reasons detailed above, including because the Decision improperly applies the precedential standard requiring a showing of material error to re-hear matters that were recently before the Examiner, Patent Owner Ramot at Tel Aviv University Ltd. requests Rehearing and Precedential Opinion Panel Review, and that the Decision below be overturned.


Dated:  October 19, 2022                    Respectfully submitted,


                                            /s/ Brenda Entzminger
                                            Brenda Entzminger, Lead Counsel
                                            Reg. No. 76,896
                                            Corey Johanningmeier, Back-Up Counsel
                                            (*pro hac vice*)
                                            **BUNSOW DE MORY LLP**
                                            701 El Camino Real
                                            Redwood City, CA 94063
                                            Telephone: 650-351-7248
                                            Facsimile: 415-426-4744
                                            bentzminger@bdiplaw.com
                                            cjohanningmeier@bdiplaw.com

                                            *Counsel for Patent Owner*

IPR2022-00575
Patent No. 11,133,872

## CERTIFICATE OF SERVICE

Petitioner has consented to e-mail service in this proceeding.  Pursuant to 37 C.F.R. §42.6, the undersigned certifies that on October 19, 2022, a copy of the foregoing document was served by email upon the following counsel at the below email addresses:

Theodore M. Foster (USPTO Reg. No. 57,456)
ipr.theo.foster@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Ave. Suite 700
Dallas, TX 75219
Phone: (972) 739-8649

David L. McCombs (USPTO Reg. No. 32,271)
David.mccombs.ipr@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Ave. Suite 700
Dallas, TX 75219
Phone: (214) 651-5533

Calmann J. Clements
calmann.clements.ipr@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Ave. Suite 700
Dallas, TX 75219
Phone: (972) 739-8638

*/s/ Brenda Entzminger*
Brenda Entzminger
Reg. No. 76,896
**BUNSOW DE MORY LLP**
701 El Camino Real

IPR2022-00575
Patent No. 11,133,872

Redwood City, CA 94063
Telephone: 650-351-7248
Facsimile: 415-426-4744
bentzminger@bdiplaw.com

*Lead Counsel for Patent Owner*