# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jennifer Ying**
(302) 351-9243
(302) 225-2570 FAX
jying@morrisnichols.com

December 9, 2022

The Honorable Gregory B. Williams             *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE  19801-3555

 Re:   *Cisco Sys., Inc. and Acacia Comm'ns, Inc. v. Ramot at Tel Aviv Univ. Ltd.,*
       C.A. Nos. 21-1365; 22-674 (GBW)

Dear Judge Williams:

I write on behalf of the parties in response to the Court's November 21, 2022 Oral Order. *See* D.I. 54.[1] In the Oral Order, the Court asked the parties to provide an explanation for the following changes from the Court's form scheduling order: Paragraphs 3(b), 4(e)(i), 4(e)(ii), 4(f)(ii), 7, 12, and 21.

By way of background, the parties note that they had agreed upon a scheduling order that was based on Judge Burke's form scheduling order pursuant to the Court's March 9, 2022 Standing Order regarding cases assigned to the vacant judgeship. *See* D.I. 18. Accordingly, when the parties re-submitted the proposed revised scheduling order (D.I. 50), they incorporated the additional provisions that were agreed upon.

With respect to the specific paragraphs of the proposed revised scheduling order that differ from Your Honor's form scheduling order, the parties respectfully submit as follows:

- Paragraph 3(b): This provision relates to the production of core technical documents by Cisco and Acacia. Based upon documents produced in earlier litigation between Ramot and Cisco, Ramot requested that Cisco and Acacia produce categories of documents Ramot reasonably believes exist relating to the accused products, and Cisco and Acacia have agreed to produce those documents, to the extent they exist. In addition, the parties have agreed that document produced in the earlier litigations (including documents previously produced by Acacia in response to a subpoena) may be re-used here, and the parties

---

[1] Unless otherwise noted, all docket citations are to C.A. No. 21-1365.

The Honorable Gregory B. Williams
December 9, 2022
Page 2

> provided a framework for use in the protective order that was entered by the Court. *See* D.I. 30 at ¶ 29.

- Paragraph 4(e)(i): This provision relates to the limit on deposition hours. The parties agreed to clarify that the 70-hour limit does not apply to experts and third parties.

- Paragraph 4(e)(ii): The parties have corrected typographical errors in the last sentence of this paragraph in the attached revised proposed scheduling order. The parties respectfully submit that the revised paragraph is consistent with the Court's form scheduling order.

- Paragraph 4(f)(ii): To try to limit the potential for disputes regarding whether an expert has exceeded the scope of his or her previous expert report(s), the parties have agreed that for purposes of case dispositive motions and *Daubert* motions, the parties will not submit expert declarations except to authenticate portion(s) of their expert reports served previously. In the attached revised proposed scheduling order, the parties have corrected a typographical error in this paragraph.

- Paragraph 7: Pursuant to the Court's November 21, 2022 Oral Order, the parties have reverted the language in this paragraph to the Court's form order in the attached revised proposed scheduling order.

- Paragraph 12: The parties have agreed that along with the service of their respective final contentions, they will supplement the underlying identifications that correspond with the final contentions.

- Paragraph 21: In the attached proposed revised scheduling order, the parties have modified the start time for the first day of trial to begin at 9:30 a.m.

- Paragraph 25: The parties have added new paragraph 25 to include the language as set forth in the Court's November 21, 2022 Oral Order.

The parties have also made minor adjustments to the dates in paragraphs 3(c), 3(d), and 8 from the parties' original submission to accommodate counsel's conflicts.

Counsel is available should the Court have any questions.

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

JY:lo
Encl.
cc: Clerk of the Court (via hand delivery)
    All Counsel of Record (via CM/ECF and e-mail)