EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Delaware

| | | |
|---|---|---|
| Cisco Systems, Inc., Acacia Communications, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  21-1365-GBW, 22-674-GBW |
| Ramot at Tel Aviv University Ltd. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:       Lumentum Operations LLC, 1001 Ridder Park Drive, San Jose, CA 95131
c/o registered agent: TELOS LEGAL CORP., 1012 COLLEGE ROAD, SUITE 201, DOVER, DE 1990

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:       See attached Schedule A

| Place: Duane Morris LLP, Spear Tower, One Market Plaza, Suite 2200, San Francisco, CA 94105 | Date and Time: 09/18/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:     Audio, Video, and Stenographic (LiveNote)

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       08/25/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Holly Engelmann |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Cisco Systems, Inc. and Acacia Communicastions, Inc.
, who issues or requests this subpoena, are:

Holly Engelmann, DUANE MORRIS LLP, Las Cimas IV, 900 S. Capital of Texas Hwy., Ste 300, Austin, Texas 78746; Tel: (512 ) 277-2300; hengelmann@duanemorris.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    21-1365-GBW, 22-674-GBW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                       _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Federal Rule of Civil Procedure 45(B), the deposition will be recorded by stenographic, audio, video, and/or real-time transcription (e.g. LiveNote) means. The examination will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      The term "Action" mean the above-captioned cases entitled *Cisco Systems, Inc. et al. v. Ramot at Tel Aviv University Ltd.*, No. 21-1365-GBW and 22-674-GBW (D. Del), currently pending in the United States District Court for District of Delaware.

2.      "Lumentum" "You," or "Your" means Lumentum Operations LLC, individually and collectively, including without limitation its subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Lumentum Operations LLC, and all other persons acting or purporting to acting on behalf of Lumentum Operations LLC.

3.      "Ramot" or "Defendant" shall mean Defendant Ramot at Tel Aviv University Ltd., including without limitation its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, the named inventors of the Patents-in-Suit, and all other persons acting on behalf of any of them.

4.      "Plaintiffs" or "Cisco" shall refer collectively to Cisco Systems, Inc. and Acacia Communications, Inc.

5.      The terms "document(s)" and "thing(s)" are used in their broadest sense and include documents in any form, including those stored electronically.  Any comment or notation appearing on any document or thing, and not part of the original, is to be considered a separate document or thing.

6.      "Person" or "persons" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

7.      "Communication" or "communications" means any transmittal of information, whether written (including electronic) or oral, in the form of facts, ideas, opinions, inquiries, or otherwise.

8.      "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.      "Include" and "including" are to be read as followed by the phrase "without limitation," so as to acquire the broadest meaning possible.

10.     The terms "concerning," "regarding," "relating to," or "related to" in regard to a particular subject shall mean, without limitation, assessing, analyzing, constituting, containing, comprising, describing, discussing, embodying, reflecting, evidencing, identifying, memorializing, stating, or referring to such subject.

11.     "Entity" means any natural person, domestic or foreign government unit or business organization, including partnerships, associations, corporations, joint ventures, laboratories, or any group of persons whether incorporated or not.

12.     All other terms, unless specifically defined, are to be given their ordinary meaning, except that any legal terms of art are to be given the meaning as understood in the field of law.

13.     The singular shall always include the plural and the present shall also include the past tense. Any pronoun shall mean the masculine, feminine, and/or neuter gender as in each case is most appropriate.

14.     The use of the present tense shall be construed to include the past tense, and vice versa, so as to make the requests inclusive rather than exclusive.

## **INSTRUCTIONS**

1.     For a statement of your obligations in producing documents under this subpoena, see Rule 45 of the Federal Rules of Civil Procedure, which appears on the reverse side of the subpoena.

2.     You are to search all hard and electronic documents (including emails) within your possession, custody or control, wherever located, including any document or thing place in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his/her residence or place of business), in order to fully respond to the requests.

3.     All documents (including emails) that are responsive in whole or in part to any of the requests herein shall be produced in full, without abridgement, abbreviation or deletion of any sort.  If any such document cannot be produced in full, produce the document to the extent possible and indicate in your written response what portion of the document is not produced and why it could not be produced.

4.     Where a claim of privilege is asserted in responding or objecting to any discovery request or sub-part thereof,

a. in the response or objection to the discovery request or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if

the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked; and

b.   provide the following information in the objection:

(a) for documents: (i) the identities of the author(s), addressee(s) and recipient(s); (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the location of the document.

(b) for oral communications: (i) the identity of the person making the communication and the identity of all persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of the communication; and (iii) the general subject matter of the communication.

5.   If any document requested to be identified or produced has been destroyed, provide the following additional information as to each such document, (a) the date of destruction of the document, (b) the reason for the destruction of the document, (c) the identification of the person who destroyed the document, and (d) the identification of any person who directed that the document be destroyed.

## <u>DEPOSITION TOPICS</u>

1.     Datasheets relating to CFP2-ACO optical modulators that You have sold to Cisco on or after July 24, 2018.

# EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| RAMOT AT TEL AVIV UNIVERSITY LTD. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| | ) |
| CISCO SYSTEMS, INC. | ) |
| _Defendant_ | ) |

Civil Action No.   21-1365-GBW, 22-674-GBW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Lumentum Operations LLC, 1001 Ridder Park Drive, San Jose, CA 95131
c/o registered agent: TELOS LEGAL CORP., 1012 COLLEGE ROAD, SUITE 201, DOVER, DE 1990

_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule B

| Place: Duane Morris LLP, Spear Tower, One Market Plaza, Suite 2200, San Francisco, CA 94105 | Date and Time: 09/15/2023 9:00 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       08/25/2023

|  | |
|---|---|
| _CLERK OF COURT_ | OR |
| _Signature of Clerk or Deputy Clerk_ | /s/ Holly Engelmann |
| | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Cisco Systems, Inc.
, who issues or requests this subpoena, are:

Holly Engelmann, DUANE MORRIS LLP, Las Cimas IV, 900 S. Capital of Texas Hwy., Ste 300, Austin, Texas 78746;

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 21-1365-GBW, 22-674-GBW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

You are required to produce documents at the place, date and time specified in the attached subpoena, or at such other time as may be agreed to, in accordance with the Federal Rules of Civil Procedure (and the following Definitions and Instructions). An agreed Protective Order is in place in this action, a copy of which is attached hereto. The Protective Order contains provisions relating to the protection of confidential information of third parties.

## **DEFINITIONS**

1.      The term "Action" mean the above-captioned cases entitled *Cisco Systems, Inc. et al. v. Ramot at Tel Aviv University Ltd.*, No. 21-1365-GBW and 22-674-GBW (D. Del), currently pending in the United States District Court for District of Delaware.

2.      "Lumentum" "You," or "Your" means Lumentum Operations LLC, individually and collectively, including without limitation its subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Lumentum Operations LLC, and all other persons acting or purporting to acting on behalf of Lumentum Operations LLC.

3.      "Ramot" or "Defendant" shall mean Defendant Ramot at Tel Aviv University Ltd., including without limitation its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, the named inventors of the Patents-in-Suit, and all other persons acting on behalf of any of them.

4.      "Plaintiffs" or "Cisco" shall refer collectively to Cisco Systems, Inc. and Acacia Communications, Inc.

5.      The terms "document(s)" and "thing(s)" are used in their broadest sense and include documents in any form, including those stored electronically.  Any comment or notation appearing on any document or thing, and not part of the original, is to be considered a separate document or thing.

6.      "Person" or "persons" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

7.      "Communication" or "communications" means any transmittal of information, whether written (including electronic) or oral, in the form of facts, ideas, opinions, inquiries, or otherwise.

8.      "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.      "Include" and "including" are to be read as followed by the phrase "without limitation," so as to acquire the broadest meaning possible.

10.     The terms "concerning," "regarding," "relating to," or "related to" in regard to a particular subject shall mean, without limitation, assessing, analyzing, constituting, containing, comprising, describing, discussing, embodying, reflecting, evidencing, identifying, memorializing, stating, or referring to such subject.

11.     "Entity" means any natural person, domestic or foreign government unit or business organization, including partnerships, associations, corporations, joint ventures, laboratories, or any group of persons whether incorporated or not.

12.     All other terms, unless specifically defined, are to be given their ordinary meaning, except that any legal terms of art are to be given the meaning as understood in the field of law.

13.     The singular shall always include the plural and the present shall also include the past tense. Any pronoun shall mean the masculine, feminine, and/or neuter gender as in each case is most appropriate.

14.     The use of the present tense shall be construed to include the past tense, and vice versa, so as to make the requests inclusive rather than exclusive.

## <u>INSTRUCTIONS</u>

1.      For a statement of your obligations in producing documents under this subpoena, see Rule 45 of the Federal Rules of Civil Procedure, which appears on the reverse side of the subpoena.

2.      You are to search all hard and electronic documents (including emails) within your possession, custody or control, wherever located, including any document or thing place in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his/her residence or place of business), in order to fully respond to the requests.

3.      All documents (including emails) that are responsive in whole or in part to any of the requests herein shall be produced in full, without abridgement, abbreviation or deletion of any sort.  If any such document cannot be produced in full, produce the document to the extent possible and indicate in your written response what portion of the document is not produced and why it could not be produced.

4.      Where a claim of privilege is asserted in responding or objecting to any discovery request or sub-part thereof,

> a. in the response or objection to the discovery request or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if

the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked; and

b.  provide the following information in the objection:

(a) for documents: (i) the identities of the author(s), addressee(s) and recipient(s); (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the location of the document.

(b) for oral communications: (i) the identity of the person making the communication and the identity of all persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of the communication; and (iii) the general subject matter of the communication.

5.    If any document requested to be identified or produced has been destroyed, provide the following additional information as to each such document, (a) the date of destruction of the document, (b) the reason for the destruction of the document, (c) the identification of the person who destroyed the document, and (d) the identification of any person who directed that the document be destroyed.

**<u>SCHEDULE B</u>**

**<u>DOCUMENTS TO BE PRODUCED</u>**

1.     Datasheets relating to CFP2-ACO optical modulators that You have sold to Cisco on or after July 24, 2018.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC.,

    Plaintiffs and Counterclaim Defendants,

    v.

RAMOT AT TEL AVIV UNIVERSITY LTD.,

    Defendant and Counterclaimant.

C.A. No. 21-1365-GBW

**JURY TRIAL DEMANDED**

---

CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC.,

    Plaintiffs and Counterclaim Defendants,

    v.

RAMOT AT TEL AVIV UNIVERSITY LTD.,

    Defendant and Counterclaimant.

C.A. No. 22-674-GBW

**JURY TRIAL DEMANDED**

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, Defendant and Counterclaimant Ramot at Tel Aviv University Ltd. ("Ramot") and Plaintiffs and Counterclaim Defendants Cisco Systems, Inc. and Acacia Communications, Inc. ("Cisco"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involve the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing an appropriate designation ("CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") on such document, information or material.  The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought, or for electronically stored information produced in native form, in the file name of the native electronic file.  For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is Protected Material.

2.     Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" or similar designations shall receive the same treatment as if designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated by the producing Party to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL,"

"RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and

unless otherwise stated, this Order governs, without limitation:   (a) all documents,

electronically stored information, and/or things as defined by the Federal Rules of Civil

Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as

exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to

pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies,

reproductions, extracts, digests and complete or partial summaries prepared from any

DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and

treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED -

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE")

may be made at any time.   Inadvertent or unintentional production of documents,

information or material that has not been designated as DESIGNATED MATERIAL shall

not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Party

that inadvertently or unintentionally produces Protected Material without designating it as

DESIGNATED MATERIAL may request destruction of that Protected Material by

notifying the recipient(s), as soon as reasonably possible after the producing Party becomes

aware of the inadvertent or unintentional disclosure, and providing replacement Protected

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.  If, prior to receiving such notice, the recipient(s) has disseminated the DESIGNATED MATERIAL to individuals not authorized to receive it hereunder, it shall make reasonable efforts to retrieve the DESIGNATED MATERIAL.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)     outside counsel of record ("this Action") for the Parties;

(b)     employees of such outside counsel of record assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     no more than two (2) in-house counsel for the receiving Party (1) who have no involvement in competitive decision-making, and (2) have responsibility for making decisions dealing directly with the litigation of this Action or who are assisting outside counsel in the litigation of this Action; provided that such individuals consent in writing to be bound by the terms of this Order by executing the Undertaking attached as Appendix A hereto and that the producing Party be given five (5) days to object before the individual returning the Undertaking be provided with access to any DESIGNATED MATERIAL.  Should an objection be made, it shall be resolved in accordance with the procedures of paragraph 5(d) herein;

(d)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Action, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with:

- a current curriculum vitae of the consultant or expert;
- a list of all litigation consulting relationships in the past four (4) years including at least identification of case by name and number, location of court, and party for whom the expert or consultant performed services;
- a list of the consultant's or expert's publications for the last eight (8) years;

- any previous or current professional relationship with or opposite to any of the Parties

at least ten (10) days before access to the Protected Material is to be given to that consultant or expert. A producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e)     independent litigation support services, including persons working for or as court reporters, stenographers, or videographers, graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(f)     except for Cisco-designated "CONFIDENTIAL" documents, information and material, any outside counsel, consultant, or expert of a supplier to Cisco of technology products which are accused by, or believed to be implicated by, the claims of infringement of any of the patents-in-suit as reasonably necessary to assist a Cisco in defending against Ramot's claims, provided that such individuals consent in writing to be bound by the terms of this Order by executing the Undertaking attached as Exhibit A hereto and that the producing Party be given five (5) days to object before the individual returning the Undertaking be provided with access to any DESIGNATED MATERIAL. Should an objection be made, it shall be resolved in accordance with the procedures of paragraph 5(d) herein; and

(g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED

MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE"

9. For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b), (d-e) and (g).

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

   (a)    Access to a Party's Source Code Material shall be provided only on secured computer in a secured room ("Secured Computer"). The Secured Computer may be located at the offices of the producing Party's outside counsel, or at another location as agreed by the Parties. A receiving Party shall provide at least five (5) business days' notice that it will be sending individuals authorized to review Source Code Material prior to any such review. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the Source Code review room to view the Source Code and when they

6

enter and depart. The producing Party shall be responsible for providing and maintaining said log. No outside electronic devices, recordable media or recordable devices, including without limitation laptops, tablet devices, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code review room, except as provided in subsection 10(j) below, and except that reviewers will be permitted to maintain contact with a cellular phone or similar device for purposes of being notified of personal or family matters, which will be put away when not being accessed for that purpose ;

(b)      The receiving Party shall make reasonable efforts to restrict its requests for access to the Secured Computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m., on business days (weekdays that are not Federal holidays). However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Secured Computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The producing Party may station an individual to personally visually monitor the activities of the receiving Party's representatives during any Source Code review to ensure that no unauthorized recording, copying, or transmission of the Source Code or other information concerning the Source Code are being created or transmitted in any way—provided that such person shall not listen to reviewer conversations or view reviewer notes or the particular code being reviewed;

(c)      The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Secured Computer in order to access the produced Source Code Material on the Secured Computer. The computer will have a monitor of at least 32 inches diagonal and an attached mouse;

(d)      The producing Party shall install reasonably available commercial tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist, are presently used in the ordinary course of the producing Party's business, and do not require payment of additional license fees. In no event shall the receiving Party use any compilers, interpreters or simulators in connection with the producing Party's Source Code Material absent the consent of the producing Party. The receiving Party may request that additional software tools be installed on the Secured Computer to assist the receiving Party's review of the Source Code Material. The receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the producing Party at least five (5) business days prior to the first date on which access to the Secured Computer is sought so that the producing Party may install such tools on the Secured Computer. If the Parties are unable to agree on the additional requested software tools, the receiving Party may seek an Order from the Court after making a good faith effort to resolve the dispute;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(d) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be labeled and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately labeled and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as provided in this sub-paragraph, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code Material from any paper copy of Source Code for use in any manner (including by way of example only, the receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code Material shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  In no event shall the receiving Party seek to communicate electronically any copy of Source Code Material, including via email, FTP, or any other means of electronic communication, and in no event shall any copy of Source Code Material be created using optical character recognition technology.  Any court filings containing Source Code Material shall be filed under seal.  Any expert report containing Source Code Material from a given Producing Party shall be transmitted only to that Producing Party, and to the extent any Source Code Material of another Producing Party (or any specific description thereof) appears in such a report, the Source Code Material and accompanying specific descriptions shall be redacted accordingly to prevent one Producing Party from viewing any other Producing Party's Source Code Material.

(h)     No copies of all or any portion of the Source Code Material may leave the Source Code review room except as otherwise provided herein.  Further, no other written or electronic record of the Source Code Material is permitted except as otherwise

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

provided herein.  The receiving Party may request pages to be printed by "printing to PDF" and saving the pages to a designated folder on the Source Code computer. The producing Party shall deliver to the receiving Party up to four hard-copy (*i.e.*, non-electronic) copies of all requested Source Code in paper form including bates numbers and the label "RESTRICTED CONFIDENTIAL SOURCE CODE" within 5 days of the receiving Party's request.    The receiving Party shall only request printing of limited portions of the Source Code Material only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report), or for deposition or trial.  The producing Party shall not unreasonably deny a receiving Party's request to print additional copies, providing that the request is for good cause and for use that otherwise complies with this Order.  The receiving Party shall maintain a log of all copies of the source code (received from a producing Party) that are provided by the receiving Party to any qualified person.  The log shall include the names of a custodian for each copy and locations where the copies are stored.  Any printed portion that consists of more than twenty (20) pages of a continuous block of Source Code Material shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy.  No more than 500 pages of the total Source Code Material may be printed, except pursuant to agreement of the Parties or Court order.  To the extent the receiving Party requests more than 500 total pages of Source Code or more than 20 consecutive pages of Source Code be printed, the burden shall be on the Receiving Party to demonstrate the need for such requested pages. The receiving Party shall not request printed Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code Material for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).

(i)     Access to and review of Source Code Material shall be strictly for the purpose of investigating the claims and defenses at issue in this case.  No person shall review or analyze any Source Code Material for purposes unrelated to this case, and no person may use any knowledge gained as a result of reviewing Source Code Material in this case in any other pending or future dispute, proceeding, or litigation;

(j)     Solely for the purpose of investigating the claims and defenses at issue in this case as described in Subparagraph (i), the Receiving Party shall be entitled to take notes (electronic or non-electronic) relating to the Source Code but may not copy the Source Code into such notes.  To the extent the Receiving Party desires to take notes electronically, the producing Party shall provide a stand-alone note-taking computer (e.g., a computer, which is distinct from the Source Code Computer, that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type disabled, including but not limited to camera or video functionality) ("note-taking computer") in the

Source Code review room for the receiving Party's use in taking such notes. The notes shall not contain verbatim copies of lines of source code, but may contain file, path, function and variable names, and line number information. Producing party shall install commercially reasonable tools that are sufficient for taking and saving of encrypted notes on the note-taking computer, and do not require payment of additional license fees. The producing Party shall not deny receiving Party's reasonable requests for specific note-taking tools. The producing Party shall also provide a maximum of three (3) encrypted USB drives onto which the receiving Party may copy such notes at the end of a source code review session, unless otherwise agreed upon by the receiving and producing Party. Whether the copying of such notes from the note-taking computer onto the encrypted USB drive(s) occurs inside or outside of the Source Code review room will be at the discretion of the producing Party. The producing Party may observe the copying of such notes from the note-taking computer onto the encrypted USB drive(s) but may not access or review the content of such notes. The receiving Party shall be responsible for deleting any notes and any files containing information remaining on the computer that refer to, reference, or otherwise permit the review or reconstruction in whole or part of, such notes, including without limitation any temporary files or file fragments, remaining on the note-taking computer. The receiving Party's notes shall be treated in accordance with the requirements of Fed. R. Civ. P. 26(b)(4)(B) or (C) as appropriate. Any notes (electronic or non-electronic) relating to the Source Code will be treated as RESTRICTED CONFIDENTIAL SOURCE CODE, and shall further be subject to subparagraph 10(m).

(k)     If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts at the following locations, provided the Source Code Material is maintained in a secured location at all times: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition). Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the producing Party's outside counsel.

(l)     Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. No other copying or transcribing of Source Code Material is allowed beyond that described in this Protective Order. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code Material, unless explicitly permitted by this Protective Order; and

(m) Within thirty (30) calendar days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving Party must, at the producing Party's option, either serve upon the producing Party, or certify the destruction of, all copies of the producing Party's Source Code Material.  In addition, all persons to whom the copies of the Source Code Material were provided must certify in writing that all copies of the Source Code Material were returned to the receiving Party's counsel who provided them the information and that they will make no use of the Source Code Material or of any knowledge gained from the Source Code Material in any future endeavor.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to (i) the field of the invention of the patents-in-suit, or (ii) the accused technology of the Cisco's products-in-suit, on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" to prevent disclosure of HIGHLY SENSITIVE MATERIAL between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  This prohibition against the prosecution of applications shall not preclude an attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material who has had access to

HIGHLY SENSITIVE MATERIAL from initiating, assisting in the initiation of, providing comments or otherwise participating in any post-grant proceeding (including ex parte and inter partes reexamination, inter partes review, and covered business method review, except that any attorney representing Ramot may not assist Ramot in drafting, amending or proposing for substitution patent claims in any post-grant patent proceeding) of any patent.  Nothing in this paragraph shall apply to any individual permitted to receive the producing Party's Protected Material and who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL if said HIGHLY SENSITIVE MATERIAL is only of a financial nature and not of a technical nature.

Nothing herein shall prevent any attorney from communicating with or sending any prior art or other litigation materials to the attorney's client, client's patent prosecution counsel, or client's post-grant proceeding counsel for the purpose of ensuring that such materials are submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor and/or to avoid a finding of inequitable conduct.  If the foregoing prior art or other litigation materials sought to be disclosed by the attorney were designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" by the producing Party, then the attorney may provide copies of said confidential materials to his/her client's patent prosecution or post-grant proceeding counsel only if the producing Party agrees to this submission or, if agreement cannot be reached, upon order of the Court.  To the extent that that Parties reach agreement or the Court orders the submission of the confidential materials, then that

12

confidential material may be submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government), and will be submitted under seal and in accordance with the U.S. Patent Office (or foreign office) rules and regulations for such documents.  The counsel involved in prosecution or post-grant proceedings to whom confidential material is provided pursuant to this section shall not be subject to the prohibition against the prosecution of applications ("Prosecution Bar"), notwithstanding the confidential material also being material subject to the Prosecution Bar.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

The receipt or review of the following documents and materials shall not trigger the Prosecution Bar set forth above:  (i) publicly available publications, including patents and published patent applications; (ii) materials regarding third-party systems or products that were publicly known, on sale, or in public use; (iii) information that is otherwise publicly available; and (iv) documents and information related solely to damages or reasonable royalty rates.

The Prosecution Bar set forth in the paragraphs above shall be personal to any attorney who receives or reviews Protected Materials designated "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall not be imputed to any other persons or attorneys at the attorney's law firm or company unless information concerning the Protected Materials was communicated to an individual by one who reviewed such Protected Materials.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) in writing and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. Within five (5) business days of this notice, the receiving Party shall gather from all recipient(s) and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.  No use shall be made of such documents or information during depositions, through motion practice, or at trial.  The receiving Party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure.  The motion shall be filed under seal and shall not assert as a ground for production the fact of the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents

or information in any way (beyond any information appearing on the above-referenced privilege log).

13.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.    In the event of any accidental or inadvertent disclosure of DESIGNATED MATERIAL other than in a manner authorized by this Protective Order, counsel for the Party responsible for the disclosure shall immediately notify the producing Party's counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the DESIGNATED MATERIAL from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the DESIGNATED MATERIAL in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

15.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is:  (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the Designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or

employee of a company affiliated with the producing Party; (v) counsel for a producing Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this Action; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

17. Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains CONFIDENTIAL, CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, or CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 5(e), or for any other reason consistent with the provisions

16

of this Protective Order, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been

18

admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. The provisions of this Order shall continue to be binding, except (a) with respect to those documents and information that become a matter of public record and (b) that a Party may seek the written permission of the producing Party or further order of the Court with respect to the dissolution or modification of this Order. The Court retains and shall have continuing jurisdiction over the parties and recipients of the DESIGNATED MATERIAL.

29. The provisions of this Order shall also be binding with respect to materials produced by, and designated under the Protective Order (D.I. 38) therein by, any Party in the prior litigation *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys. Inc.*, C.A. No. 19-225-JRG (E.D. Tex.). For convenience of the parties, and without conceding relevance to the claims or defenses here, the parties have agreed to treat all materials that they produced in that matter as if they had been produced herein. This includes treating all materials designated by any Party under the Protective Order (D.I. 38) therein as if they were DESIGNATED MATERIAL produced with the same designation under this Order.

30. In the event that any Party or individual described herein is served with a subpoena or other judicial process demanding the production or disclosure of any DESIGNATED MATERIAL, such Party or individual shall (a) provide lead counsel for any Party whose DESIGNATED MATERIAL is the subject of said subpoena or other judicial process with a copy of such subpoena or other judicial process within five (5) days following receipt thereof, and (b) use all reasonable efforts to ensure treatment of the DESIGNATED MATERIAL at issue consistent with this Order.

31. Export Control Requirements: Notwithstanding anything to the contrary contained herein, the following additional requirements apply to all RESTRICTED - ATTORNEYS' EYES

ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE materials ("Export Designated Materials"):

(a)     The receiving party acknowledges that the Export Designated Materials received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws.  The receiving Party shall comply with such laws and agrees not to knowingly export, re-export or transfer Export Designated Materials of the producing Party to nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E, or any other parties for which the EAR prohibits export, re-export, or transfer, without first obtaining all required United States or any other applicable authorizations or licenses.  The receiving Party acknowledges that Export Designated Materials disclosed by the producing Party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography.

(b)     The receiving party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the producing Party's Export Designated Materials, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such Export Designated Materials, subject to ECCN 5E002 -- without U.S. Government authorization.  The receiving Party furthermore, agrees to notify the producing Party prior to granting a foreign national, of countries listed in the groups D:1 or E,

access to the Secured Computer, access to hard copies of Export Designated Materials, or placement on a project requiring receipt or review of the producing party's Export Designated Materials. The term "foreign national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylee or refugee status, or temporary resident granted amnesty.

32. The production or disclosure of documents, information, or other material by any Party or third-party in connection with this proceeding is subject to the provisions of Federal Rule of Evidence 502(d), which provides that any production or disclosure of any information (whether inadvertent or otherwise) that is subject to any applicable privilege or protection shall not be deemed a waiver of any privilege or protection in connection with the Litigation pending before this Court, and shall not serve as a waiver in any other federal or state proceeding. *See* Fed. R. Evid. 502(d). Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for those produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

33. Nothing in this Order or Appendix A shall be construed to prevent counsel from advising their clients with respect to this litigation based in whole or in part upon DESIGNATED

MATERIALS, provided counsel does not disclose the DESIGNATED MATERIAL itself, or content thereof, except as provided in this Order and Appendix A.

34.    This Order shall not be deemed a waiver of any Party's right to use its own documents and its own DESIGNATED INFORMATION in its sole and complete discretion.

35.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

36.    <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**So Ordered this _____ day of _____, 2022.**

_____
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> RAMOT AT TEL A VIV UNIVERSITY LTD., <br><br> Defendant and Counterclaimant. | ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 21-1365-GBW <br><br> **JURY TRIAL DEMANDED** |
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Defendant and Counterclaimant. | ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 22-674-GBW <br><br> **JURY TRIAL DEMANDED** |

## APPENDIX A

### UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____ , declare that:

1.    My address is _____ .

   My current employer is _____ .

   My current occupation is _____ .

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

        I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____

EXHIBIT 3

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | | |
|---|---|---|
| Cisco Systems, Inc., Acacia Communications, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    21-1365-GBW, 22-674-GBW |
| Ramot at Tel Aviv University Ltd. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Nif/T, LLC, 1237 Mesa Cir, Reno, NV 89511
c/o registered agent: INCORPORATING SERVICES, LTD., 3500 S DUPONT HWY, DOVER, DE 19901

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:      See attached Schedule A

| Place:  Duane Morris LLP, 11209 Brockway Road, Suite 302 Truckee, CA 96161-2220 | Date and Time: 09/18/2023 9:00 am |
|---|---|

The deposition will be recorded by this method:    Audio, Video, and Stenographic (LiveNote)

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/25/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Holly Engelmann |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Cisco Systems, Inc. and Acacia Communicastions, Inc.                                                , who issues or requests this subpoena, are:

Holly Engelmann, DUANE MORRIS LLP, Las Cimas IV, 900 S. Capital of Texas Hwy., Ste 300, Austin, Texas 78746; Tel: (512 ) 277-2300; hengelmann@duanemorris.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    21-1365-GBW, 22-674-GBW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Federal Rule of Civil Procedure 45(B), the deposition will be recorded by stenographic, audio, video, and/or real-time transcription (e.g. LiveNote) means. The examination will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      The term "Action" shall mean the above-captioned cases entitled *Cisco Systems, Inc. et al. v. Ramot at Tel Aviv University Ltd.*, No. 21-1365-GBW and 22-674-GBW (D. Del) currently pending in the United States District Court for District of Delaware.

2.      "Nif/T," "You," or "Your" means Nif/T, LLC, individually and collectively, including without limitation its subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Nif/T, LLC, and all other persons acting or purporting to acting on behalf of Nif/T, LLC.

3.      "Ramot" or "Defendant" shall mean Defendant Ramot at Tel Aviv University Ltd., including without limitation its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, the named inventors of the Patents-in-Suit, and all other persons acting on behalf of any of them.

4.      "Cisco" shall refer to Cisco Systems, Inc.

5.      "Acacia" shall refer to Acacia Communications, Inc.

6.      "Plaintiffs" shall refer collectively to Cisco and Acacia.

7.      "Patents-in-Suit" or "Patent-in-Suit" shall refer to U.S. Patent Nos. 11,133,872 (the "'872 patent") and 11,342,998 (the "'998 patent"), either individually or in combination, and any other patents that Plaintiff may be permitted to later add to this action.

8.      "Related Patents" means any patent application or issued patent filed or issued in any country or region (such as with the European Patent Office) that is in any way related to the Patents-in-Suit, including but not limited to foreign counterparts, continuations, continuations in part, divisionals, reexaminations, reissues, provisionals, parent applications or patents, child applications or patents, and PCT applications.

9.      The terms "document(s)" and "thing(s)" are used in their broadest sense and include documents in any form, including those stored electronically.  Any comment or notation appearing on any document or thing, and not part of the original, is to be considered a separate document or thing.

10.     "Person" or "persons" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

11.     "Communication" or "communications" means any transmittal of information, whether written (including electronic) or oral, in the form of facts, ideas, opinions, inquiries, or otherwise.

12.     "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.     "Include" and "including" are to be read as followed by the phrase "without limitation," so as to acquire the broadest meaning possible.

14.     The terms "concerning," "regarding," "relating to," or "related to" in regard to a particular subject shall mean, without limitation, assessing, analyzing, constituting, containing, comprising, describing, discussing, embodying, reflecting, evidencing, identifying, memorializing, stating, or referring to such subject.

15.     "Prior Art" is used in this Schedule A as that phrase is generally understood in proceedings before the U.S. Patent and Trademark Office (e.g., MPEP § 901, et seq.).  The term "Prior Art" also includes all information that was subject to a duty of disclosure to the U.S. Patent and Trademark Office with respect to the application leading to the Patents-in-Suit (or Related Patents) and all information now known to You or to Your attorneys that would have been or would now be subject to a duty of disclosure to the U.S. Patent and Trademark Office had that information been known to the named inventor during the prosecution of any application leading to the Patents-in-Suit (and Related Patents). The term "Prior Art" also refers to, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102 and 103 (both prior to and following amendment by the America Invents Act, P.L. 112-29), including, without limitation, (1) publications, physical devices, prototypes, uses, sales, and offers for sale, and any document or thing evidencing any of the foregoing and/or (2) any document or thing that any person has at any time suggested, stated, or contended invalidates (or may invalidate), anticipates (or may anticipate), or makes obvious (or may make obvious), alone or in combination with other documents or things (or the skill or knowledge of a person of ordinary skill in the art), (a) any claim of the Patents-in-Suit, (b) any claim pending during the prosecution of any patent application leading to the Patents-in-Suit, (c) any claim of any division, continuation, continuation-in-part, reissue or reexamination patent, or patent application derived from the Patents-in-Suit or (d) any claim of any foreign patent or claim pending at any time during the prosecution of any foreign

3

patent application either corresponding to (or relying on the priority filing of) the Patents-in-Suit or application leading to the Patents-in-Suit.

16.    "Entity" means any natural person, domestic or foreign government unit or business organization, including partnerships, associations, corporations, joint ventures, laboratories, or any group of persons whether incorporated or not.

17.    All other terms, unless specifically defined, are to be given their ordinary meaning, except that any legal terms of art are to be given the meaning as understood in the field of law.

18.    The singular shall always include the plural and the present shall also include the past tense. Any pronoun shall mean the masculine, feminine, and/or neuter gender as in each case is most appropriate.

19.    The use of the present tense shall be construed to include the past tense, and vice versa, so as to make the requests inclusive rather than exclusive.

## DEPOSITION TOPICS

1.    The Patents-in-Suit, including any asserted priority date or priority documents.

2.    The Related Patents.

3.    The preparation, filing, and/or prosecution of the Patents-in-Suit and any Related Patents.

4.    Nif/T's understanding of the Prior Art, or potential Prior Art, to the subject matter of any claim of the Patents-in-Suit or any Related Patents.

5.    Agreements entered into between You and Ramot.

6.    Documents and communications between You and Ramot relating to Cisco or any of Cisco's employees, products or services.

7.    Documents and communications between You and Ramot relating to Acacia or any of Acacia's employees, products or services.

8.      Services undertaken on behalf of or at the direction of Ramot relating to Cisco.

9.      Services undertaken on behalf of or at the direction of Ramot relating to Acacia.

10.     The offering for sale and/or licensing of any Ramot patent by Nif/T, including without limitation U.S. Patent Nos. 8,044,835, 8,717,198, 9,031,417, 9,203,425, 9,479,191, 10,205,527, 10,033,465, 10,270,535, and 10,461,866 and European Patent No. EP2174185, currently shown as available for sale and/or licensing at the following url:  https://www.nif-t.net/patents-various.

11.     Any diligence or analysis of any Cisco product, without limitation, any diligence or analysis, any written or oral opinions, studies, analyses, reports, or investigations that You conducted or had conducted concerning Cisco's potential infringement of the Patents-in-Suit or any Related Patents, the results of any written or oral opinions, studies, analyses, reports, or investigations.

12.     Any diligence or analysis of any Acacia product, without limitation, any diligence or analysis, any written or oral opinions, studies, analyses, reports, or investigations that You conducted or had conducted concerning Acacia's potential infringement of the Patents-in-Suit or any Related Patents, the results of any written or oral opinions, studies, analyses, reports, or investigations.

13.     Any overviews, analyses, studies, evaluations, reports or valuations of Ramot's patents, patent applications, other intellectual property, or interest therein, including but not limited to the Patents-in-Suit and any Related Patents.

14.     All documents considered in the overviews, analyses, studies, evaluations, reports or valuations of Ramot's patents, patent applications, other intellectual property, or interest therein, including but not limited to the Patents-in-Suit and any Related Patents.

15.     Any offer, communication, discussion, and/or negotiation to license (in whole or in part), buy, or sell one or more of the Patents-in-Suit, or any Related Patents, including, but not limited to, the identity of each person who participated on behalf of Nif/T, Ramot, and any entity other than Ramot, the dates and terms of any such offers, discussions, or negotiations, and the terms of any resulting license(s), sale, or purchase.

16.     Any financial investment and/or ownership interest You have in the Patents-in-Suit, and any Related Patents, or this Action.

17.     Documents and communications relating to this Action.

# EXHIBIT 4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| RAMOT AT TEL AVIV UNIVERSITY LTD. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 21-1365-GBW, 22-674-GBW |
| | ) |
| CISCO SYSTEMS, INC. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:          Nif/T, LLC, 1237 Mesa Circle, Reno, NV 89511
c/o INCORPORATING SERVICES, LTD., 3500 S DUPONT HWY, DOVER, DE 19901

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Schedule B

| Place: | Date and Time: |
|---|---|
| Duane Morris LLP, 11209 Brockway Road, Suite 302 Truckee, CA 96161-2220 | 09/15/2023 9:00 am |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/25/2023

|  | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ Holly Engelmann |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Cisco Systems, Inc.
_____ , who issues or requests this subpoena, are:

Holly Engelmann, DUANE MORRIS LLP, Las Cimas IV, 900 S. Capital of Texas Hwy., Ste 300, Austin, Texas 78746;

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  21-1365-GBW, 22-674-GBW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE B

You are required to produce documents at the place, date and time specified in the attached subpoena, or at such other time as may be agreed to, in accordance with the Federal Rules of Civil Procedure (and the following Definitions and Instructions). An agreed Protective Order is in place in this action, a copy of which is attached hereto. The Protective Order contains provisions relating to the protection of confidential information of third parties.

## DEFINITIONS

1.      The term "Action" shall mean the above-captioned cases entitled *Cisco Systems, Inc. et al. v. Ramot at Tel Aviv University Ltd.*, No. 21-1365-GBW and 22-674-GBW (D. Del), currently pending in the United States District Court for District of Delaware.

2.      "Nif/T," "You," or "Your" means Nif/T, LLC, individually and collectively, including without limitation its subsidiaries, divisions, affiliates, predecessors, and any past or present directors, officers, agents, affiliates, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Nif/T, LLC, and all other persons acting or purporting to acting on behalf of Nif/T, LLC.

3.      "Ramot" or "Defendant" shall mean Defendant Ramot at Tel Aviv University Ltd., including without limitation its past and present direct and indirect parents, subsidiaries, affiliates, divisions, business units, predecessors in interest, and further includes their respective past and present officers, directors, agents, employees, members and representatives, the named inventors of the Patents-in-Suit, and all other persons acting on behalf of any of them.

4.      "Cisco" shall refer to Cisco Systems, Inc.

5.      "Acacia" shall refer to Acacia Communications, Inc.

6.      "Plaintiffs" shall refer collectively to Cisco and Acacia.

7.      "Patents-in-Suit" or "Patent-in-Suit" shall refer to U.S. Patent Nos. 11,133,872 (the "'872 patent") and 11,342,998 (the "'998 patent"), either individually or in combination, and any other patents that Plaintiff may be permitted to later add to this action.

8.      "Related Patents" means any patent application or issued patent filed or issued in any country or region (such as with the European Patent Office) that is in any way related to the Patents-in-Suit, including but not limited to foreign counterparts, continuations, continuations in part, divisionals, reexaminations, reissues, provisionals, parent applications or patents, child applications or patents, and PCT applications.

9.      The terms "document(s)" and "thing(s)" are used in their broadest sense and include documents in any form, including those stored electronically.  Any comment or notation appearing on any document or thing, and not part of the original, is to be considered a separate document or thing.

10.      "Person" or "persons" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

11.      "Communication" or "communications" means any transmittal of information, whether written (including electronic) or oral, in the form of facts, ideas, opinions, inquiries, or otherwise.

12.      "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.      "Include" and "including" are to be read as followed by the phrase "without limitation," so as to acquire the broadest meaning possible.

14.    The terms "concerning," "regarding," "relating to," or "related to" in regard to a particular subject shall mean, without limitation, assessing, analyzing, constituting, containing, comprising, describing, discussing, embodying, reflecting, evidencing, identifying, memorializing, stating, or referring to such subject.

15.    "Prior Art" is used in this Schedule A as that phrase is generally understood in proceedings before the U.S. Patent and Trademark Office (e.g., MPEP § 901, et seq.).  The term "Prior Art" also includes all information that was subject to a duty of disclosure to the U.S. Patent and Trademark Office with respect to the application leading to the Patents-in-Suit (or Related Patents) and all information now known to You or to Your attorneys that would have been or would now be subject to a duty of disclosure to the U.S. Patent and Trademark Office had that information been known to the named inventor during the prosecution of any application leading to the Patents-in-Suit (and Related Patents). The term "Prior Art" also refers to, by way of example and without limitation, the subject matter described in 35 U.S.C. §§ 102 and 103 (both prior to and following amendment by the America Invents Act, P.L. 112-29), including, without limitation, (1) publications, physical devices, prototypes, uses, sales, and offers for sale, and any document or thing evidencing any of the foregoing and/or (2) any document or thing that any person has at any time suggested, stated, or contended invalidates (or may invalidate), anticipates (or may anticipate), or makes obvious (or may make obvious), alone or in combination with other documents or things (or the skill or knowledge of a person of ordinary skill in the art), (a) any claim of the Patents-in-Suit, (b) any claim pending during the prosecution of any patent application leading to the Patents-in-Suit, (c) any claim of any division, continuation, continuation-in-part, reissue or reexamination patent, or patent application derived from the Patents-in-Suit or (d) any claim of any foreign patent or claim pending at any time during the prosecution of any foreign

3

patent application either corresponding to (or relying on the priority filing of) the Patents-in-Suit or application leading to the Patents-in-Suit.

16.    "Entity" means any natural person, domestic or foreign government unit or business organization, including partnerships, associations, corporations, joint ventures, laboratories, or any group of persons whether incorporated or not.

17.    All other terms, unless specifically defined, are to be given their ordinary meaning, except that any legal terms of art are to be given the meaning as understood in the field of law.

18.    The singular shall always include the plural and the present shall also include the past tense. Any pronoun shall mean the masculine, feminine, and/or neuter gender as in each case is most appropriate.

19.    The use of the present tense shall be construed to include the past tense, and vice versa, so as to make the requests inclusive rather than exclusive.

## **<u>DOCUMENTS TO BE PRODUCED</u>**

1.    All documents and communications relating to the Patents-in-Suit, including any asserted priority date or priority documents.

2.    All documents and communications relating to any Related Patents.

3.    All documents and communications relating to the preparation, filing, and/or prosecution of the Patents-in-Suit and any Related Patents.

4.    All documents and communications that may constitute or relate to any Prior Art, or potential Prior Art, to the subject matter of any claim of the Patents-in-Suit or any Related Patents.

5.    All agreements entered into between You and Ramot.

6.    All documents and communications between You and Ramot relating to Cisco or any of Cisco's employees, products or services.

7.      All documents and communications between You and Ramot relating to Acacia or any of Acacia's employees, products, or services.

8.      All documents and communications relating to any services undertaken on behalf of or at the direction of Ramot relating to Cisco.

9.      All documents and communications relating to any services undertaken on behalf of or at the direction of Ramot relating to Acacia.

10.     All documents and communications relating the offering for sale and/or licensing of any Ramot patent by Nif/T, including without limitation U.S. Patent Nos. 8,044,835, 8,717,198, 9,031,417, 9,203,425, 9,479,191, 10,205,527, 10,033,465, 10,270,535, and 10,461,866 and European Patent No. EP2174185, currently shown as available for sale and/or licensing at the following url: https://www.nif-t.net/patents-various.

11.     All documents and communications relating to any diligence or analysis of any Cisco product, without limitation, documents sufficient to show the date(s) of any diligence or analysis, any written or oral opinions, studies, analyses, reports, or investigations that You conducted or had conducted concerning Cisco's potential infringement of the Patents-in-Suit or any Related Patents, the results of any written or oral opinions, studies, analyses, reports, or investigations.

12.     All documents and communications relating to any diligence or analysis of any Acacia product, without limitation, documents sufficient to show the date(s) of any diligence or analysis, any written or oral opinions, studies, analyses, reports, or investigations that You conducted or had conducted concerning Acacia's potential infringement of the Patents-in-Suit or any Related Patents, the results of any written or oral opinions, studies, analyses, reports, or investigations.

13.     All documents and communications relating to any overviews, analyses, studies, evaluations, reports or valuations of Ramot's patents, patent applications, other intellectual property, or interest therein, including but not limited to the Patents-in-Suit and any Related Patents.

14.     All documents considered in the overviews, analyses, studies, evaluations, reports or valuations of Ramot's patents, patent applications, other intellectual property, or interest therein, including but not limited to the Patents-in-Suit and any Related Patents.

15.     All documents and communications relating to any offer, communication, discussion, and/or negotiation to license (in whole or in part), buy, or sell one or more of the Patents-in-Suit, or any Related Patents, including, but not limited to, documents sufficient show the the identity of each person who participated on behalf of Nif/T, Ramot, and any entity other than Ramot, the dates and terms of any such offers, discussions, or negotiations, and the terms of any resulting license(s), sale, or purchase.

16.     All documents and communications relating to any financial investment and/or ownership interest You have in the Patents-in-Suit, and any Related Patents, or this Action.

17.     All documents and communications relating to this Action.

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC.,<br><br>  Plaintiffs and Counterclaim Defendants,<br><br>  v.<br><br>RAMOT AT TEL AVIV UNIVERSITY LTD.,<br><br>  Defendant and Counterclaimant. | C.A. No. 21-1365-GBW<br><br>**JURY TRIAL DEMANDED** |
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC.,<br><br>  Plaintiffs and Counterclaim Defendants,<br><br>  v.<br><br>RAMOT AT TEL AVIV UNIVERSITY LTD.,<br><br>  Defendant and Counterclaimant. | C.A. No. 22-674-GBW<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, Defendant and Counterclaimant Ramot at Tel Aviv University Ltd. ("Ramot") and Plaintiffs and Counterclaim Defendants Cisco Systems, Inc. and Acacia Communications, Inc. ("Cisco"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involve the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing an appropriate designation ("CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") on such document, information or material. The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought, or for electronically stored information produced in native form, in the file name of the native electronic file. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is Protected Material.

2.  Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" or similar designations shall receive the same treatment as if designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated by the producing Party to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation:  (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.  If, prior to receiving such notice, the recipient(s) has disseminated the DESIGNATED MATERIAL to individuals not authorized to receive it hereunder, it shall make reasonable efforts to retrieve the DESIGNATED MATERIAL.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record ("this Action") for the Parties;

(b)    employees of such outside counsel of record assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    no more than two (2) in-house counsel for the receiving Party (1) who have no involvement in competitive decision-making, and (2) have responsibility for making decisions dealing directly with the litigation of this Action or who are assisting outside counsel in the litigation of this Action; provided that such individuals consent in writing to be bound by the terms of this Order by executing the Undertaking attached as Appendix A hereto and that the producing Party be given five (5) days to object before the individual returning the Undertaking be provided with access to any DESIGNATED MATERIAL.  Should an objection be made, it shall be resolved in accordance with the procedures of paragraph 5(d) herein;

(d)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Action, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with:

- a current curriculum vitae of the consultant or expert;
- a list of all litigation consulting relationships in the past four (4) years including at least identification of case by name and number, location of court, and party for whom the expert or consultant performed services;
- a list of the consultant's or expert's publications for the last eight (8) years;

4

- any previous or current professional relationship with or opposite to any of the Parties

at least ten (10) days before access to the Protected Material is to be given to that consultant or expert. A producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(e) independent litigation support services, including persons working for or as court reporters, stenographers, or videographers, graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(f) except for Cisco-designated "CONFIDENTIAL" documents, information and material, any outside counsel, consultant, or expert of a supplier to Cisco of technology products which are accused by, or believed to be implicated by, the claims of infringement of any of the patents-in-suit as reasonably necessary to assist a Cisco in defending against Ramot's claims, provided that such individuals consent in writing to be bound by the terms of this Order by executing the Undertaking attached as Exhibit A hereto and that the producing Party be given five (5) days to object before the individual returning the Undertaking be provided with access to any DESIGNATED MATERIAL. Should an objection be made, it shall be resolved in accordance with the procedures of paragraph 5(d) herein; and

(g) the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED

MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE"

9.     For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b), (d-e) and (g).

10.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on secured computer in a secured room ("Secured Computer"). The Secured Computer may be located at the offices of the producing Party's outside counsel, or at another location as agreed by the Parties. A receiving Party shall provide at least five (5) business days' notice that it will be sending individuals authorized to review Source Code Material prior to any such review. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the Source Code review room to view the Source Code and when they

enter and depart. The producing Party shall be responsible for providing and maintaining said log. No outside electronic devices, recordable media or recordable devices, including without limitation laptops, tablet devices, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code review room, except as provided in subsection 10(j) below, and except that reviewers will be permitted to maintain contact with a cellular phone or similar device for purposes of being notified of personal or family matters, which will be put away when not being accessed for that purpose ;

(b)   The receiving Party shall make reasonable efforts to restrict its requests for access to the Secured Computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m., on business days (weekdays that are not Federal holidays). However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Secured Computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The producing Party may station an individual to personally visually monitor the activities of the receiving Party's representatives during any Source Code review to ensure that no unauthorized recording, copying, or transmission of the Source Code or other information concerning the Source Code are being created or transmitted in any way—provided that such person shall not listen to reviewer conversations or view reviewer notes or the particular code being reviewed;

(c)   The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Secured Computer in order to access the produced Source Code Material on the Secured Computer. The computer will have a monitor of at least 32 inches diagonal and an attached mouse;

(d)   The producing Party shall install reasonably available commercial tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist, are presently used in the ordinary course of the producing Party's business, and do not require payment of additional license fees. In no event shall the receiving Party use any compilers, interpreters or simulators in connection with the producing Party's Source Code Material absent the consent of the producing Party. The receiving Party may request that additional software tools be installed on the Secured Computer to assist the receiving Party's review of the Source Code Material. The receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the producing Party at least five (5) business days prior to the first date on which access to the Secured Computer is sought so that the producing Party may install such tools on the Secured Computer. If the Parties are unable to agree on the additional requested software tools, the receiving Party may seek an Order from the Court after making a good faith effort to resolve the dispute;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(d) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be labeled and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately labeled and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as provided in this sub-paragraph, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code Material from any paper copy of Source Code for use in any manner (including by way of example only, the receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code Material shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  In no event shall the receiving Party seek to communicate electronically any copy of Source Code Material, including via email, FTP, or any other means of electronic communication, and in no event shall any copy of Source Code Material be created using optical character recognition technology.  Any court filings containing Source Code Material shall be filed under seal.  Any expert report containing Source Code Material from a given Producing Party shall be transmitted only to that Producing Party, and to the extent any Source Code Material of another Producing Party (or any specific description thereof) appears in such a report, the Source Code Material and accompanying specific descriptions shall be redacted accordingly to prevent one Producing Party from viewing any other Producing Party's Source Code Material.

(h)     No copies of all or any portion of the Source Code Material may leave the Source Code review room except as otherwise provided herein.  Further, no other written or electronic record of the Source Code Material is permitted except as otherwise

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

provided herein.  The receiving Party may request pages to be printed by "printing to PDF" and saving the pages to a designated folder on the Source Code computer. The producing Party shall deliver to the receiving Party up to four hard-copy (*i.e.*, non-electronic) copies of all requested Source Code in paper form including bates numbers and the label "RESTRICTED CONFIDENTIAL SOURCE CODE" within 5 days of the receiving Party's request.    The receiving Party shall only request printing of limited portions of the Source Code Material only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report), or for deposition or trial.  The producing Party shall not unreasonably deny a receiving Party's request to print additional copies, providing that the request is for good cause and for use that otherwise complies with this Order.  The receiving Party shall maintain a log of all copies of the source code (received from a producing Party) that are provided by the receiving Party to any qualified person.  The log shall include the names of a custodian for each copy and locations where the copies are stored.  Any printed portion that consists of more than twenty (20) pages of a continuous block of Source Code Material shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy.  No more than 500 pages of the total Source Code Material may be printed, except pursuant to agreement of the Parties or Court order.  To the extent the receiving Party requests more than 500 total pages of Source Code or more than 20 consecutive pages of Source Code be printed, the burden shall be on the Receiving Party to demonstrate the need for such requested pages. The receiving Party shall not request printed Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code Material for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).

(i)     Access to and review of Source Code Material shall be strictly for the purpose of investigating the claims and defenses at issue in this case.  No person shall review or analyze any Source Code Material for purposes unrelated to this case, and no person may use any knowledge gained as a result of reviewing Source Code Material in this case in any other pending or future dispute, proceeding, or litigation;

(j)     Solely for the purpose of investigating the claims and defenses at issue in this case as described in Subparagraph (i), the Receiving Party shall be entitled to take notes (electronic or non-electronic) relating to the Source Code but may not copy the Source Code into such notes.  To the extent the Receiving Party desires to take notes electronically, the producing Party shall provide a stand-alone note-taking computer (e.g., a computer, which is distinct from the Source Code Computer, that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type disabled, including but not limited to camera or video functionality) ("note-taking computer") in the

Source Code review room for the receiving Party's use in taking such notes. The notes shall not contain verbatim copies of lines of source code, but may contain file, path, function and variable names, and line number information. Producing party shall install commercially reasonable tools that are sufficient for taking and saving of encrypted notes on the note-taking computer, and do not require payment of additional license fees. The producing Party shall not deny receiving Party's reasonable requests for specific note-taking tools. The producing Party shall also provide a maximum of three (3) encrypted USB drives onto which the receiving Party may copy such notes at the end of a source code review session, unless otherwise agreed upon by the receiving and producing Party. Whether the copying of such notes from the note-taking computer onto the encrypted USB drive(s) occurs inside or outside of the Source Code review room will be at the discretion of the producing Party. The producing Party may observe the copying of such notes from the note-taking computer onto the encrypted USB drive(s) but may not access or review the content of such notes. The receiving Party shall be responsible for deleting any notes and any files containing information remaining on the computer that refer to, reference, or otherwise permit the review or reconstruction in whole or part of, such notes, including without limitation any temporary files or file fragments, remaining on the note-taking computer. The receiving Party's notes shall be treated in accordance with the requirements of Fed. R. Civ. P. 26(b)(4)(B) or (C) as appropriate. Any notes (electronic or non-electronic) relating to the Source Code will be treated as RESTRICTED CONFIDENTIAL SOURCE CODE, and shall further be subject to subparagraph 10(m).

(k)     If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts at the following locations, provided the Source Code Material is maintained in a secured location at all times: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition). Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the producing Party's outside counsel.

(l)     Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. No other copying or transcribing of Source Code Material is allowed beyond that described in this Protective Order. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code Material, unless explicitly permitted by this Protective Order; and

(m)   Within thirty (30) calendar days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving Party must, at the producing Party's option, either serve upon the producing Party, or certify the destruction of, all copies of the producing Party's Source Code Material.  In addition, all persons to whom the copies of the Source Code Material were provided must certify in writing that all copies of the Source Code Material were returned to the receiving Party's counsel who provided them the information and that they will make no use of the Source Code Material or of any knowledge gained from the Source Code Material in any future endeavor.

11.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to (i) the field of the invention of the patents-in-suit, or (ii) the accused technology of the Cisco's products-in-suit, on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.   To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" to prevent disclosure of HIGHLY SENSITIVE MATERIAL between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  This prohibition against the prosecution of applications shall not preclude an attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material who has had access to

HIGHLY SENSITIVE MATERIAL from initiating, assisting in the initiation of, providing comments or otherwise participating in any post-grant proceeding (including ex parte and inter partes reexamination, inter partes review, and covered business method review, except that any attorney representing Ramot may not assist Ramot in drafting, amending or proposing for substitution patent claims in any post-grant patent proceeding) of any patent. Nothing in this paragraph shall apply to any individual permitted to receive the producing Party's Protected Material and who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL if said HIGHLY SENSITIVE MATERIAL is only of a financial nature and not of a technical nature.

Nothing herein shall prevent any attorney from communicating with or sending any prior art or other litigation materials to the attorney's client, client's patent prosecution counsel, or client's post-grant proceeding counsel for the purpose of ensuring that such materials are submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor and/or to avoid a finding of inequitable conduct. If the foregoing prior art or other litigation materials sought to be disclosed by the attorney were designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" by the producing Party, then the attorney may provide copies of said confidential materials to his/her client's patent prosecution or post-grant proceeding counsel only if the producing Party agrees to this submission or, if agreement cannot be reached, upon order of the Court. To the extent that that Parties reach agreement or the Court orders the submission of the confidential materials, then that

confidential material may be submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government), and will be submitted under seal and in accordance with the U.S. Patent Office (or foreign office) rules and regulations for such documents.  The counsel involved in prosecution or post-grant proceedings to whom confidential material is provided pursuant to this section shall not be subject to the prohibition against the prosecution of applications ("Prosecution Bar"), notwithstanding the confidential material also being material subject to the Prosecution Bar.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

The receipt or review of the following documents and materials shall not trigger the Prosecution Bar set forth above:  (i) publicly available publications, including patents and published patent applications; (ii) materials regarding third-party systems or products that were publicly known, on sale, or in public use; (iii) information that is otherwise publicly available; and (iv) documents and information related solely to damages or reasonable royalty rates.

The Prosecution Bar set forth in the paragraphs above shall be personal to any attorney who receives or reviews Protected Materials designated "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall not be imputed to any other persons or attorneys at the attorney's law firm or company unless information concerning the Protected Materials was communicated to an individual by one who reviewed such Protected Materials.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) in writing and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. Within five (5) business days of this notice, the receiving Party shall gather from all recipient(s) and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.  No use shall be made of such documents or information during depositions, through motion practice, or at trial.  The receiving Party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure.  The motion shall be filed under seal and shall not assert as a ground for production the fact of the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents

or information in any way (beyond any information appearing on the above-referenced privilege log).

13.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.    In the event of any accidental or inadvertent disclosure of DESIGNATED MATERIAL other than in a manner authorized by this Protective Order, counsel for the Party responsible for the disclosure shall immediately notify the producing Party's counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the DESIGNATED MATERIAL from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the DESIGNATED MATERIAL in any form.  Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

15.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is:  (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the Designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or

employee of a company affiliated with the producing Party; (v) counsel for a producing Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this Action; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

17.   Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains CONFIDENTIAL, CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, or CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 5(e), or for any other reason consistent with the provisions

of this Protective Order, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

18.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been

admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.    The provisions of this Order shall continue to be binding, except (a) with respect to those documents and information that become a matter of public record and (b) that a Party may seek the written permission of the producing Party or further order of the Court with respect to the dissolution or modification of this Order.  The Court retains and shall have continuing jurisdiction over the parties and recipients of the DESIGNATED MATERIAL.

29.    The provisions of this Order shall also be binding with respect to materials produced by, and designated under the Protective Order (D.I. 38) therein by, any Party in the prior litigation *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys. Inc.*, C.A. No. 19-225-JRG (E.D. Tex.). For convenience of the parties, and without conceding relevance to the claims or defenses here, the parties have agreed to treat all materials that they produced in that matter as if they had been produced herein.  This includes treating all materials designated by any Party under the Protective Order (D.I. 38) therein as if they were DESIGNATED MATERIAL produced with the same designation under this Order.

30.    In the event that any Party or individual described herein is served with a subpoena or other judicial process demanding the production or disclosure of any DESIGNATED MATERIAL, such Party or individual shall (a) provide lead counsel for any Party whose DESIGNATED MATERIAL is the subject of said subpoena or other judicial process with a copy of such subpoena or other judicial process within five (5) days following receipt thereof, and (b) use all reasonable efforts to ensure treatment of the DESIGNATED MATERIAL at issue consistent with this Order.

31.    Export Control Requirements:  Notwithstanding anything to the contrary contained herein, the following additional requirements apply to all RESTRICTED - ATTORNEYS' EYES

ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE materials ("Export Designated Materials"):

(a)     The receiving party acknowledges that the Export Designated Materials received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws.  The receiving Party shall comply with such laws and agrees not to knowingly export, re-export or transfer Export Designated Materials of the producing Party to nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E, or any other parties for which the EAR prohibits export, re-export, or transfer, without first obtaining all required United States or any other applicable authorizations or licenses.  The receiving Party acknowledges that Export Designated Materials disclosed by the producing Party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography.

(b)     The receiving party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the producing Party's Export Designated Materials, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such Export Designated Materials, subject to ECCN 5E002 -- without U.S. Government authorization.  The receiving Party furthermore, agrees to notify the producing Party prior to granting a foreign national, of countries listed in the groups D:1 or E,

access to the Secured Computer, access to hard copies of Export Designated Materials, or placement on a project requiring receipt or review of the producing party's Export Designated Materials.  The term "foreign national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylee or refugee status, or temporary resident granted amnesty.

32.     The production or disclosure of documents, information, or other material by any Party or third-party in connection with this proceeding is subject to the provisions of Federal Rule of Evidence 502(d), which provides that any production or disclosure of any information (whether inadvertent or otherwise) that is subject to any applicable privilege or protection shall not be deemed a waiver of any privilege or protection in connection with the Litigation pending before this Court, and shall not serve as a waiver in any other federal or state proceeding.  *See* Fed. R. Evid. 502(d).  Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for those produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

33.     Nothing in this Order or Appendix A shall be construed to prevent counsel from advising their clients with respect to this litigation based in whole or in part upon DESIGNATED

MATERIALS, provided counsel does not disclose the DESIGNATED MATERIAL itself, or content thereof, except as provided in this Order and Appendix A.

34.     This Order shall not be deemed a waiver of any Party's right to use its own documents and its own DESIGNATED INFORMATION in its sole and complete discretion.

35.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

36.     <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**So Ordered this ____ day of _____, 2022.**

_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., | ) ) ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) | C.A. No. 21-1365-GBW |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| RAMOT AT TEL A VIV UNIVERSITY LTD., | ) ) ) | |
| Defendant and Counterclaimant. | ) | |

| | | |
|---|---|---|
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., | ) ) ) ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) | C.A. No. 22-674-GBW |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| RAMOT AT TEL AVIV UNIVERSITY LTD., | ) ) | |
| Defendant and Counterclaimant. | ) ) | |

**APPENDIX A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____