IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Defendant. | C.A. No. 21-1365 (GBW) |
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Defendant. | C.A. No. 22-674 (GBW) <br> **(CONSOLIDATED)** |

**STIPULATION AND [PROPOSED] ORDER REGARDING STAY**

WHEREAS, U.S. Patent No. 11,133,872 (the "'872 Patent") is currently the subject of *inter partes* reviews IPR2022-00575 and IPR2022-00576, in which Final Written Decisions are due by October 5, 2023;

WHEREAS, the Court's January 19, 2023 Order (*see* C.A. No. 21-1365, D.I. 64) and the parties' stipulation regarding partial stay and case scheduling (*see, e.g.,* C.A. No. 21-1365, D.I. 67, so Ordered on March 27, 2023) (the "Stipulation") set a date for the close of fact discovery on September 29, 2023, and stayed all subsequent dates, pending submission of a joint case schedule should "any asserted claims of the '872 Patent survive in the PTAB's final written decision in the '872 Patent IPRs." *See* C.A. No. 21-1365, D.I. 67 at 2.

WHEREAS, the parties have noticed multiple corporate depositions, personal depositions, and third-party depositions, and in the interest of efficiency, wish to postpone taking of those depositions until after the issuance of the Final Written Decisions in the '872 Patent *inter partes* reviews;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the parties, subject to the approval of the Court, that:

1. Further depositions for witnesses already noticed, objections and responses to discovery already served, supplemental document productions, and third-party deposition subpoenas will be stayed in C.A. No. 21-1365 and C.A. No. 22-674.

2. The parties will include a new date for the close of fact discovery in any joint proposed schedule submitted per paragraph 2 of the Stipulation or otherwise (*see, e.g.,* C.A. No. 21-1365, D.I. 67 at 2, ¶ 2).

3. No new interrogatories, requests for production, requests for admission, or third-party discovery will be served. This agreement does not waive or affect either party's right to demand or seek to compel further or supplemental responses to discovery already served, and will not be used in arguments opposing such a demand or motion.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | ASHBY & GEDDES |
| */s/ Jennifer Ying* | */s/ Andrew C. Mayo* |
| Jack B. Blumenfeld (#1014)<br>Jennifer Ying (#5550)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jying@morrisnichols.com | John G. Day (#2403)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>jday@ashbygeddes.com<br>amayo@ashbygeddes.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

September 20, 2023

SO ORDERED, this day _____ of _____, 2023.

_____
United States District Judge