IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 21-1365 (GBW) |
| v. | ) ) | |
| RAMOT AT TEL AVIV UNIVERSITY LTD., | ) ) ) | |
| Defendant. | ) | |
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 22-674 (GBW) (Consolidated) |
| v. | ) ) | |
| RAMOT AT TEL AVIV UNIVERSITY LTD., | ) ) ) | |
| Defendant. | ) | |

## [PROPOSED] REVISED SCHEDULING ORDER

This 10th day of May , 2024, the Court having conducted an

initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and Cisco

Systems, Inc. and Acacia Communications, Inc. (collectively "Cisco") and Ramot at

Tel Aviv University Ltd. ("Ramot") (together, "the parties") having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary

mediation, or binding arbitration;

{02005603;v1 }

IT IS HEREBY ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on **September 14, 2022**. The parties submitted a proposed E-Discovery Order on **September 28, 2022**, which was entered by the Court on September 29, 2022.

2.    Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, were to be filed on or before **January 26, 2024**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 4(g) and 5.

3.    Disclosures. Absent agreement among the parties, and approval of the Court:

(a)    By **September 9, 2022**, Ramot was required to identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Ramot was required to also produce the file history for each asserted patent.

(b)    By **October 14, 2022**, Cisco was required to produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, application notes and white-papers,

configuration and/or programming guides, schematics, and specifications, engineering design specifications and design review presentations. Cisco was required to produce sales figures for the accused product(s).

(c)    By **December 9, 2022**, Ramot produced an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d)    By **February 22, 2023**, Cisco produced its initial invalidity contentions for each asserted claim, as well as the known related invalidating references, with respect to the '998 Patent. By **January 26, 2024**, Cisco produced its initial invalidity contentions for each asserted claim, as well as the known related invalidating references, with respect to the '872 Patent.

(e)    **Within 14 days of the Court issuing its claim construction order**, Ramot shall provide final infringement contentions.

(f)    **Within 14 days after Ramot provides its final infringement contentions**, Cisco shall provide final invalidity contentions.

4.    Discovery. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

(a)    Fact Discovery Cut Off. The deadline for completion of fact discovery is **June 21, 2024**, other than for fact discovery that a party can show is

necessitated by the issuance by the Court of an unforeseen claim construction, which must be completed by **October 16, 2024**.[1]

(b)    Document Production. Document production was to be substantially completed by **April 7, 2023**.

(c)    Requests for Admission. A maximum of **50** requests for admission are permitted for each side, not including requests for admission directed to authentication.

(d)    Interrogatories.

i.    A maximum of **25** interrogatories, including contention interrogatories, were permitted for each side.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

---

[1] The parties previously agreed that no new discovery requests would be served. *See, e.g.,* C.A. No. 21-1365, D.I. 87, ¶ 3. The parties' agreement(s) to extend the fact discovery deadline to for completion of outstanding fact discovery does not affect that agreement. To be clear, the parties have agreed that no new discovery requests may be served unless necessitated by the issuance by the Court of an unforeseen claim construction.

    (e)    Depositions.

        i.    Limitation on Hours for Deposition Discovery. Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination. This limit does not apply to third-party discovery or to expert depositions.

        ii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    (f)    Disclosure of Expert Testimony.

        i.    Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **November 20, 2024**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **January 8, 2024**. Reply expert reports from the party with the initial burden of proof are due on or before **January 29, 2025**. No other expert reports will be permitted without either the consent of all parties or leave

of the Court. Along with the submissions of the reply expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii.    <u>Expert Report Supplementation.</u>  For any case-dispositive motion or *Daubert* motion filed pursuant to paragraph 13 below, the parties agree they **will not** permit expert declarations to be filed in connection with such briefing except for declarations to authenticate portion(s) of expert reports served pursuant to paragraph 4(f)(**Error! Reference source not found.**i) above.

    iii.    <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

    iv.    <u>Expert Discovery Cut-Off.</u> All expert discovery in this case shall be initiated so that it will be completed on or before **March 10, 2025**.

    (g)    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

    i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.     Should counsel find, after good faith efforts — including verbal communications among Delaware and Lead Counsel for all parties to the dispute — that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Williams:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii.     On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally

not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

        v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    5.    <u>Motions to Amend.</u>

    (a)    Any motion to amend (including a motion for leave to amend) a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    (b)    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

(c)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

6.    <u>Motions to Strike.</u>

(a)    Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

(b)    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

(c)    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

7.    <u>Technology Tutorials.</u> Unless otherwise ordered by the Court, the parties shall each provide the Court, no later than the date on which the Joint Claim Construction Brief is due, a tutorial on the technology at issue. In that regard, the parties shall each submit to the Court an electronic tutorial of not more than twenty-five (25) minutes. The tutorial should focus on the technology in issue and educate the Court about the same and should not be used for argument. As to the format

selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial ("mpeg", "quicktime", etc.). The parties may choose to file their tutorial under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 3 double-spaced pages) on the opposing party's tutorial. Any such comment shall be filed no **later than seven (7) days after the tutorials are submitted**.

8. · <u>Claim Construction ·Issue Identification.</u> On or before **February· 15, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **February 29, 2024**, the parties shall exchange their proposed claim construction of the term(s)/phrase(s) identified for construction. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer by **March 7, 2024** to prepare a Joint Claim Construction Chart to be filed no later than **March 14, 2024**. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to gbw_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the

intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing.</u> Ramot shall serve, but not file, its opening brief, not to exceed 5,000 words, on **May 2, 2024**. Cisco shall serve, but not file, its answering brief not to exceed 7,500 words, on **May 30, 2024**. Ramot shall serve, but not file, its reply brief, not to exceed 5,000 words, on **June 20, 2024**. Cisco shall serve, but not file its sur-reply brief, not to exceed 2,500 words, on **July 11, 2024**. No later than **July 18, 2024**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-Upon Constructions

II.    Disputed Constructions

    [TERM 1]

        1.    Ramot's Opening Position

        2.    Cisco's Answering Position

        3.    Ramot's Reply Position

        4.    Cisco's Sur-Reply Position

    [TERM 2]

1.    Ramot's Opening Position

2.    Cisco's Answering Position

3.    Ramot's Reply Position

4.    Cisco's Sur-Reply Position

If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

10.    Hearing on Claim Construction. Beginning at ____ 1:00 p.m. on August/September 27, 2024 the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

11.    <u>Interim Status Report.</u> On **February 15, 2023**, counsel submitted a joint letter to the Court with an interim report of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

12.    <u>Supplementation.</u> Absent agreement among the parties, and approval of the Court, no later than the date of their respective final contentions, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

13.    <u>Case Dispositive Motions.</u>

(a)    All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **April 7, 2025**. Answering briefs shall be due on or before **May 7, 2025**, and reply briefs shall be due on or before **May 28, 2025**. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b)    <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion

(not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)    <u>Page limits combined with Daubert motion page limits.</u> Each party is permitted to file as many case dispositive motions as desired provided, however, that each SIDE will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each SIDE.[2]

(d)    <u>Ranking of Summary Judgment Motions.</u> Any party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny

---

[2] The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., $50 + 50 + 25$ regarding one side's motions, and $50 + 50 + 25$ regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any lower ranked summary judgment motions filed by the party.

(e)    Hearing.    The Court will hear argument on all pending case dispositive and *Daubert* motions on _____ ___, 2025, beginning at _____ .m.

14.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    Application to Court for Protective Order.    The parties submitted a proposed protective order on **September 21, 2022**, which was entered by the Court on September 22, 2022.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

16.    <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

17.    <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of filings (i.e., briefs, appendices, exhibits, declarations, affidavits etc.). Courtesy copies of·appendices and exhibits should include hard tabs. This provision also applies to papers filed under seal.

18.    <u>Motions in Limine.</u> Motions in limine shall not be separately filed. All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each SIDE shall be limited to three (3) in limine requests, unless otherwise permitted by the Court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

19.    <u>Pretrial Conference.</u> On *October 29*, **2025** the Court will hold a pretrial conference in Court with counsel beginning at *3 p.*.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

20.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to gbw_civil@ded.uscourts.gov.

21.     Trial. This matter is scheduled for a **5-day jury** trial beginning at 9:30 a.m. on _November 3_, **2025** with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.     Judgment on Verdict and Post-Trial Status Report. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

23.     Post-Trial Motions. Unless otherwise ordered by the Court, all SIDES are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

24.     The parties understand and expressly agree that the Court will not be responsible to hear and/or resolve any discovery disputes arising from or related to the alteration of the terms of Judge Williams' form scheduling order for patent, non-ANDA cases. With respect to those specific alterations, the parties will be left to resolve any such discovery disputes between themselves.

_____
The Honorable Gregory B. Williams
United States District Judge

Counsel shall provide a chart of all relevant deadlines

| Paragraph # | Event | Proposed Deadline |
|---|---|---|
| 4(a) | Fact discovery cut-off | June 21, 2024, other than fact discovery that a party can show is necessitated by the issuance by the Court of an unforeseen claim construction, which must be completed by October 16, 2024. |
| 9 | Ramot's opening claim construction briefs (service only) | May 2, 2024 |
| 9 | Cisco's answering claim construction briefs (service only) | May 30, 2024 |
| 9 | Ramot's reply claim construction briefs (service only) | June 20, 2024 |
| 9 | Cisco's sur-reply claim construction briefs (service only) | July 11, 2024 |
| 7 | Claim Construction Tutorials | July 18, 2024 |
| 9 | Joint claim construction brief (file with Court) | July 18, 2024 |
| 10 | Joint letter to Court re claim construction hearing logistics | July 18, 2024 |
| 7 | Comments on Claim Construction Tutorials | July 25, 2024 |
| 10 | Claim construction hearing | August ~~September~~ 27 2024 , at 1:00 pm |
| 4(e), 12 | Ramot to provide final infringement contentions and final identification of accused products | within 14 days of Court's claim construction order |

| Paragraph # | Event | Proposed Deadline |
|---|---|---|
| 4(f), 12 | Cisco to provide final invalidity contentions and final identification of invalidity references | within 14 days of receipt of Ramot's final infringement contentions |
| 4(f)(i) | Last day to serve initial expert reports (by initial burden of proof) | November 20, 2024 |
| 4(f)(i) | Last day to serve rebuttal expert reports | January 8, 2024 |
| 4(f)(i) | Last day to serve reply expert reports | January 29, 2025 |
| 4(f)(iv) | Last day to take expert depositions | March 10, 2025 |
| 13(a) | Last day to serve and file case dispositive motions (including *Daubert* motions), opening brief, and affidavits (if any) in support of the motions | April 7, 2025 |
| 13(a) | Answering case dispositive and *Daubert* motions | May 7, 2025 |
| 13(a) | Reply case dispositive and *Daubert* motions | May 28, 2025 |
| 13(e) | Hearing on case dispositive and *Daubert* motions | ~~2025~~ will schedule if necessary |
| 19 | File joint proposed final pretrial order | Seven days before Pre-trial conference |
| 19 | Pre-trial conference (subject to the Court's availability) | October 29, 2025 at 3pm |
| 21 | 5-Day Jury Trial | November 3, 2025 at 9:30 am |