# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Cisco Systems, Inc., Acacia Communications, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 21-1365-GBW, 22-674-GBW |
| Ramot at Tel Aviv University Ltd. ) | |
| *Defendant* ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Ciena Corporation, 7035 Ridge Road, Hanover, Maryland 21076
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See Attachment A

| Place: via remote platform | Date and Time: December 5, 2024 12:00 pm Eastern Time |
|---|---|

The deposition will be recorded by this method:   Stenographic and audiotape and/or videotape; LiveNote

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/27/2024

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Jennifer Ying |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Cisco Systems, Inc. & Acacia Communications, Inc.        , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 21-1365-GBW, 22-674-GBW

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

Pursuant to Federal Rule of Civil Procedure 45(B), the deposition will be recorded by stenographic, audio, video, and/or real-time transcription (e.g. LiveNote) means. The examination will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure.

## DEFINITIONS

1. The requests, as well as the instructions provided below, are subject to and incorporate the following definitions and instructions as used herein, regardless of whether upper or lower case letters are used:

2. "Ciena", "You" and "Your" means Ciena Corporation and the related foreign or U.S. parent, subsidiary, division, predecessors-in-interest, or successors-in-interests of the 40G/100G Adaptive Optical Engine (defined below), including Nortel Networks ("Nortel").

3. The term "40G/100G Adaptive Optical Engine" means any major, minor or beta version of software and/or hardware tested, used, released, distributed, marketed, offered for sale, sold or otherwise publicly disclosed by You using optical transceivers (whether coherent or non-coherent), including Dual Polarization Quadrature Phase Shift Keying optical transceivers, including those under the trade name "40G/100G Adaptive Optical Engine", "Wavelogic", "Wavelogic 1", "Wavelogic 2", "Next-Generation Modem", "NGM", or related trade name, or utilizing "Agile Photonic Infrastructure." To the extent the 40G/100G Adaptive Optical Engine was tested, used, released, distributed, marketed, offered for sale, sold, or otherwise publicly disclosed, in connection with an optical platform, such as the Optical Multiservice Edge 6500, then "40G/100G Adaptive Optical Engine" shall include the optical platform to the extent of such test, use, release, distribution, marketing, offer for sale, or sale includes an optical transceiver.

4. "Action" means the litigations captioned *Cisco Systems, Inc. and Acacia Communications, Inc. v. Ramot at Tel Aviv University Ltd.*, Case No. 1:21-cv-01365-GBW (DDE); *Cisco Systems, Inc. and Acacia Communications, Inc. v. Ramot at Tel Aviv University Ltd.*, Case No. 1:22-cv-00674-GBW (DDE); and *Ramot at Tel Aviv University Ltd. v. Cisco Systems*, *Inc.*, Case No. 1:23-cv-0012-GBW (DDE).

5. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and are used in their customary broad sense and include, without limitation, any writing and each original, or a copy in the absence of the original, including but not limited to e-mails, electronically kept records, web pages, books, accounting records, agreements, communications, correspondence, telegrams, telexes, telefaxes, facsimiles, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, letters, forecasts, statistical statements, engineering reports and records, notebooks, charts, graphs, plans, sketches, drawings, video tapes, films, slides, information bearing photographic products of any nature whatsoever, photo-records, microfilms, minutes or records of meetings or conferences, board meeting minutes, lists of persons attending meetings or conferences, reports or summaries of investigations, opinions or reports of consultants, records, sales literature, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, computer printouts, and other data compilations from which information can be obtained.

6. Each of the terms "any," "all," and "each" shall be construed as "any, all, and/or each."

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. The use of the singular form of any word includes the plural and vice versa.

## DEPOSITION TOPICS

1. The public accessibility of any version or release of 40G/100G Adaptive Optical Engine in the United States, including without limitation, public use, offers for sale, and/or sales in the United States, and/or to or for U.S. customers, before December 14, 2009.

2. The names, identities, and locations of the persons most knowledgeable about the function, structure, operation, and architecture of any version or release of 40G/100G Adaptive Optical Engine that was released, offered for sale, sold, distributed, licensed and/or publicly used in the United States, and/or to or for U.S. customers, before December 14, 2009, including (i) the optical transceiver module; (ii) the electrical system interface; (iii) transmit-side processing of the optical transceiver module including encoding, modulation, digital to analog conversion of the signals; and (iv) the optical transmitter for emitting the optical signals.

3. Sales, offers to sell, and/or public uses of any version or release of 40G/100G Adaptive Optical Engine in the United States, and/or to or for U.S. customers, prior to December 14, 2009.

4. The public accessibility of any version or release of 40G/100G Adaptive Optical Engine in the United States, including without limitation, public use, offers for sale, and/or sales in the United States, and/or to or for U.S. customers, before June 13, 2007.

5. The names, identities, and locations of the persons most knowledgeable about the function, structure, operation, and architecture of any version or release of 40G/100G Adaptive Optical Engine that was released, offered for sale, sold, distributed, licensed and/or publicly used in the United States, and/or to or for U.S. customers, before June 13, 2007, including (i) the optical transceiver module; (ii) the electrical system interface; (iii) transmit-side processing of the optical transceiver module including encoding, modulation, digital to analog conversion of the signals; and (iv) the optical transmitter for emitting the optical signals.

6. Sales, offers to sell, and/or public uses of any version or release of 40G/100G Adaptive Optical Engine in the United States, and/or to or for U.S. customers, prior to June 13, 2007.

7. Authenticity of documents and things previously produced by Ciena.