IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Defendant. | C. A. No. 21-1365 (GBW) <br><br> **REDACTED – PUBLIC VERSION** <br> **Original Filing Date: December 10, 2024** <br> **Redacted Filing Date: December 17, 2024** |
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Defendant. | C. A. No. 22-674 (GBW) <br> (CONSOLIDATED) <br><br> **REDACTED – PUBLIC VERSION** <br> **Original Filing Date: December 10, 2024** <br> **Redacted Filing Date: December 17, 2024** |

**PLAINTIFFS' OPENING LETTER BRIEF TO THE HONORABLE GREGORY B. WILLIAMS IN SUPPORT OF THEIR MOTION TO STRIKE**

OF COUNSEL:

L. Norwood Jameson
Matthew C. Gaudet
Sajid Saleem
Daniel Mitchell
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309-3929
(404) 253-6900

Joseph A. Powers
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000

December 10, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com

Holly E. Engelmann, P.C.
DUANE MORRIS LLP
Terrace 7
2801 Via Fortuna, Suite 200
Austin, TX 78746-7567
(214) 257-7226

*Attorneys for Plaintiffs Cisco Systems, Inc. and Acacia Communications, Inc.*

Dear Judge Williams:

Cisco seeks an order striking the 15 newly-identified products in Ramot's November 26, 2024 Final Infringement Contentions, served less than three weeks before the close of fact discovery. Ramot justifies the timing for its addition of these 15 products based on the "Final Infringement Contentions" deadline, which was 14 days after the *Markman* Order. D.I. 59, ¶ 3(e) (all docket citations are to C.A. No. 21-1365). But that procedure is to conform the contentions to unforeseen constructions; it is not an opportunity to add new products to the case. Ramot's attempt to expand the case at this juncture violates the terms of Parties' repeated Stipulations that no new discovery could be served after the original 2023 fact discovery deadline. Nor does Ramot allege good cause from any products just being made public (instead, almost all 15 products have been publicly listed on Cisco's website for well over a year), nor cite something new it learned in a deposition (Ramot has not yet taken a single fact deposition in these cases, despite Cisco twice offering rounds of dates). Moreover, the trial date would have to be postponed in order to fairly conduct fact discovery on these new products. Cisco stated it would likely consent, but Ramot refused to move the Court for a new trial date. The 15 new products should be struck under the stipulated agreement, Rule 37, and *Pennypack*. Ramot has not been diligent, and its attempt to add products with less than 3 weeks of fact discovery remaining is highly prejudicial to Cisco.

**The Parties Agreed to No New Discovery Requests.** In January 2023, when the Court granted-in-part Cisco's motion to stay in view of the IPRs, the Court adopted Ramot's position that fact discovery should proceed immediately: "the Court agrees with Ramot that permitting fact discovery to move forward would help reduce prejudice from 'evidence going stale'." D.I. 64 at 4-5. The Court thus directed the parties to complete fact discovery by the original September 29, 2023 deadline before a stay of the remaining proceedings. *Id.* When Cisco sought to complete discovery in September 2023 and proposed five witnesses for deposition, Ramot proposed "spread[ing] this discovery over a longer period of time" because its "team is in trial this month, there are other conflicts, and Cisco's productions and interrogatory responses are deficient." Ex. 1 (9/11-12/23 email). Cisco agreed to the extension on the condition that there would be "no new serving of discovery." Ex. 2 (9/1/23 email). The parties then filed a Stipulation staying discovery until after the Final Written Decisions (FWDs) issued, stating that "No new interrogatories, requests for production, requests for admission, or third-party discovery will be served." D.I. 87 at 2. After the FWDs issued, the parties filed a proposed schedule in which fact discovery closed on March 29, 2024 (other than for invalidity contentions and unforeseen issues from the *Markman* Order). D.I. 88 at 3-4. Following a multi-month period of silence from Ramot, Cisco offered dates in March 2024 for three witnesses, with 30(b)(6) designations, and requested dates for inventor depositions. Ramot responded that "in view of the fact that we, and doubtless you all, have other cases taking up schedule space, I think we need *at least* the month of April." Ex. 3 (3/11/24 email). Cisco again agreed to extend the schedule. The resulting schedule amendment set the primary close of fact discovery at June 21, 2024, and October 16, 2024 for discovery necessitated by the *Markman* Order. D.I. 103 at 3-4. The Court's Order noted that "[t]he parties previously agreed that no new discovery requests would be served" and that "[t]he parties' agreement(s) to extend the fact discovery deadline to for completion of outstanding fact discovery does not affect that agreement. To be clear, the parties have agreed that no new discovery requests may be served unless necessitated by the issuance by the Court of an unforeseen claim construction." *Id.* at 4 n.1. Then, at the *Markman* hearing, the parties raised another extension with the Court, which the Court approved (D.I. 132).

1

Following the November 12 *Markman* Order, Ramot served its Final Contentions on November 26. Rather than identifying any unforeseen claim construction, Ramot added 15 previously unidentified products: AC100; QSFP-DD 400G Ultra Long-Haul; OSFP 800G ZR/ZR+; QSFP-DD 800G ZR/ZR+; QDD-400G-SR8-S; QDD-400G-SR4.2-BD; QSFP-200G-SR4-S; QSFP-200G-SL4-S; QSFP-200G-FR4-S; QDD-8X100G-FR; QDD-2X400G-FR4; 86-MPA-4FH-M; 86-MPA-14H2FH-M; NC57-MPA-1FH1D-S; and NCS1K14-2.4T-K9 (Ex. 4); *see BioDelivery Sci. Int'l, Inc. v. Chemo Rsch, S.L.*, No. 19-444, D.I. 183 at 3-4 (D. Del. Feb. 20, 2020) (Ex. 5). After Ramot raised extending fact discovery again, based on its understanding of the Court's scheduling preferences and in view of the adjustment already made following the *Markman* hearing, Cisco responded that "We understand Ramot's position that your firm's caseload will make it difficult to complete discovery by the deadline, but the deadline has been set for a long time, after being re-set multiple times . . . If Ramot would like to file a motion to extend the case schedule and postpone the trial date, we would likely not oppose such a motion . . ." Ex. 6 (11/26/24 email). Ramot did not make such a request and fact discovery closes on December 13.

**The 15 New Products Should Be Struck.** As a threshold matter – and before addressing the case law on diligence that ordinarily controls these types of issues – Ramot is violating the terms of the fact discovery extensions in these cases. The restrictions on any new discovery were a bargained-for aspect of the extensions, beginning with Ramot's first requested extension of the deadline in 2023, and were repeatedly memorialized in Court filings. Ramot cannot evade these restrictions by amending its contentions to enlarge the definition of Accused Products, resulting in new discovery obligations that are forbidden by the parties' agreement. Likewise, the same Orders (*e.g.*, D.I. 103) preclude Cisco from serving necessary new third-party discovery to defend itself.

As an additional basis for this relief, Courts in this District routinely forbid amending contentions to add new products at the end of fact discovery. *Cognipower LLC v. Fantasia Trading, LLC*, 2024 WL 4651276, at *2-3 (D. Del. Oct. 23, 2024) (denying motion to amend six weeks before discovery closed because "[t]he prejudice [defendants] would suffer from the addition of almost 40 new accused products also weighs against allowing Plaintiff to supplement its infringement contentions at this late stage" and "Plaintiff also fails to tie the new allegations . . . to documents and evidence it received only recently in discovery."); *Brit. Telecommc'ns PLC v. IAC/InterActiveCorp*, 2020 WL 3047989, at *2 (D. Del. June 8, 2020) ("Unlike the liberal policy for amending pleadings, the philosophy behind amending infringement ... contentions is decidedly conservative…"); *Enzo Life Scis., Inc. v. Roche Molecular Sys. Inc.*, No. 12-106, D.I. 190 (D. Del. Jan. 8, 2015) (striking newly accused products from supplemental contentions where new products were added two weeks before fact discovery closed and one week before key depositions when they could have been asserted earlier) (Ex. 7); *Nokia Corp. v. HTC Corp.*, No. 12-550, Tr. at 12:16-13:18 (D. Del. Dec. 7, 2013) (striking additional products three months before fact discovery closed because "there is a demonstrated lack of diligence as well as resulting unfair prejudice to the defendant") (Ex. 8); *Walker Dig. v. Google Inc.,* 2013 WL 2949109, at *2 (D. Del. Jan. 14, 2013) (striking new products from expert report where defendant "was not given the opportunity to participate in the discovery process related thereto.").

Here, there is no basis to permit Ramot to add 15 new products. After repeated extensions, Ramot failed to act with diligence and made no attempt to add these products until the last minute. All but three of these products have been on Cisco's website for over a year. For the three exceptions, Ramot had notice of two of them (OSFP 800G ZR/ZR+ and QSFP-DD 800G ZR/ZR+)

2

seven months ago from an April 2024 blog post announcing the products. Ex. 9. The third product is the QSFP-DD 400G Ultra Long-Haul, which was placed on Cisco's website no later than September 2024. ███████ Delays of just a few months are routinely deemed to show a lack of diligence, as explained in *BioDelivery Sci. Int'l, Inc.*, D.I. 183 at 4 (collecting cases) (Ex. 5).[1]

Even with "reasonably similar" products, the failure to timely add them is still fatal. *Cognipower*, 2024 WL 4651276 at *2. Here, Cisco would need additional discovery confirming technical differences with the products already accused. For example, the digital signal processors (DSPs) – which are important elements of Ramot's infringement theories – have different designs, requirements, and functional specifications. ███████ Cisco does not know which *other* third-party makes the DSPs in those products, requiring third-party discovery (1) to OEMs to identify the DSP vendor(s), and then (2) to the DSP vendors (who are frequently overseas). There is no time or opportunity for Cisco to conduct that discovery, much less formulate a position on the legal significance (if any) of these differences.

**The *Pennypack* factors support striking the new products.** First, the prejudice to Cisco is substantial. Even if all relevant discovery for these 15 products was with Cisco (which it is not), Cisco could not gather documents and present witnesses on these products between November 26 (the week of Thanksgiving) and December 13. ███████

As to the second and third factors, the prejudice cannot be cured absent a postponement of the trial date. As to the fourth factor, the repeated requests for extensions followed by Ramot's failures to act diligently do not suggest a good faith effort to timely identify accused products in its infringement contentions. As to the fifth factor, these new products cannot be that important to Ramot's case, given its delay. Moreover, Ramot can proceed on the products it timely identified.

---

[1] The parties' correspondence at the time of the first extension is telling. Ramot's September 2023 letter asked for technical information on a list of 13 products not identified in its infringement contentions: CIM8-C-K9, CIM8-L-K0/CIM-8, DP01QSDD-ZF1/QDD-100G-ZR-2, DP04QSDD-HE0, DP04QSDD-HK9, DP01QSDD-LK9/QSFP-DD-400G (Bright), DP04CFP2-D15/400G CFP2 DCO BiDi, DP04SFP8, SFP-50G-SL, SFP-50G-SR-S, SFP-50-G-LR-S, QDD-8X100G-FR, and QDD-2X400G-FR4. Ex. 10 at 2 (9/13/23 letter). Ramot presumably got this list from precisely the place where the identity of all such products are publicly available: Cisco's website. Cisco responded that while it had no obligation to do so, it would supplement for any products in that list that actually had optical modulators with DSPs and that were released by the time of expert reports (in other words, if an identified product were not even released, then Cisco would not agree to provide discovery). Ex. 11 at 3 (10/6/23 letter). The only overlap between that list of 13 products and the 15 new products in the infringement contentions is the QDD-8X100G-FR and QDD-2X400G-FR4 – but Ramot still did not amend as to those products until November 26. ███████

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

JY:lo  
Enclosures  
cc: Clerk of the Court (via hand delivery)  
      All Counsel of Record (via e-mail)

4