IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., <br><br> Defendants. | C.A. No. 22-674-GBW (consolidated) |

## MEMORANDUM ORDER

Pending before the Court is the unopposed motion of Defendants Cisco Systems, Inc. and Acacia Communications, Inc. (together, "Defendants") to redact portions of the Court's November 18, 2025 Memorandum Opinion (D.I. 305), (D.I. 317) ("Defendants' Motion"). For the reasons set forth below, Defendants' Motion is DENIED.

## I.   BACKGROUND

On September 28, 2021, Defendants filed an action against Plaintiff Ramot at Tel Aviv University, Ltd. ("Plaintiff") seeking "declaratory relief under 28 U.S.C. §§ 2201 and 2202 with respect to U.S. Patent No. 11,133,872" ("the '872 Patent").[1] (C.A. 21-1365, D.I. 1 at 1). On February 7, 2022, Plaintiff filed its Answer and Counterclaims, asserting that Defendants "directly and indirectly infringe" the '872 Patent. (C.A. 21-1365, D.I. 8 ¶ 79).

---

[1] Although Cisco Systems, Inc. and Acacia Communications, Inc. were originally the Plaintiffs, having brought this action, Civil Action Nos. 21-1365 and 22-674 have since undergone a case consolidation and realignment, where Cisco Systems, Inc. and Acacia Communications, Inc. were realigned as the Defendants, and Ramot at Tel Aviv University was realigned as the Plaintiff. (D.I. 273).

1

On May 24, 2022, Plaintiff's United States Patent No. 11,342,998 ("the '998 Patent") issued and Defendants "brought another declaratory judgment action against [Plaintiff] in this Court and alleged that [Defendants] did not infringe the newly-issued '998 [P]atent . . . ." (D.I. 45 at 3 (citing D.I. 1)). Plaintiff then filed an Answer and Counterclaim for Patent Infringement on July 29, 2022, alleging that Defendants "directly and indirectly infringe" the '998 Patent. (D.I. 10 ¶ 98). The two actions were consolidated on February 1, 2023. (D.I. 50).

On May 15, 2025, Defendants filed their Motion for Summary Judgment of No Infringement (D.I. 220) ("Defendants' Summary Judgment Motion"). In a November 18, 2025 Memorandum Opinion (D.I. 305), the Court granted Defendants' Summary Judgment Motion. Defendants have moved to redact portions of the Court's November 18, 2025 Memorandum Opinion. (D.I. 317).

## II. LEGAL STANDARD

There are three distinct standards governing confidentiality of court documents in this Circuit. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019). First, there is the standard governing the continued confidentiality of documents pursuant to a protective order. *Id.* Second, there is a more rigorous common law right of access that applies "when discovery materials are filed as court documents." *Id.* Third, there is "the First Amendment right of public access, [which] attaches to, *inter alia*, civil trials." *Id.* (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984)). The Court will discuss each standard in turn.

### A. Protective Order Standard

"Federal Rule of Civil Procedure 26(c) permits the District Court to enter a protective order to shield a party 'from annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Avandia*, 924 F.3d at 670-71 (quoting Fed. R. Civ. P. 26(c)(1)). "A protective order may apply to all litigation materials – not just those filed in court – because '[c]ourts have inherent power to

2

grant orders of confidentiality over materials not in the court file.'" *Id.* at 671 (alteration in original) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785 (3d Cir. 1994)). "The party seeking a protective order 'over discovery material must demonstrate that "good cause" exists for the order.'" *Id.* (quoting *Pansy*, 23 F.3d at 786).

The Third Circuit has listed seven factors, "which are neither mandatory nor exhaustive," for district courts to consider when determining whether good cause exists to issue a protective order:

> 1. whether disclosure will violate any privacy interests;
> 2. whether the information is being sought for a legitimate purpose or for an improper purpose;
> 3. whether disclosure of the information will cause a party embarrassment;
> 4. whether confidentiality is being sought over information important to public health and safety;
> 5. whether the sharing of information among litigants will promote fairness and efficiency;
> 6. whether a party benefitting from the order of confidentiality is a public entity or official; and
> 7. whether the case involves issues important to the public.

*In re Avandia*, 924 F.3d at 671 (citing *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). In any event, good cause requires a court to find that "disclosure will work a clearly defined and serious injury to the party seeking closure" and that said "injury must be shown with specificity." *Id.* (quoting *Pansy*, 23 F.3d at 786).

**B.    Common Law Right of Access**

"[T]he common law presumes that the public has a right of access to judicial materials . . . ." *In re Avandia*, 924 F.3d at 672. The "common law right of access attaches 'to judicial

3

proceedings and records,'" which are documents that have been "filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* (omission in original) (quoting *Goldstein v. Forbes ("In re Cendant Corp.")*, 260 F.3d 183, 192-93 (3d Cir. 2001)). Summary judgment materials are judicial records. *Id.* (citing *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660-62 (3d Cir. 1991)).

There is a strong presumption of access under the common law to such judicial proceedings and records. *In re Avandia*, 924 F.3d at 672. "To overcome that strong presumption, the District Court must articulate 'the compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and 'provide[ ] an opportunity for interested third parties to be heard.'" *Id.* at 672-73 (quoting *In re Cendant Corp.*, 260 F.3d at 194) (alteration in original). "[T]he interest in ensuring that judicial records remain open to the public applies with special force to judicial opinions." *Lipocine Inc. v. Clarus Therapeutics, Inc.*, C.A. No. 19-622 (WCB), 2020 WL 4569473, at *3 (D. Del. Aug. 7, 2020) (Bryson, J., sitting by designation).

### C. First Amendment Right of Access

The First Amendment provides a "right of access to civil trials." *In re Avandia*, 924 F.3d at 673 (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984)). "Although the constitutional right of access is 'not absolute, . . . as a First Amendment right it is to be accorded the due process protection that other fundamental rights enjoy.'" *Id.* (citing *Publicker Indus.*, 733 F.2d at 1070) (omission in original).

To determine whether the First Amendment right of access applies, the Third Circuit has articulated a two-prong test: "(1) the experience prong asks 'whether the place and process have historically been open to the press;' and (2) the logic prong evaluates 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Avandia*,

4

924 F.3d at 673 (quoting *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 429 (3d Cir. 2016)).

"The First Amendment right of access requires a much higher showing than the common law right [of] access before a judicial proceeding can be sealed." *In re Avandia*, 924 F.3d at 673 (alteration in original) (quoting *In re Cendant Corp.*, 260 F.3d at 198 n.13). "The party seeking closure or sealing in the face of the First Amendment right of access 'bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue.'" *Id.* (quoting *Publicker Indus.*, 733 F.2d at 1071). Good cause in this context, just as in the protective order context, means "that disclosure will work a clearly defined and serious injury to the party seeking closure;" and that "[t]he injury must be shown with specificity." *Id.* (quoting *Publicker Indus.*, 733 F.2d at 1071).

### III.  DISCUSSION

Defendants seek to make redactions to the Court's November 18, 2025 Memorandum Opinion. (D.I. 317). As discussed below, the Court will analyze Defendants' proposed redactions under the common law right of access and First Amendment standards.[2]

---

[2]  The Court notes that, in their Motion, Defendants appear to amalgamate the three distinct standards. For example, Defendants implicitly assert that the Court's November 18, 2025 Memorandum Opinion is a judicial record, which would implicate the Common Law Right of Access standard. (*See* D.I. 317 at 1). However, Defendants also cite to all seven factors from the standard governing protective orders, (D.I. 317 at 2), some of which the Third Circuit has explicitly held as *irrelevant* under the common law right of access. *See In re Avandia*, 924 F.3d at 676-77 ("*Pansy* also considers 'whether the information is being sought for a legitimate purpose or for an improper purpose.' . . . But a person's motive for inspecting or copying judicial records is irrelevant under the common law right of access."). Additionally, Defendants cite to a portion of *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) that discusses the First Amendment Right of Access. (D.I. 317 at 2). Defendants do not make any attempt to distinguish the three standards that courts in this Circuit employ to determine whether to keep a document (or portions thereof) confidential or under seal. (*See generally* D.I. 317 (citing to cases and propositions applicable to different standards of confidentiality without differentiation)).

A. **Defendant's Proposed Redactions are Not Proper Under the Common Law Right of Access**

The Court's November 18, 2025 Memorandum Opinion is a judicial record protected by the common law right of access, creating a rebuttable presumption of access. *See Am. Bd. of Internal Med. v. Salas Rushford*, Civil No. 14-6428 (KSH) (CLW), 2025 WL 957698, at *4 (D.N.J. Mar. 31, 2025) (citing *Lipocine*, 2020 WL 4569473, at *3). Here, the Court holds that Defendants have not successfully rebutted that presumption.

Courts may redact judicial records when they contain "business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Here, Defendants have articulated that the redactions are limited to "confidential technical business information" that, if disclosed, would enable competitors to "gain knowledge of how Cisco's products are designed and operate at a level not publicly known." (D.I. 317 at 3). Having reviewed the proposed redactions, the Court finds that they are limited to the technical information concerning the inner workings of Defendants' products.

However, Defendants fail to successfully rebut the presumption of public access. First, Defendants do not appear to assert that the redacted information is a trade secret. (*See generally* D.I. 317 (not making any assertion of trade secrecy)). Although the Court's ability to redact judicial records is not limited to confidential commercial information that a party asserts is a trade secret, *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991) ("Although the district court did discuss such information in relation to trade secrets, it did not state that only trade secrets could be protected, and we see no error of law."), Defendants have not articulated a harm beyond competitors gaining knowledge of the inner-workings of Defendants' products, (*see* D.I. 317). The Court does note that the information Defendants seek to redact, according to Defendants, will cause *competitive* harm, not harm relating to Defendants' public

image or reputation. (D.I. 317 at 3); *see also Westinghouse*, 949 F.2d at 663 (potential embarrassment and injury to reputation insufficient to rebut the common law presumption of access). However, "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Avandia*, 924 F.3d at 673 (quoting *In re Cendant Corp.*, 260 F.3d at 194). A competitor gaining nonpublic knowledge, without more, is not a "clearly defined and serious injury" sufficient to overcome the presumption afforded by the common law right of access. *See In re Avandia*, 924 F.3d at 672 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

      **B.**    **Defendants Have Failed to Articulate Sufficiently-Specific Injuries to Justify Redactions Under the First Amendment Right of Access**

It is an open "question in this Circuit whether the First Amendment right of access applies to records of summary judgment proceedings." *In re Avandia*, 924 F.3d at 673; *see also id.* at 680 ("At this juncture, we discern no need to express an opinion as to whether the First Amendment right of public access extends to summary judgment documents."). However, several other circuits have held that the First Amendment right of access applies to summary judgment records. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) ("[W]e may not avoid the question of whether a First Amendment presumption of access also exists . . . . [W]e find, as we did with the common law, that our precedents point in the direction of the existence of such a right, and we now join the Fourth Circuit in stating so clearly."); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) ("We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case"); *see also In re Avandia*, 924 F.3d at 682 (Restrepo, J., concurring) ("For the reasons stated above, the Court should hold that the First Amendment right of public access extends to documents submitted in connection with motions for summary judgment."). This Court likewise finds

7

persuasive the reasoning of other such courts and joins them in holding that summary judgment records implicate the First Amendment right of access.

"The First Amendment right of access requires a much higher showing than the common law right [of] access before a judicial proceeding can be sealed." *In re Cendant Corp.*, 260 F.3d at 198 n.13. As explained above, Defendants have not articulated sufficiently specific harm that disclosure would cause to warrant the proposed redactions under the common law right of access. Given "[t]he First Amendment right of access requires a much higher showing than the common law right [of] access," Defendants have likewise failed to overcome the presumption of access that the First Amendment right of access affords the Court's November 18, 2025 Memorandum Opinion. *In re Cendant Corp.*, 260 F.3d at 198 n.13.

## IV. CONCLUSION

Although the Court holds that Defendants have, thus far, failed to properly rebut the presumption of access under both the common law and First Amendment rights of access as to the Court's November 18, 2025 Memorandum Opinion, the Court nonetheless believes there may be specific and articulable harm that would be caused by disclosure of the innerworkings of Defendants' products. Therefore, the Court will deny Defendants' Motion without prejudice. Defendants shall be permitted to submit a renewed motion by January 30, 2026. Any such submission should include specific examples of articulable harm that would result from disclosure of Defendants' confidential business information.

\* \* \*

**WHEREFORE**, at Wilmington this 22nd day of December 2025, IT IS **HEREBY ORDERED** that:

1. Defendants' Motion (D.I. 317) is **DENIED** without prejudice; and

8

2. The Court's November 18, 2025 Memorandum Opinion (D.I. 305) shall remain under seal. Defendants' may submit a renewed motion to redact the Court's November 18, 2025 Memorandum Opinion no later than January 30, 2026. In the absence of a timely, compliant request, the Court will unseal the entire Memorandum Opinion.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

9